IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

UNITED STATES OF AMERICA,           :
                                    :
        Plaintiff,                  :
                                    :
    v.                              :   Civil Action No.
                                    :
M.A. HANNA PLASTICS GROUP, INC.,    :
WILMINGTON ECONOMIC                 :
DEVELOPMENT CORPORATION,            :
AND SIDNEY AND CAROL MAFFETT,       :
                                    :
        Defendants.                 :

## COMPLAINT

The United States of America, by authority of the Attorney General of the United States and through the undersigned attorneys, acting at the request of the Administrator of the United States Environmental Protection Agency ("hereinafter "EPA"), files this complaint and alleges as follows:

## NATURE OF THE ACTION

1.  This is a civil action commenced pursuant to Section 107 of the Comprehensive Environmental Response, Compensation and Liability Act of 1980, as amended ("CERCLA"), 42 U.S.C. § 9607(a), for the recovery of response costs incurred by the United States in responding to releases and/or threatened releases of hazardous substances at the 12th Street Dump Site in Wilmington, Delaware (the "12th Street Dump Site" or the "Site") into the environment, for which M.A. Hanna Plastics Group, Inc.; the Wilmington Economic Development Corporation; and Sidney and Carol Maffett ("Defendants") are liable.

2.      The United States also seeks a declaration of the Defendants' liability for all response costs to be incurred in the future by the United States in connection with the 12th Street Site.

## JURISDICTION AND VENUE

3.      This Court has jurisdiction over the subject matter of this action and the parties hereto, pursuant to Section 113(b) of CERCLA, 42 U.S.C. § 9613(b), and 28 U.S.C. §§ 1331 and 1345.

4.      Venue is proper in this District pursuant to Section 113(b) of CERCLA, 42 U.S.C. § 9613(b), because the releases and/or threatened releases of hazardous substances that give rise to the United States' claims have occurred in this District.

## THE 12th STREET DUMP SITE

5.      The 12th Street Dump Site is located in Wilmington, Delaware, along the eastern bank of the Brandywine Creek, near the 12th Street ramp to Interstate 495. The Site includes, among other parcels, properties owned on the south side of 12th Street by Defendant Wilmington Economic Development Corporation and Defendants Sidney and Carol Maffett.

## THE DEFENDANTS

6.      Upon information and belief, M.A. Hanna Plastic Group, Inc. ("MA Hanna") is a corporation organized and existing under the laws of the State of Michigan. MA Hanna is a corporate successor to the Electric Hose and Rubber Company, which operated a manufacturing facility at the 12th Street Dump Site.

7.      Upon information and belief, the Wilmington Economic Development Corporation ("WEDCO") is a corporation organized and existing under the laws of the States of

Delaware, with its principal place of business in Wilmington, Delaware. Defendant WEDCO owns property included within the 12th Street Dump Site ("WEDCO Parcel").

8. Upon information and belief, Sidney and Carol Maffett are individuals residing in the State of Delaware. Defendants Sidney and Carol Maffett own property within the 12th Street Dump Site ("Maffett Parcel").

## GENERAL ALLEGATIONS

9. From approximately 1905 until approximately 1977, the Electric Hose & Rubber Company ("Electric Hose"), formerly the Chicago Electric Hose Company, operated a manufacturing facility on parcels of land it acquired along the banks of the Brandywine Creek at the location of what was to become the 12th Street Dump Site. Electric Hose manufactured, among other things, rubber hoses at this facility.

10. During all or a portion of the years it operated, Electric Hose disposed of waste hoses, drums, lead residues, and/or other debris from its manufacturing process on its parcels and neighboring parcels at the 12th Street Dump Site including the Maffett Parcel.

11. In or around February 1986, Electric Hose conveyed the parcels it owned at the 12th Street Dump Site to Defendant WEDCO.

12. On or about July 2, 1999, the Delaware Department of Natural Resources and Environmental Control ("DNREC") notified EPA of the presence of drums at the 12th Street Dump Site and requested that EPA conduct further investigation.

13. EPA collected samples from the Site in or around August 1999 and again in or around January 2000. Analysis of the samples revealed that Site soils were contaminated with

arsenic and lead, sediments in the Brandywine Creek were contaminated with lead, and ground water at the Site was contaminated with arsenic. Contamination was found on, among other properties, the WEDCO Parcel and the Maffett Parcel.

