# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>M.A. HANNA PLASTICS GROUP, INC., WILMINGTON ECONOMIC DEVELOPMENT CORPORATION AND SIDNEY AND CAROL MAFFETT,<br><br>    Defendants. | CIVIL ACTION NO. 06-409 - GMS<br><br>**DEFENDANT M.A. HANNA PLASTICS GROUP, INC.'S ANSWER, AFFIRMATIVE DEFENSES, AND CROSS CLAIMS** |

  Defendant, M.A. Hanna Plastics Group, Inc. ("Defendant" or "M.A. Hanna"), for its Answer to the Complaint filed by the United States of America says as follows:

## NATURE OF THE ACTION

1.      To the extent the allegations of Paragraph 1 of the Complaint assert legal conclusions, no response is required thereto.  Defendant denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 1 of the Complaint.

2.      To the extent the allegations of Paragraph 2 of the Complaint assert legal conclusions, no response is required thereto.  Defendant denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 2 of the Complaint.

## JURISDICTION AND VENUE

3.      Defendant admits the allegations of Paragraph 3 of the Complaint.

4.      Defendant admits the allegations of Paragraph 4 of the Complaint.

## THE 12TH STREET DUMP SITE

5.      Defendant admits that the Site is located in Wilmington, Delaware, along the eastern bank of the Brandywine Creek, near the 12th Street ramp to Interstate 495, but is otherwise without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 5 of the Complaint.

## THE DEFENDANTS

6.      Defendant admits that M.A. Hanna Plastics Group, Inc. is a Michigan corporation, but denies the remaining allegations of Paragraph 6 of the Complaint.

7. Defendant makes no response to the allegations of Paragraph 7 of the Complaint as those allegations are not directed to Defendant. To the extent said allegations may be deemed to apply to Defendant, Defendant admits that Defendant WEDCO owns property included within the Site, but is otherwise without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 7 of the Complaint.

8. Defendant makes no response to the allegations of Paragraph 8 of the Complaint as those allegations are not directed to Defendant. To the extent said allegations may be deemed to apply to Defendant, Defendant admits that Defendants Sidney and Carol Maffett own property within the Site, but is otherwise without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 8 of the Complaint.

### GENERAL ALLEGATIONS

9. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 9 of the Complaint.

10. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 10 of the Complaint.

11. Defendant denies the allegations of Paragraph 11 of the Complaint.

12. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 12 of the Complaint.

13. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 13 of the Complaint.

14.   Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 14 of the Complaint.

15.   Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 15 of the Complaint.

16.   Defendant admits the allegations of Paragraph 16 of the Complaint.

17.   Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 17 of the Complaint.

## **CLAIMS FOR RELIEF**

18.   Defendant repeats and realleges its responses to the allegations of Paragraphs 1 through 17 of the Complaint as if here set forth at length.

19.   To the extent the allegations of Paragraph 19 of the Complaint assert legal conclusions, no response is required thereto.  Defendant denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 19 of the Complaint.

20.   To the extent the allegations of Paragraph 20 of the Complaint assert legal conclusions, no response is required thereto.  Defendant denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 20 of the Complaint.

21.   To the extent the allegations of Paragraph 21 of the Complaint assert legal conclusions, no response is required thereto.  Defendant denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 21 of the Complaint.

22. To the extent the allegations of Paragraph 22 of the Complaint assert legal conclusions, no response is required thereto. Defendant denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 22 of the Complaint.

23. To the extent the allegations of Paragraph 23 of the Complaint assert legal conclusions, no response is required thereto. Defendant denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 23 of the Complaint.

24. To the extent the allegations of Paragraph 24 of the Complaint assert legal conclusions, no response is required thereto. Defendant denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 24 of the Complaint.

25. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 25 of the Complaint.

26. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 26 of the Complaint.

27. To the extent the allegations of Paragraph 27 of the Complaint assert legal conclusions, no response is required thereto. Defendant denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 27 of the Complaint.

28. To the extent the allegations of Paragraph 28 of the Complaint assert legal conclusions, no response is required thereto. Defendant denies the remaining allegations of Paragraph 28 of the Complaint.

29. Defendant makes no response to the allegations of Paragraph 29 of the Complaint as those allegations are not directed to Defendant. To the extent said allegations may be deemed to apply to Defendant, Defendant denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 29 of the Complaint.

30. Defendant makes no response to the allegations of Paragraph 30 of the Complaint as those allegations are not directed to Defendant. To the extent said allegations may be deemed to apply to Defendant, Defendant denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 30 of the Complaint.

31. Defendant makes no response to the allegations of Paragraph 31 of the Complaint to the extent these allegations are not directed to Defendant. To the extent said allegations may be deemed to apply to Defendant, Defendant denies the remaining allegations of Paragraph 31 of the Complaint.

## PRAYER FOR RELIEF

**WHEREFORE,** Defendant M.A. Hanna Plastics Group, Inc. demands dismissal of the Complaint filed against it with prejudice, costs of suit, and such other and further relief as the Court deems just and proper.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's costs incurred in connection with the Site were not necessary, nor were they consistent with, the National Oil and Hazardous Substances Pollution Contingency Plan, codified at 40 C.F.R. Part 300.

