IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | C.A. No. 06-409 GMS |
| : | |
| M.A. HANNA PLASTICS GROUP, INC. : | |
| WILMINGTON ECONOMIC : | |
| DEVELOPMENT CORPORATION, : | |
| AND SIDNEY AND CAROL MAFFETT, : | |
| : | |
| Defendants. : | |

## ANSWER AND CROSSCLAIM

COMES NOW THE DEFENDANTS, Sidney and Carol Maffett (hereafter "Maffetts" or Answering Defendants"), by and through their counsel, Parkowski, Guerke & Swayze, P.A., and answers the above-captioned Complaint as follows:

### NATURE OF THE ACTION

1. Paragraph 1 states a legal conclusion to which not response is required. To the extent that a response is deemed necessary, the conclusion and allegation of liability is denied.

2. Paragraph 2 is a request for relief to which no response is required.

### JURISDICTION AND VENUE

3. Admitted.

4. Admitted.

### THE 12TH STREET DUMP SITE

5. Admitted that the Site is located in Wilmington, Delaware. Denied that the Answering Defendant's parcel is a portion of the Site remediation .

## THE DEFENDANTS

6. Answering Defendants lack sufficient information to admit or deny the allegation.

7. Answering Defendants lack sufficient information to admit or deny the allegation.

8. Admitted as to residency of Answering Defendants. The balance of the allegation is denied.

## GENERAL ALLEGATIONS

9. Answering Defendants lack sufficient information to admit or deny the allegation.

10. Answering Defendants lack sufficient information to admit or deny the allegation.

11. Answering Defendants lack sufficient information to admit or deny the allegation.

12. Answering Defendants lack sufficient information to admit or deny the allegation.

13. Answering Defendants lack sufficient information to admit or deny the allegation.

14. Admitted to the extent that EPA dumped approximately one foot of rubble on the Maffett parcel without a legally proper right of entry. Answering Defendants lack sufficient information to admit or deny the balance of the allegation.

15. Answering Defendants lack sufficient information to admit or deny the allegation.

16. Admitted.

17. Denied as to actual costs incurred. Admitted that EPA seeks judgment.

## CLAIMS FOR RELIEF

18. Answering Defendants restate the answers to paragraphs 1 through 17 as if set forth more fully herein.

19. Paragraph 19 is a partial quotation of a statute to which no answer is required.

20. Answering Defendants lack sufficient information to admit or deny the allegation.

21. Answering Defendants lack sufficient information to admit or deny the allegation.

22. Answering Defendants lack sufficient information to admit or deny the allegation.

23. Answering Defendants lack sufficient information to admit or deny the allegation.

24. Answering Defendants lack sufficient information to admit or deny the allegation.

25. Denied.

26. Denied as to the Maffett parcel.

27. Paragraph 27 is a partial quotation of a statute to which no answer is required.

28. Answering Defendants lack sufficient information to admit or deny the allegation.

29. Answering Defendants lack sufficient information to admit or deny the allegation.

30. Answering Defendants lack sufficient information to admit or deny the allegation.

31. Denied.

### FIRST AFFIRMATIVE DEFENSE

The parcel owned by Answering Defendants is not part of the designed site.

### SECOND AFFIRMATIVE DEFENSE

EPA performed no authorized work on the parcel owned by Answering Defendants.

### THIRD AFFIRMATIVE DEFENSE

Answering Defendants assert the affirmative defense of lack of personal jurisdiction.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff has failed to join all necessary parties.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff has failed to state a claim upon which relief may be granted.

### SIXTH AFFIRMATIVE DEFENSE

Answering Defendants asserts an affirmative defense under 42 U.S.C. §9607(b)(3).

SIXTH AFFIRMATIVE DEFENSE

Answering Defendants asserts an affirmative defense under 42 U.S.C. §9607(q)(1).

SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claimed response costs were not necessary or required under applicable law.

EIGHTH AFFIRMATIVE DEFENSE

Joint and several liability for the entire costs is not appropriate as the applicable response costs are divisible and capable of reasonable apportionment.

NINTH AFFIRMATIVE DEFENSE

Answering Defendants asserts an affirmative defense under 42 U.S.C. §9607(q)(1).

## CROSSCLAIM FOR CONTRIBUTION

1.      In the event that judgment is entered against Answering Defendants in favor of Plaintiff, the Answering Defendants, Sidney and Carol Maffett demand judgment against defendants M.A. Hanna Plastics Group, Inc. and Wilmington Economic Development Company for contribution and/or indemnification, and seek a *pro rata* determination of legal responsibility pursuant to 42 U.S.C. § 9613(f), contractual obligations, and principles of common law.

WHEREFORE, Answering Defendants respectfully request that the Court enter judgment as follows:

(a)     Dismissing the above-captioned action as to Answering Defendants;

(b)     Awarding judgment in favor of Answering Defendants against Plaintiff;

(c)     Alternatively, in the event that judgment is entered against Answering Defendants in favor of Plaintiff, then judgment for contribution in favor of Answering Defendants

                              PARKOWSKI, GUERKE & SWAYZE, P.A.

                BY:    /s/ *Michael W. Arrington (#3603)*
                        MICHAEL W. ARRINGTON, ESQUIRE (#3603)
                        800 King Street, Suite 203
                        Wilmington, DE  19801
                        (302) 654-3300
                        *Attorneys for Defendants Sidney and Carol Maffett*

DATED: August 17, 2006

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | :    C.A. No. 06-409 GMS |
| | : |
| M.A. HANNA PLASTICS GROUP, INC. | : |
| WILMINGTON ECONOMIC | : |
| DEVELOPMENT CORPORATION, | : |
| AND SIDNEY AND CAROL MAFFETT, | : |
| | : |
| Defendants. | : |

## CERTIFICATE OF SERVICE

I, MICHAEL W. ARRINGTON, HEREBY CERTIFY that on this 17th day of August, A.D., 2006, true and correct copies of the attached Answer and Crossclaim was served upon the opposing counsel by e-filing:

Patricia C. Hannigan, Asst. United States Attorney
U.S. Department of Justice
1007 N. Orange Street, Suite 700
PO Box 2046
Wilmington, DE 19899-2046

Robert W. Whetzel, Esquire
Richards, Layton & Finger, P.A.
PO Box 551
Wilmington, DE 19899

Kenneth E. Aaron, Esquire
Weir & Partners, LLP
1339 Chestnut Street, Suite 500
Philadelphia, PA 19107

John M. Scagnelli, Esquire
Kathleen J. Devlin, Esquire
Scarinci & Hollenbeck, LLC
PO Box 790
Lyndhurst, NJ 07071-0790

                            PARKOWSKI, GUERKE & SWAYZE, P.A.

BY:   /s/ *Michael W. Arrington (#3603)*
        MICHAEL W. ARRINGTON, ESQUIRE (#3603)
        800 King Street, Suite 203
        Wilmington, DE 19801
        (302) 654-3300
        *Attorneys for Defendants Sidney and Carol Maffett*

DATED: August 17, 2006