IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff<br><br>    v.<br><br>M.A. HANNA PLASTICS GROUP, INC.,<br>WILMINGTON ECONOMIC<br>DEVELOPMENT CORPORATION<br>AND SIDNEY AND CAROL MAFFETT<br><br>    Defendants | :<br>:<br>:<br>:<br>:<br>:   Civil Action No. 06-409-GMS<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

## ANSWER AND CROSS-CLAIMS OF DEFENDANT WILMINGTON ECONOMIC DEVELOPMENT CORPORATION

Wilmington Economic Development Corporation ("WEDCO") hereby answers the complaint of the United States of America ("United States" or "Plaintiff") and asserts cross-claims as follows:

## ANSWER

1. The allegations of Paragraph 1 of the Complaint contain a characterization of the nature of the action and the requested relief, to which no responsive pleading is required. To the extent a response is deemed necessary, WEDCO admits that the United States characterizes its action as a civil action under Section 107 of the Comprehensive Environmental Response, Compensation and Liability Act of 1980, purporting to seek recovery of response costs incurred in connection with the 12th Street Dump Site located in Wilmington, Delaware (the "12th Street Dump Site" or "the Site"). WEDCO is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations made in this paragraph and therefore denies the same.

1

2. The allegations of Paragraph 2 of the Complaint contain a characterization of the nature of the action and the requested relief, to which no responsive pleading is required. To the extent a response is deemed necessary, WEDCO admits that the United States seeks a declaration of the Defendants' liability for all response costs to be incurred in the future by the United States in connection with the Site. WEDCO is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations made in this paragraph and therefore denies the same.

3. WEDCO admits that this Court has subject matter jurisdiction over the action pursuant to Section 113(b) of CERCLA, 42 U.S.C. § 9613(b), and 28 U.S.C. §§ 1331 and 1345. WEDCO further admits that it is subject to the personal jurisdiction of this Court. WEDCO is without knowledge or information sufficient to form a belief as to the truth of any other allegations contained in Paragraph 3 of the Complaint and therefore denies the same.

4. WEDCO admits that venue is proper in the District of Delaware. WEDCO is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations made in this paragraph and therefore denies the same.

5. WEDCO admits that it owns certain property located in Wilmington, Delaware, along the eastern bank of the Brandywine Creek, near the 12th Street ramp to Interstate 495 on the south side of the 12th Street. WEDCO is without knowledge or information sufficient to form a belief as to the truth of any other allegations contained in Paragraph 5 of the Complaint and therefore denies the same.

6. The allegations of Paragraph 6 of the Complaint do not relate to WEDCO and therefore no response is required.

RLF1-3049395-1

7. WEDCO admits the allegations of the first sentence of Paragraph 7 of the Complaint. WEDCO further admits that it owns certain property located in Wilmington, Delaware, along the eastern bank of the Brandywine Creek, near the 12th Street ramp to Interstate 495 on the south side of the 12th Street. WEDCO is without knowledge or information sufficient to form a belief as to the truth of any other allegations contained in Paragraph 7 of the Complaint and therefore denies the same.

8. The allegations of Paragraph 8 of the Complaint do not relate to WEDCO and therefore no response is required.

9. WEDCO is without knowledge or information sufficient to form a belief as to the truth of the allegations made in Paragraph 9 of the Complaint and therefore denies the same.

10. WEDCO is without knowledge or information sufficient to form a belief as to the truth of the allegations made in Paragraph 10 of the Complaint and therefore denies the same.

11. WEDCO admits that, in or around February 1986, certain property located in Wilmington, Delaware, along the eastern bank of the Brandywine Creek, near the 12th Street ramp to Interstate 495 was conveyed to it. WEDCO is without knowledge or information sufficient to form a belief as to the truth of any other allegations contained in Paragraph 11 of the Complaint and therefore denies the same.

12. WEDCO is without knowledge or information sufficient to form a belief as to the truth of the allegations made in Paragraph 12 of the Complaint and therefore denies the same.

13. WEDCO is without knowledge or information sufficient to form a belief as to the truth of the allegations made in Paragraph 13 of the Complaint and therefore denies the same.

14. WEDCO is without knowledge or information sufficient to form a belief as to the truth of the allegations made in Paragraph 14 of the Complaint and therefore denies the same.

