**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　Plaintiff,<br><br>vs.<br><br>M.A. HANNA PLASTICS GROUP, INC., WILMINGTON ECONOMIC DEVELOPMENT CORPORATION AND SIDNEY AND CAROL MAFFETT,<br><br>　　　　　　　　Defendants. | CIVIL ACTION NO. 06-409(GMS)<br><br><br><br>**DEFENDANT M.A. HANNA PLASTICS GROUP, INC.'S ANSWER TO CROSS CLAIMS FILED BY WILMINGTON ECONOMIC DEVELOPMENT CORPORATION** |

　　　　Defendant-Cross Claimant, M.A. Hanna Plastics Group, Inc. ("Defendant" or "M.A. Hanna"), for its Answer to the Cross Claims filed by Wilmington Economic Development Corporation ("WEDCO" and "Cross Claims") says as follows:

　　　　44.　　Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 44 of the Cross Claims.

　　　　45.　　Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 45 of the Cross Claims.

　　　　46.　　Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 46 of the Cross Claims.

　　　　47.　　Defendant denies the allegations of Paragraph 47 of the Cross Claims.

　　　　48.　　Defendant admits that M.A. Hanna was a subsidiary of M.A. Hanna Company, consolidated with Geon Company on August 31, 2000, to form PolyOne

Corporation, and that PolyOne produces polymer and plastics products, but is otherwise without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 48 of the Cross Claims.

49. Defendant makes no response to the allegations of Paragraph 49 of the Cross Claims as those allegations are not directed to Defendant. To the extent said allegations may be deemed to apply to Defendant, Defendant admits that Defendants Sidney and Carol Maffett own property within the Site, but is otherwise without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 49 of the Cross Claims.

50. Defendant admits the allegations of Paragraph 50 of the Cross Claims.

51. Defendant denies the allegations of Paragraph 51 of the Cross Claims to the extent said allegations may be deemed to apply to Defendant.

## COUNT I – CERCLA CONTRIBUTION

52. Defendant repeats and realleges its responses to the allegations of Paragraphs 44 through 51 of the Cross Claims as if here set forth at length.

53. Defendant denies the allegations of Paragraph 53 of the Cross Claims to the extent said allegations may be deemed to apply to Defendant.

## COUNT II – DECLARATORY RELIEF UNDER CERCLA

54. Defendant repeats and realleges its responses to the allegations of Paragraphs 44 through 53 as if here set forth at length.

55. Defendant denies the allegations of Paragraph 55 of the Cross Claims to the extent said allegations may be deemed to apply to Defendant.

267949-1

56. Defendant denies the allegations of Paragraph 56 of the Cross Claims to the extent said allegations may be deemed to apply to Defendant.

## COUNT III – BREACH OF CONTRACT

57. Defendant repeats and realleges its responses to the allegations of Paragraphs 44 through 56 of the Cross Claims if here set forth at length.

58. Defendant makes no response to the allegations of Paragraph 58 of the Cross Claims as those allegations are not directed to Defendant. To the extent said allegations may be deemed to apply to Defendant, Defendant admits that WEDCO owns certain property included located in Wilmington, Delaware, along the eastern bank of the Brandywine Creek, near the 12th Street ramp to Interstate 495, but is otherwise without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 58 of the Cross Claims.

59. Defendant makes no response to the allegations of Paragraph 59 of the Cross Claims as those allegations are not directed to Defendant. To the extent said allegations may be deemed to apply to Defendant, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 59 of the Cross Claims.

60. Defendant makes no response to the allegations of Paragraph 60 of the Cross Claims as those allegations are not directed to Defendant. To the extent said allegations may be deemed to apply to Defendant, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 60 of the Cross Claims.

61.     Defendant makes no response to the allegations of Paragraph 61 of the Cross Claims as those allegations are not directed to Defendant.  To the extent said allegations may be deemed to apply to Defendant, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 61 of the Cross Claims.

62.     Defendant makes no response to the allegations of Paragraph 62 of the Cross Claims as those allegations are not directed to Defendant.  To the extent said allegations may be deemed to apply to Defendant, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 62 of the Cross Claim.

63.     Defendant makes no response to the allegations of Paragraph 63 of the Cross Claims as those allegations are not directed to Defendant.  To the extent said allegations may be deemed to apply to Defendant, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 63 of the Cross Claims.

64.     Defendant makes no response to the allegations of Paragraph 8 of the 64 Cross Claims as those allegations are not directed to Defendant.  To the extent said allegations may be deemed to apply to Defendant, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 64 of the Cross Claims.

