IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, :<br>:<br>Plaintiff :<br>:<br>v. :<br>:<br>M.A. HANNA PLASTICS GROUP, INC., :<br>WILMINGTON ECONOMIC :<br>DEVELOPMENT CORPORATION :<br>AND SIDNEY AND CAROL MAFFETT :<br>:<br>Defendants : | Civil Action No. 06-409-GMS |

## WILMINGTON ECONOMIC DEVELOPMENT CORPORATION'S ANSWER AND AFFIRMATIVE DEFENSES TO CROSS-CLAIMS OF M.A. HANNA PLASTICS GROUP, INC.

Wilmington Economic Development Corporation ("WEDCO") hereby answers the cross-claims of Defendant M.A. Hanna Plastics Group, Inc. ("M.A. Hanna") in the captioned matter as follows:

1. The allegations of Paragraph 1 of M.A. Hanna's cross-claims state a conclusion of law, to which no responsive pleading is required.

2. The allegations of Paragraph 2 of M.A. Hanna's cross-claims state a conclusion of law, to which no responsive pleading is required.

3. The allegations of Paragraph 3 of M.A. Hanna's cross-claims state a conclusion of law, to which no responsive pleading is required. To the extent a response is deemed necessary, said allegations are denied.

4. The allegations of Paragraph 4 of M.A. Hanna's cross-claims state a conclusion of law, to which no responsive pleading is required. To the extent a response is deemed necessary,

WEDCO is without knowledge or information sufficient to form a belief as to the truth of the allegations made in Paragraph 4 of M.A. Hanna's cross-claims and therefore denies the same.

5. The allegations of Paragraph 5 of M.A. Hanna's cross-claims state a conclusion of law, to which no responsive pleading is required. To the extent a response is deemed necessary, WEDCO is without knowledge or information sufficient to form a belief as to the truth of the allegations made in Paragraph 5 of M.A. Hanna's cross-claims and therefore denies the same.

6. The allegations of Paragraph 6 of M.A. Hanna's cross-claims state a conclusion of law, to which no responsive pleading is required. To the extent a response is deemed necessary, WEDCO is without knowledge or information sufficient to form a belief as to the truth of the allegations made in Paragraph 6 of M.A. Hanna's cross-claims and therefore denies the same.

7. The allegations of Paragraph 7 of M.A. Hanna's cross-claims state a conclusion of law, to which no responsive pleading is required. To the extent a response is deemed necessary, WEDCO is without knowledge or information sufficient to form a belief as to the truth of the allegations made in Paragraph 7 of the M.A. Hanna's cross-claims and therefore denies the same.

8. The allegations of Paragraph 8 of M.A. Hanna's cross-claims state a conclusion of law, to which no responsive pleading is required. To the extent a response is deemed necessary, WEDCO is without knowledge or information sufficient to form a belief as to the truth of the allegations made in Paragraph 8 of M.A. Hanna's cross-claims and therefore denies the same.

9. WEDCO incorporates by reference Paragraphs 1 through 8 of this Answer inclusive as though the same were fully set forth herein.

10. The allegations of Paragraph 10 of M.A. Hanna's cross-claims contain a characterization of the nature of the action and the requested relief, to which no responsive pleading is required. To the extent a response is deemed necessary, said allegations are denied.

## AFFIRMATIVE DEFENSES

WEDCO asserts the following affirmative defenses in response to M.A. Hanna's cross-claims:

### FIRST AFFIRMATIVE DEFENSE

11. M.A. Hanna's cross-claims fail to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

12. To the extent that there was a release or threatened release of a hazardous substance at the 12th Street Dump Site that caused the United States to incur costs of removal or remedial action, that release or threat of release and the resulting costs were caused solely by the act or omission of a third party or parties other than an employee or agent of WEDCO and not in connection with a contractual relationship with WEDCO; WEDCO exercised due care with respect to any hazardous substance consistent with its knowledge at the time; and WEDCO took precautions against foreseeable acts or omissions of any such third parties and the consequences that could foreseeably result from such acts or omissions. As such, WEDCO is not liable pursuant to 42 U.S.C. § 9607(b)(3).

### THIRD AFFIRMATIVE DEFENSE

13. M.A. Hanna's cross-claims are barred by its own acts or omissions, including but not limited to M.A. Hanna's violation of statutory, regulatory and/or common law duties.

### FOURTH AFFIRMATIVE DEFENSE

14. WEDCO was not the proximate cause of any response costs, injuries, or damages relating to the alleged release or threatened release of hazardous substances; therefore, no liability exists on the part of WEDCO for any such costs, injury or damages.

### FIFTH AFFIRMATIVE DEFENSE

15. M.A. Hanna's cross-claims are barred because of its own contributory and/or comparative negligence.

SIXTH AFFIRMATIVE DEFENSE

16. Any liability on the part of WEDCO is secondary or passive to the active, primary liability of M.A. Hanna; thereby requiring M.A. Hanna to indemnify WEDCO.

SEVENTH AFFIRMATIVE DEFENSE

17. WEDCO is not liable to M.A. Hanna on the basis set forth in its answer, affirmative defenses and cross-claims to Plaintiff's Complaint.

WHEREFORE, WEDCO respectfully requests that this Court enter judgment in its favor and against M.A. Hanna with respect to the cross-claims alleged against WEDCO by M.A. Hanna; deny the relief requested by M.A. Hanna in its cross-claims; dismiss the cross-claims with prejudice; award WEDCO its attorney's fees and costs; and grant WEDCO such other and further relief as this Court deems just and proper.

Robert W. Whetzel (I.D. #2288)
Todd A. Coomes (I.D. #4694)
Richards, Layton & Finger
One Rodney Square
Post Office Box 551
Wilmington, Delaware 19899
Telephone: 302-651-7700
  Attorneys for the Wilmington
  Economic Development Corporation

RLF1-3051160-1

## CERTIFICATE OF SERVICE

I hereby certify that on September 7, 2006, I electronically filed the foregoing with the Clerk of Court using CM/ECF which will send notification of such filing(s) to the following and which has also been served as noted:

**BY U.S. MAIL**

Patricia C. Hannigan, Esquire
U.S. Attorney's Office
The Nemours Building
1007 Orange Street, Suite 700
Wilmington, Delaware 19899-2046

Kenneth E. Aaron, Esquire
Weir & Partners LLP
824 Market Street, Suite 1001
Wilmington, Delaware 19899

Michael W. Arrington, Esquire
Parkowski, Guerke & Swayze, P.A.
800 King Street, Suite 203
Wilmington, DE 19801

I hereby certify that on September 7, 2006, the foregoing document was sent to the following non-registered participants in the manner indicated:

**BY U.S. MAIL**

John M. Scagnelli, Esquire
Kathleen J. Devlin, Esquire
Scarinci & Hollenbeck, LLC
1100 Valley Brook Avenue, P.O. Box 790
Lyndhurst, New Jersey 07071-0790

Todd A. Coomes (#4694)
coomes@rlf.com

RLF1-3051160-1