14. In or around March 2000, EPA initiated a cleanup at the Site under authority of Section 104 of CERCLA, 42 U.S.C. § 9604. The selected cleanup action included the removal and disposal of hazardous substances from sediment at the Site; removal and disposal of exposed and buried drums and other containers and their contents; removal and disposal of contaminated soil and debris to the extent necessary to install a soil cover over a portion of the contaminated soils; installation of a soil cover atop a portion of the contaminated soils; installation of a cover on the bank of the Brandywine Creek to prevent erosion of contaminated soil into the Creek; implementation of permanent erosion and sediment control measures; and activities intended to ensure the continued integrity of the covers and controls installed during the cleanup. Some or all of these actions were performed at the WEDCO Parcel and the Maffett Parcel.

15. During the cleanup, which focused on contaminated properties located south of 12th Street, EPA discovered that contamination was also present on parcels located north of 12th Street, although not at levels requiring immediate action. In or around January 2001, EPA commenced an Engineering Evaluation/Cost Analysis study to evaluate alternatives for potential future cleanup actions at the Site, including the parcels north of 12th Street. During the course of this investigation, additional samples were collected from surface soil, surface water, and sediments at the Site. This study was completed in or around June 2001.

16. In or around March 2002, DNREC contacted several parties, including the Defendants in this action, to discuss the performance of additional studies and/or cleanup actions

at the Site under the State's oversight. DNREC continues to work with some or all of such parties to secure performance of additional studies and/or cleanup actions.

17. EPA has incurred in excess of $3,663,532.06 in response costs for which it seeks reimbursement in connection with the 12th Street Dump Site.

## CLAIMS FOR RELIEF

18. The allegations contained in paragraphs 1- 17 are realleged and incorporated herein by reference.

19. Section 107(a) of CERCLA, 42 U.S.C. §9607(a) provides, in pertinent part:

> Notwithstanding any other provision or rule of law, and subject only to the defenses set forth in subsection (b) of this section-
>
> (1) The owner and operator of a . . . facility,
>
> (2) any person who at the time of disposal of any hazardous substance owned or operated any facility at which such hazardous substances were disposed of,
>
> (3) any person who by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, of hazardous substances owned or possessed by such person, by any other party or entity, at any facility . . . owned or operated by another party or entity and containing such hazardous substances, and
>
> (4) any person who accepts or accepted any hazardous substances for transport to disposal or treatment facilities, incineration vessels or sites selected by such person, from which there is a release, or a threatened release which causes the incurrence of response costs, of a hazardous substance, shall be liable for -

      (A) all costs of removal or remedial action incurred by the United States Government... not inconsistent with the national contingency plan . . .

      The amounts recoverable in an action under this section shall include interest on the amounts recoverable under subparagraphs (A) through (D).

20.  The 12th Street Dump Site is a "facility" within the meaning of Section 101(9) of CERCLA, 42 U.S.C. § 9601(9).

21.  "Hazardous substances," as defined at Section 101(14) of CERCLA, 42 U.S.C. § 9601(14), including lead and arsenic, were disposed of at the 12th Street Dump Site.

22.  There have been "releases," within the meaning of Section 101(22) of CERCLA, 42 U.S.C. § 9601(22), and/or substantial threats of release, of hazardous substances into the "environment," as defined at Section 101(8) of CERCLA, 42 U.S.C. § 9601(8), at or from the 12th Street Dump Site.

23.  EPA has taken "response" actions at the 12th Street Dump Site, within the meaning of Section 101(25) of CERCLA, 42 U.S.C. § 9601(25), and has incurred, and continues to incur, costs in connection with such response actions.

24.  The costs incurred by the United States in connection with the 12th Street Dump Site are not inconsistent with the National Oil and Hazardous Substances Pollution Contingency Plan, codified at 40 C.F.R. Part 300.

25.  The unreimbursed response costs incurred by EPA in connection with the 12th Street Dump Site to date are at least $3.6 million.

26.  EPA will continue to incur response costs in connection with the 12th Street Dump Site.

27.    CERCLA defines "person" to include, inter alia, "an individual, firm [or] corporation." 42 U.S.C. § 9601(21).

28.    Defendant MA Hanna, as a corporate successor to the Electric Hose Company, is within the class of persons described in Section 107(a)(2) of CERCLA, 42 U.S.C. § 9607(a)(2).