### SECOND AFFIRMATIVE DEFENSE

Defendant M.A. Hanna is not within the class of persons described in Section 107(a)(2) of CERCLA, 42 U.S.C. §9607(a)(2), since it was not an owner or operator of the Site at the time of the alleged disposal of the hazardous substances described in the Complaint.

### THIRD AFFIRMATIVE DEFENSE

Defendant WEDCO assumed CERCLA liability for Lot 19 within the Site when it acquired ownership of Lot 19 in February 1986 for $10.

### FOURTH AFFIRMATIVE DEFENSE

The environmental harm which caused Plaintiff to incur CERCLA response costs is divisible, and Plaintiff's claimed response cost damages are capable of reasonable apportionment.

### FIFTH AFFIRMATIVE DEFENSE

Defendant reserves its right to supplement and amend its Affirmative Defenses based upon facts obtained through discovery.

**CROSS CLAIMS AGAINST CO-DEFENDANTS**

Defendant, M.A. Hanna Plastics Group, Inc. ("Defendant M.A. Hanna"), by way of Cross Claims against the Co-Defendants, Wilmington Economic Development Corporation, and Sidney and Carol Maffett ("Co-Defendants") under Fed. Rule Civ. P. 13(g), says:

1.  This Court has supplemental jurisdiction over the subject matter of these Cross Claims pursuant to 28 U.S.C. §1367(a).

2.  All Counts of these Cross Claims relate to the claims in the Complaint and are part of the same case or controversy.

**FIRST COUNT**

3.  Co-Defendants are within the class of persons described in Section 107(a)(1) of CERCLA, 42 U.S.C. §9607(a)(1).

4.  The 12th Street Site located in Wilmington, Delaware, along the eastern bank of the Brandywine Creek, near the 12th Street ramp to Interstate 495 ("Site") is a facility within the meaning of Section 101(9) of CERCLA, 42 U.S.C. §9601(9).

5.  Hazardous substances as defined at Section 101(4) of CERCLA, 42 U.S.C. §9601(14), were disposed of at the Site.

6.  There have been releases within the meaning of Section 101(22) of CERCLA, 42 U.S.C. §9601(22) and/or substantial threats of release, of hazardous substances into the environment as defined at Section 101(8) of CERCLA, 42 U.S.C. §9601(8), at or from the Site.

7.  Co-Defendants are liable or potentially liable under Section 107(a)(1) of CERCLA, 42 U.S.C. §9607(a)(1), for all response costs incurred, and to be incurred, by

EPA in connection with the Site, including enforcement costs, and prejudgment interest on such costs.

8.  Co-Defendants are liable to Defendant M.A. Hanna for contribution for EPA's incurred, and to be incurred, response costs at the Site, including enforcement costs, and prejudgment interest on those costs, under Section 113(f)(1) of CERCLA, 42 U.S.C. §9613(f)(1).

## SECOND COUNT

9.  Defendant M.A. Hanna repeats and realleges the allegations contained in Paragraphs 1 through 8 of this Cross Claim as if here set forth at length.

10. Defendant M.A. Hanna demands contractual and/or common law indemnification and/or contribution from Co-Defendants for any judgment which may be rendered against Defendant M.A. Hanna in favor of Plaintiff in this action.

## PRAYER FOR RELIEF

**WHEREFORE,** Defendant M.A. Hanna prays that this Court:

1.  On the First Count of the Cross Claims Against Co-Defendants, enter judgment in favor of Defendant M.A. Hanna that Co-Defendants are liable to Defendant M.A. Hanna for contribution for EPA's incurred, and to be incurred, response costs at the Site, including enforcement costs, and prejudgment interest on those costs, under Section 113(f)(1) of CERCLA, 42 U.S.C. §9613(f)(1); and

2.  On the Second Count of the Cross Claims Against Co-Defendants, enter judgment in favor of Defendant M.A. Hanna that Co-Defendants are liable to Defendant M.A. Hanna for contractual and/or common law indemnification and/or contribution for any

judgment which may be rendered against Defendant MA. Hanna in favor of Plaintiff in this action.

    3.        Such other and further relief as the Court deems just and proper.

        /s/ Kenneth E. Aaron, Esquire
        Kenneth E. Aaron, Esquire (4043)
        WEIR & PARTNERS LLP
        824 Market Street
        P.O. Box 708
        Suite 1001
        Wilmington, Delaware 19899
        Telephone: (215) 241-7727
        kaaron@weirpartners.com
        Local Counsel for Defendant, M.A. Hanna Plastics Group, Inc.

        /s/ John M. Scagnelli, Esquire
        John M. Scagnelli, Esquire
        Kathleen J. Devlin, Esquire
        SCARINCI & HOLLENBECK, LLC
        John M. Scagnelli, Esq.
        Kathleen J. Devlin, Esq.
        1100 Valley Brook Avenue, P.O. BOX 790
        Lyndhurst, New Jersey 07071-0790
        Telephone: (201) 896-4100
        Attorneys for Defendant, M.A. Hanna Plastics Group, Inc.

Dated: August 15, 2006