15. WEDCO is without knowledge or information sufficient to form a belief as to the truth of the allegations made in Paragraph 15 of the Complaint and therefore denies the same.

16. WEDCO admits that in or around March 2002, DNREC contacted it to discuss further investigation of the Site after EPA had demobilized from the Site and had no further plans to remediate the Site soils. WEDCO is without knowledge or information sufficient to form a belief as to the truth of any other allegations made in Paragraph 16 of the Complaint and therefore denies the same.

17. WEDCO is without knowledge or information sufficient to form a belief as to the truth of the allegations made in Paragraph 17 of the Complaint and therefore denies the same.

18. WEDCO incorporates its response to Paragraphs 1 through 17 of the Complaint as if fully set forth herein.

19. The statute cited in Paragraph 19 of the Complaint speaks for itself and the characterization of any portion of the statute as "pertinent" is a conclusion of law, to which no responsive pleading is needed.

20. The allegation of Paragraph 20 of the Complaint states a conclusion of law, to which no responsive pleading is required. To the extent a response is deemed necessary, WEDCO is without knowledge or information sufficient to form a belief as to the truth of the allegations made in Paragraph 20 of the Complaint and therefore denies the same.

21. The allegations of Paragraph 21 of the Complaint state conclusions of law, to which no responsive pleading is required. To the extent a response is deemed necessary, WEDCO is without knowledge or information sufficient to form a belief as to the truth of the allegations made in Paragraph 21 of the Complaint and therefore denies the same.

22. The allegations of Paragraph 22 of the Complaint state conclusions of law, to which no responsive pleading is required. To the extent a response is deemed necessary, WEDCO is without knowledge or information sufficient to form a belief as to the truth of the allegations made in Paragraph 22 of the Complaint and therefore denies the same.

23. The allegations of Paragraph 23 of the Complaint state conclusions of law, to which no responsive pleading is required. To the extent a response is deemed necessary, WEDCO is without knowledge or information sufficient to form a belief as to the truth of the allegations made in Paragraph 23 of the Complaint and therefore denies the same.

24. The allegations of Paragraph 20 of the Complaint state conclusions of law, to which no responsive pleading is necessary. WEDCO is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations made in this paragraph and therefore denies the same.

25. WEDCO is without knowledge or information sufficient to form a belief as to the truth of the allegations made in Paragraph 25 of the Complaint and therefore denies the same.

26. WEDCO is without knowledge or information sufficient to form a belief as to the truth of the allegations made in Paragraph 26 of the Complaint and therefore denies the same.

27. The allegations of Paragraph 27 of the Complaint state conclusions of law, to which no responsive pleading is required.

28. The allegations of Paragraph 28 of the Complaint state conclusions of law, to which no responsive pleading is required. To the extent a response is deemed necessary, WEDCO is without knowledge or information sufficient to form a belief as to the truth of the allegations made in Paragraph 28 of the Complaint and therefore denies the same.

RLF1-3049395-1

29. The allegations of Paragraph 29 of the Complaint state conclusions of law, to which no responsive pleading is required.

30. The allegations of Paragraph 30 of the Complaint state conclusions of law, to which no responsive pleading is required. To the extent a response is deemed necessary, WEDCO is without knowledge or information sufficient to form a belief as to the truth of the allegations made in Paragraph 30 of the Complaint and therefore denies the same.

31. The allegations of Paragraph 31 of the Complaint state conclusions of law, to which no responsive pleading is required. To the extent a response is deemed necessary, said allegations are denied.

## AFFIRMATIVE DEFENSES

WEDCO asserts the following affirmative defenses in response to the Complaint of the United States:

## FIRST AFFIRMATIVE DEFENSE

32. To the extent that there was a release or threatened release of a hazardous substance at the Site that caused the United States to incur costs of removal or remedial action, that release or threat of release and the resulting costs were caused solely by the act or omission of a third party or parties other than an employee or agent of WEDCO and not in connection with a contractual relationship with WEDCO; WEDCO exercised due care with respect to any hazardous substance consistent with its knowledge at the time; and WEDCO took precautions against foreseeable acts or omissions of any such third parties and the consequences that could foreseeably result from such acts or omissions. As such, WEDCO is not liable pursuant to 42 U.S.C. § 9607(b)(3).