65.     Defendant makes no response to the allegations of Paragraph 65 of the Cross Claims as those allegations are not directed to Defendant.  To the extent said allegations may be deemed to apply to Defendant, Defendant is without knowledge or

information sufficient to form a belief as to the truth of the allegations of Paragraph 65 of the Cross Claims.

## COUNT IV - INDEMNIFICATION

66. Defendant repeats and realleges its responses to the allegations of Paragraphs 44 through 65 of the Cross Claims as if here set forth at length.

67. Defendant denies the allegations of Paragraph 67 of the Cross Claims.

## COUNT V - FRAUD

68. Defendant repeats and realleges its responses to the allegations of Paragraphs 44 through 67 of the Cross Claims as if here set forth at length.

69. Defendant makes no response to the allegations of Paragraph 69 of the Cross Claims as those allegations are not directed to Defendant. To the extent said allegations may be deemed to apply to Defendant, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 69 of the Cross Claims.

70. To the extent the allegations of Paragraph 70 of the Cross Claims assert legal conclusions, no response is required thereto. Defendant makes no response to the allegations of Paragraph 70 of the Cross Claims as those allegations are not directed to Defendant. To the extent said allegations may be deemed to apply to Defendant, Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 70 of the Cross Claims.

71. To the extent the allegations of Paragraph 71 of the Cross Claims assert legal conclusions, no response is required thereto. Defendant makes no response to the allegations of Paragraph 71 of the Cross Claims as those allegations are not directed to

Defendant. To the extent said allegations may be deemed to apply to Defendant, Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 71 of the Cross Claims.

72. Defendant makes no response to the allegations of Paragraph 72 of the Cross Claims as those allegations are not directed to Defendant. To the extent said allegations may be deemed to apply to Defendant, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 72 of the Cross Claims.

73. Defendant makes no response to the allegations of Paragraph 73 of the Cross Claims as those allegations are not directed to Defendant. To the extent said allegations may be deemed to apply to Defendant, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 73 of the Cross Claims.

74. Defendant makes no response to the allegations of Paragraph 74 of the Cross Claims as those allegations are not directed to Defendant. To the extent said allegations may be deemed to apply to Defendant, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 74 of the Cross Claims.

75. Defendant makes no response to the allegations of Paragraph 75 of the Cross Claims as those allegations are not directed to Defendant. To the extent said allegations may be deemed to apply to Defendant, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 75 of the Cross Claims.

WHEREFORE, M.A. Hanna demands dismissal of the Cross Claims filed against it by Wilmington Economic Development Corporation with prejudice, costs of suit, and such other and further relief as the Court deems proper. Further, M.A. Hanna requests that the Court:

A. Deny WEDCO's CERCLA contribution and indemnification cross-claims against M.A. Hanna entitling WEDCO to a declaratory judgment, and for indemnity and/or contribution for any liability or damages whatsoever for which WEDCO may be found liable, including costs, expenses, interest, and for attorneys' fees and costs which it has or may incur resulting from the defense and assertions of its claims in this action;

B. Deny WEDCO's request for a declaration and decree that M.A. Hanna is liable for the breach of the Contract;

C. Deny WEDCO's request for a declaration and decree that M.A. Hanna, as the corporate successor to Dayco, is liable for fraud upon WEDCO;

D. Deny WEDCO's request for damages, together with pre-judgment and post-judgment interest;

E. Deny WEDCO's request for costs and expenses, including reasonable attorneys' fees, in this action; and

267949-1

F. Deny WEDCO's request for such other and further relief as the Court deems just and proper under the circumstances.

        WEIR & PARTNERS LLP

        /s/ Kenneth E. Aaron, Esquire
        Kenneth E. Aaron, Esquire (4043)
        824 Market Street
        P.O. Box 708
        Suite 1001
        Wilmington, Delaware 19899
        Telephone: (302) 652-8181
        kaaron@weirpartners.com
        Local Counsel for Defendant
        M.A. HANNA PLASTICS GROUP, INC.

        SCARINCI & HOLLENBECK, LLC

        /s/ John M. Scagnelli, Esquire
        John M. Scagnelli, Esquire
        Kathleen J. Devlin, Esquire
        1100 Valley Brook Avenue
        P.O. Box 790
        Lyndhurst, NJ 07071
        Telephone: (201) 896-4100
        jscagnelli@njlegalink.com
        Attorneys for Defendant
        M.A. HANNA PLASTICS GROUP, INC.

Dated: September 6, 2006