29.    Defendant Wilmington Economic Development Corporation is within the class of persons described in Section 107(a)(1) of CERCLA, 42 U.S.C. § 9607(a)(1).

30.    Defendants Sidney and Carol Maffett are within the class of persons described in Section 107(a)(1) of CERCLA, 42 U.S.C. § 9607(a)(1).

31.    The Defendants are liable to the United States for all response costs incurred, and to be incurred, by EPA in connection with the 12th Street Dump Site, including enforcement costs, and prejudgment interest on such costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, the United States of America, prays that this Court:

1.    Enter judgment in favor of the United States and against the Defendants for all response costs incurred by EPA in connection with the 12th Street Dump Site, and prejudgment interest on those costs;

2.    Enter a declaratory judgment stating that the Defendants will be liable for all future response costs incurred by the EPA in connection with the 12th Street Dump Site; and

3. Grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

KELLY A. JOHNSON
Acting Assistant Attorney General
Environment & Natural Resources Division

_____
W. BENJAMIN FISHEROW
Deputy Chief
Environmental Enforcement Section
Environment and Natural Resources Division


_____
NANCY FLICKINGER
Senior Attorney
Environmental Enforcement Section
Environment and Natural Resources Division
P.O. Box 7611
Washington, D.C. 20044-7611
(202) 514-5258


COLM F. CONNOLLY
United States Attorney

By:_____
Patricia C. Hannigan
Assistant United States Attorney
The Nemours Building
1007 Orange Street, Suite 700
P. O. Box 2046
Wilmington, DE 19899-2046
(302) 573-6277
Patricia.Hannigan@usdoj.gov

OF COUNSEL

ANDREW S. GOLDMAN
Sr. Assistant Regional Counsel
U.S. EPA Region III
1650 Arch Street
Philadelphia, PA 19103
(215) 814-2487

※JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
UNITED STATES OF AMERICA

### DEFENDANTS
M.A. HANNA PLASTIC GROUP, INC.,
WILMINGTON ECONOMIC DEVELOPMENT CORPORATION
and SIDNEY AND CAROL MAFFETT

(b) County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant  New Castle
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Patricia C. Hannigan, Assistant U.S. Attorney
The Nemours Building, Suite 700
1007 Orange Street, PO Box 2046
Wilmington, DE 19899-2046
(302) 573-6277

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☒ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☐ 3 Federal Question (U.S. Government Not a Party)
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 365 Personal Injury - Product Liability |  |  | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 330 Federal Employers' Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 480 Consumer Credit |
|  | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 690 Other |  | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/Exchange |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise |  | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☒ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / **Habeas Corpus:** |  | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land |  ☐ 530 General |  | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare / ☐ 535 Death Penalty |  |  |  |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other |  |  |  |
|  | ☐ 550 Civil Rights |  |  | ☐ 950 Constitutionality of State Statutes |
|  | ☐ 446 Amer. w/Disabilities - Other / ☐ 555 Prison Condition |  |  |  |
|  | ☐ 440 Other Civil Rights |  |  |  |

## V. ORIGIN (Place an "X" in One Box Only)
☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
42 u.s.c. 9607 (a)
Brief description of cause:
Recovery of response costs under CERCLA

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ 3.7 million
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____  DOCKET NUMBER _____

DATE 6/28/06
SIGNATURE OF ATTORNEY OF RECORD
Patricia C. Hannigan  /s/

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

JS 44 Reverse (Rev. 11/04)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.** (a) **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

**III.** **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.** **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.** **Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

**VI.** **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: <u>47 USC 553</u>
Brief Description: <u>Unauthorized reception of cable service</u>

**VII.** **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.** **Related Cases.** This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

AO FORM 85 RECEIPT (REV. 9/04)

United States District Court for the District of Delaware

Civil Action No. 06 - 409

# ACKNOWLEDGMENT
# OF RECEIPT FOR AO FORM 85

## *NOTICE OF AVAILABILITY OF A*
## *UNITED STATES MAGISTRATE JUDGE*
## *TO EXERCISE JURISDICTION*

I HEREBY ACKNOWLEDGE RECEIPT OF ___3___ COPIES OF AO FORM 85.

JUN 2 8 2006                    *Paul J. Freeman*
(Date forms issued)             (Signature of Party or their Representative)

                                PAUL J. FREEMAN
                                (Printed name of Party or their Representative)

Note: Completed receipt will be filed in the Civil Action