## SECOND AFFIRMATIVE DEFENSE

33. The "response costs" incurred by Plaintiff were caused, in whole or in part, by its failure to institute cost effective remediation procedures.

## THIRD AFFIRMATIVE DEFENSE

34. The "response actions" selected by EPA at the Site were not in accordance with law, and/or inconsistent with the National Contingency Plan.

## FOURTH AFFIRMATIVE DEFENSE

35. To the extent Plaintiff claims to have incurred response costs at the Site, those costs were incurred unlawfully and inconsistent with the National Contingency Plan.

## FIFTH AFFIRMATIVE DEFENSE

36. Plaintiff's claims are barred insofar as they seek to recover costs, damages and/or expenses other than "response costs" as that term is defined in 42 U.S.C. § 9601.

## SIXTH AFFIRMATIVE DEFENSE

37. Other Named Defendants and/or third parties were the direct and proximate cause of any harm alleged in the Complaint.

## SEVENTH AFFIRMATIVE DEFENSE

38. WEDCO was not the proximate cause of any response costs, injuries, or damages relating to the alleged release or threatened release of hazardous substances; therefore, no liability exists on the part of WEDCO for any such costs, injury or damages.

## EIGHTH AFFIRMATIVE DEFENSE

39. Plaintiff's claims exceed the amounts permitted by 42 U.S.C. § 9607(c).

## NINTH AFFIRMATIVE DEFENSE

40. WEDCO denies that it is liable for any claim arising out of the Site, but in the event it is found liable, WEDCO is entitled to an offset against such liability on its part of the

greatest of: (1) any amounts of liability adjudicated against any person or entity heretofor or hereafter for any of the injuries, costs, damages and/or expenses alleged in the Complaint; or (2) any amounts stipulated or otherwise agreed to in any release or covenant not to sue by any person or entity heretofor or hereafter for any of the injuries, costs, damages and/or expenses alleged in the Complaint; or (3) the equitable share of the liability or any person or entity that heretofor has received, or hereafter receives any release from liability or covenant not to sue with respect to any of the injuries, costs, damages and/or expenses alleged in the Complaint.

## TENTH AFFIRMATIVE DEFENSE

41. WEDCO denies that it is liable, but in the event it is found liable, the alleged environmental harm at the Site was distinct and divisible and is capable of reasonable apportionment. Therefore, WEDCO's liability is not joint and several.

WHEREFORE, the Defendant WEDCO requests that this Court enter judgment in its favor and against the United States, that the United States take nothing on its Complaint, and this Court grant any other relief that may be just and appropriate.

## CROSS-CLAIMS

Without admitting any liability whatsoever, WEDCO alleges cross-claims against M.A. Hanna Plastics Group, Inc. and Sidney and Carol Maffett, as follows:

44. On information and belief, Electric Hose and Rubber Company operated a facility in Wilmington, Delaware, along the eastern bank of the Brandywine Creek, near the present day 12th Street ramp to Interstate 495 on the south side of the 12th Street, from approximately 1905 to 1977. During this time, Electric Hose and Rubber Company disposed of waste from its manufacturing process on the property surrounding, or nearby, its facility (the "Landfill").

45. On information and belief, Electric Hose and Rubber Company merged into Dayco Corporation ("Dayco"), a Michigan corporation, on or about November 29, 1982. As a result of its merger with Electric Hose and Rubber, Dayco assumed all of the obligations, debts and liabilities of Electric Hose and Rubber Company.

46. On information and belief, Dayco changed its name to Day International Corporation on or about February 23, 1987. Day International Corporation changed its name to Cadillac Plastic Group, Inc. on or about October 29, 1990. Cadillac Plastic Group, Inc. changed its name to M.A. Hanna Plastic Group, Inc. ("M.A. Hanna") on or about July 31, 2000.

47. M.A. Hanna is the successor in interest to Electric Hose and Rubber Company.

48. On information and belief, prior to August 31, 2000, M.A. Hanna was a wholly-owned subsidiary of M.A. Hanna Company. On or about August 31, 2000, M.A. Hanna Company consolidated with The Geon Company to form Polyone Corporation ("Polyone"). As a result of the consolidation, M.A. Hanna is a wholly-owned subsidiary of Polyone. Polyone is the one of the world's largest polymer-services company, operating manufacturing and distribution centers worldwide. Polyone's products include plastic compounds, colorants, thermoplastic elastomers, specialty vinyl resins, polyurethanes and engineered films, plus an array of specialty additives.

49. On information and belief, Sidney and Carol Maffett (the "Maffetts") own certain property in Wilmington, Delaware, along the eastern bank of the Brandywine Creek, near the present day 12th Street ramp to Interstate 495 on the south side of the 12th Street.

50. The cross-claims arise out of the transactions and/or occurrences related to the Site which are set forth in Plaintiff's Complaint. This Court has jurisdiction over the cross-

claims under 42 U.S.C. § 9613(b), 42 U.S.C. § 9613(h), 28 U.S.C. § 1331, 28 U.S.C. § 1332, and 28 U.S.C. § 1367(a).

51.     M.A. Hanna and the Maffetts are liable or potentially liable parties under CERCLA Section 107(a), 42 U.S.C. § 9607(a).

## COUNT I - CERCLA CONTRIBUTION

52.     WEDCO incorporates by reference Paragraphs 1 through 51 of its Answer and Cross-Claims inclusive as though the same were fully set forth herein.

53.     In the event WEDCO is adjudged to be responsible for environmental liabilities relating to the Site, M.A. Hanna and the Maffetts are jointly and severally liable for, and are required to pay an equitable share of, any and all response costs or other monetary liability or damages of any kind incurred and to be incurred by WEDCO pursuant to Section 113(f) of CERCLA, 42 U.S.C. § 9613(f).

## COUNT II - DECLARATORY RELIEF UNDER CERCLA

54.     WEDCO incorporates by reference Paragraphs 1 through 53 of its Answer and Cross-Claims inclusive as though the same were fully set forth herein.

55.     Pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, WEDCO is entitled to a declaratory judgment, binding in any subsequent action or actions, that M.A. Hanna and/or the Maffetts have a legal obligation to undertake any and all environmental assessments, environmental remediation, or other necessary responses at the Site and to reimburse WEDCO for any and all costs it has or will pay relating to same.

56.     If WEDCO is found to be a liable party under CERCLA, pursuant to CERCLA § 113(g)(2), 42 U.S.C. § 9613(g)(2), WEDCO is entitled to a declaratory judgment, binding in any subsequent action or actions, holding M.A. Hanna and/or the Maffetts liable for any further

response costs or damages incurred by WEDCO in connection with environmental conditions relating to the Site that exceed WEDCO's fair and equitable share.

COUNT III - BREACH OF CONTRACT

57. WEDCO incorporates by reference Paragraphs 1 through 56 of its Answer and Cross-Claims inclusive as though the same were fully set forth herein.

58. On or about December 1985, WEDCO and Dayco executed a certain Agreement of Sale (the "Contract") whereby, subject to the terms and conditions set forth in the Contract, Dayco would sell and convey to WEDCO certain property located in Wilmington, Delaware, along the eastern bank of the Brandywine Creek, near the 12th Street ramp to Interstate 495.

59. As used in the Contract, "Project" includes, inter alia, the tract of land, facilities appurtenances and improvements conveyed by Dayco to WEDCO.

60. The Landfill was included in the tract of land, facilities, appurtenances and improvements conveyed to WEDCO.

61. Pursuant to Section 6(h) of the Contract, Dayco represented and warranted that there was no litigation or proceeding pending or to its knowledge threatened against or relating to the Project, nor did it know of any basis for any such action other than routine action by a landlord against a tenant.

62. The Contract constitutes a valid and binding agreement between WEDCO and Dayco.

63. Consistent with the terms of the Contract, WEDCO fully performed.

64. Dayco breached the Contract by failing to notify, disclose or otherwise make known to WEDCO the disposal operations that occurred on the property conveyed to WEDCO

11

and/or the release of hazardous substances, pollutants or contaminants, or the substantial threat of such release, on such property, which provide the basis for a CERCLA action.

65. WEDCO has been and continues to be injured by Dayco's breach of the Contract in an amount to be determined at trial.

## COUNT IV - INDEMNIFICATION

66. WEDCO incorporates by reference Paragraphs 1 through 65 of its Answer and Cross-Claims inclusive as though the same were fully set forth herein.

67. In the event WEDCO is adjudged to be responsible for environmental liabilities relating to the Site, M.A. Hanna is liable to WEDCO by way of common law indemnity and/or contribution.

## COUNT V - FRAUD

68. WEDCO incorporates by reference Paragraphs 1 through 67 of its Answer and Cross-Claims inclusive as though the same were fully set forth herein.

69. Dayco, as the corporate successor to Electric Hose and Rubber Company, knew or had reason to know prior to executing the Contract that disposal operations had occurred on the property to be conveyed to WEDCO and/or hazardous substances, pollutants or contaminants had been released, or the substantial threat of such release existed, on such property, and that such conditions posed an unreasonable risk of harm to persons and/or the environment.

70. The disposal operations and/or the release of hazardous substances, pollutants or contaminants, or the substantial threat of such release, on the property posed a serious risk of injury to persons and/or the environment.

RLF1-3049395-1

71. The disposal operations and/or the release of hazardous substances, pollutants or contaminants, or the substantial threat of such release, has caused physical harm, including property damage to the property.

72. Dayco failed to disclose to WEDCO prior to its purchasing of the property that the property had been used for disposal operations or that hazardous substances, pollutants or contaminants had been released, or the substantial threat of such release existed, on the property. Dayco, and its corporate successors, have never disclosed this information to WEDCO.

73. Dayco failed to disclose this information to WEDCO with the intent of inducing WEDCO to purchase the property.

74. In reliance upon the information provided by Dayco, WEDCO purchased the property.

75. WEDCO has been damaged by Dayco's fraudulent acts in an amount to be determined at trial.

WHEREFORE, Defendant WEDCO respectfully requests that the Court enter judgment in its favor and grant the following relief:

A. Grant WEDCO's CERCLA contribution and indemnification cross-claims against M.A. Hanna and the Maffetts entitling WEDCO to a declaratory judgment, and for indemnity and/or contribution for any liability or damages whatsoever for which WEDCO may be found liable, including costs, expenses, interest, and for attorneys' fees and costs which it has or may incur resulting from the defense and assertions of its claims in this action.

B. Declare and decree that M.A. Hanna, as the corporate successor to Dayco, is liable for the breach of the Contract;

  C. Declare and decree that M.A. Hanna, as the corporate successor to Dayco, is liable for fraud upon WEDCO;

  D. Award WEDCO damages in an amount to be determined at trial, together with pre-judgment and post-judgment interest.

  E. Award WEDCO its costs and expenses, including reasonable attorneys' fees, in this action.

  F. Award WEDCO such other and further relief as the Court deems just and proper under the circumstances.

/s/ Robert W. Whetzel

Robert W. Whetzel (I.D. #2288)
Todd A. Coomes (I.D. #4694)
Richards, Layton & Finger
One Rodney Square
Post Office Box 551
Wilmington, Delaware 19899
Telephone: 302-651-7700
 Attorneys for the Wilmington
 Economic Development Corporation

## CERTIFICATE OF SERVICE

I hereby certify that on August 17, 2006, I electronically filed the foregoing with the Clerk of Court using CM/ECF which will send notification of such filing(s) to the following and which has also been served as noted:

**BY U.S. MAIL**

Patricia C. Hannigan, Esquire
U.S. Attorney's Office
The Nemours Building
1007 Orange Street, Suite 700
Wilmington, Delaware 19899-2046

Kenneth E. Aaron, Esquire
Weir & Partners LLP
824 Market Street, Suite 1001
Wilmington, Delaware 19899

Michael W. Arrington, Esquire
Parkowski, Guerke & Swayze, P.A.
800 King Street, Suite 203
Wilmington, DE 19801

I hereby certify that on August 17, 2006, the foregoing document was sent to the following non-registered participants in the manner indicated:

**BY U.S. MAIL**

John M. Scagnelli, Esquire
Kathleen J. Devlin, Esquire
Scarinci & Hollenbeck, LLC
1100 Valley Brook Avenue, P.O. Box 790
Lyndhurst, New Jersey 07071-0790

Todd A. Coomes (#4694)
coomes@rlf.com