IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| Plaintiff, | : |
| v. | : Civil Action No. 06-409-GMS |
| M.A. HANNA PLASTICS GROUP, INC., WILMINGTON ECONOMIC DEVELOPMENT CORPORATION, AND SIDNEY AND CAROL MAFFETT, | : |
| Defendants. | : |

## JOINT STATUS REPORT

Pursuant to the Court's November 7, 2006 Order regarding a scheduling conference in this matter, the parties to this action jointly submit the following information:

1. **Jurisdiction and Service.** Does the court have subject matter jurisdiction? Are all parties subject to the court's jurisdiction? Do any parties remain to be served?

    This Court has subject matter jurisdiction over all claims. With certain exceptions not relevant here, section 113(b) of CERCLA, 42 U.S.C. § 9613(b), provides that United States District Courts shall have exclusive original jurisdiction over all controversies arising under CERCLA, without regard to citizenship of the parties or the amount in controversy. All parties are subject to the Court's jurisdiction and all parties have been served.

    Section 113(b) of CERCLA, 42 U.S.C. § 9613(b), provides that venue shall lie in any district in which the release or damages occurred, or in which the defendant resides, may be found, or has a principal office. The release and damages with regard to the 12th Street Dump Site at issue in the instant matter ("Site") occurred in Wilmington, Delaware within the geographical jurisdictional limits of the U.S. District Court for the District of Delaware. Venue thus properly lies in this district.

2. **Substance of the Action.** What are the factual and legal bases for plaintiff's claims and defendants' defenses?

**By the United States:**

The United States seeks reimbursement of response costs incurred at the 12th Street Dump Site in Wilmington, Delaware, pursuant to the Comprehensive Environmental Response, Compensation, and Liability Act of 1980, as amended (CERCLA), 42 U.S.C. § 9601 *et seq.*, The Site is the former location of a hose manufacturing company that operated between the early 1900s and the late 1970s. During this time, lead and other substances were released into soils at this location. Commencing in March 2000, EPA expended funds to investigate and stabilize contamination at the Site and to pursue reimbursement of its costs from responsible parties. The United States alleges that each defendant in this action is liable to the United States for these costs under Section 107(a) of CERCLA, 42 U.S.C. § 9607(a).

**Hanna's defenses include the following**: (1) Plaintiff's costs incurred in connection with the Site were not necessary, nor were they consistent with, the National Oil and Hazardous Substances Pollution Contingency Plan; (2) Hanna is not within the class of persons described in Section 107(a)(2) of CERCLA since it was not an owner or operator of the Site at the time of the alleged disposal of the hazardous substances described in the Complaint; (3) WEDCO assumed CERCLA liability for Lot 19 within the Site when it acquired ownership of Lot 19 in February 1986 for $10.00; (4) Co-defendants WEDCO and Maffetts are liable or potentially liable under Section 107(a)(1) of CERCLA, or under contractual and/or common law indemnification and/or contribution for all response costs incurred or to be incurred by EPA in connection with the Site, and (5) the environmental harm that caused Plaintiff to allegedly incur CERCLA response costs is divisible, and Plaintiff's claimed response costs damages are capable of reasonable apportionment.

**WEDCO**: WEDCO asserts the following affirmative defenses in response to the Complaint of the United States: (1) WEDCO is not liable pursuant to 42 U.S.C. § 9607(b)(3); (2) the "response costs" incurred by Plaintiff were caused, in whole or in part, by its failure to institute cost effective remediation procedures; (3) the "response actions" selected by EPA at the Site were not in accordance with law, and/or inconsistent with the National Contingency Plan; (4) to the extent Plaintiff claims to have incurred response costs at the Site, those costs were incurred unlawfully and inconsistent with the National Contingency Plan; (5) Plaintiff's claims are barred insofar as they seek to recover costs, damages and/or expenses other than "response costs" as that term is defined in 42 U.S.C. § 9601; (6) codefendants M.A. Hanna and/or the Maffetts, and/or third parties, were the direct and proximate cause of any harm alleged in the Complaint; (7) WEDCO was not the proximate cause of any response costs, injuries, or damages relating to the alleged release or threatened release of hazardous substances; therefore, no liability exists on the part of WEDCO for any such costs, injury or damages; (8)

Plaintiff's claims exceed the amounts permitted by 42 U.S.C. § 9607(c); (9) WEDCO is entitled to an offset against liability and (10) the alleged environmental harm at the Site was distinct and divisible and is capable of reasonable apportionment. WEDCO also asserts cross-claims for (1) CERCLA contribution from codefendants pursuant to Section 113(f) of CERCLA, 42 U.S.C. § 9613(f); (2) a declaratory judgment that Co-defendants have a legal obligation to undertake any necessary responses at the Site and to reimburse WEDCO for any and all costs it has or will pay relating to same; (3) breach of the Contract by M.A. Hanna, as the corporate successor to Dayco; (4) common law indemnity and/or contribution by M.A. Hanna; and (5) fraud by M.A. Hanna, as the corporate successor to Dayco.

**Maffetts' defenses include the following:** (1) the costs incurred were unnecessary, excessive, and not required under applicable law; (2) Maffetts were not the owners or operators at the time of alleged disposal of hazardous substances; (3) Maffetts are not liable under 42 U.S.C. §9607(b)(3); (4) Joint and several liability for the entire costs is not appropriate as the applicable response costs are divisible and capable of reasonable apportionment; (5) The property owned by the Maffetts is not part of the designated site; (6) EPA performed no authorized work on the Maffetts' parcel; (7) Maffetts have a defense under 42 U.S.C. §9607(q)(1). Additionally, the Maffetts assert cross-claims against their co-defendants for contribution under CERCLA, contract, and common law.

3. **Identification of Issues.** What factual and legal issues are genuinely in dispute?

**By the United States:**

The alleged affirmative defenses raised by each defendant.

**By M.A. Hanna:**

Whether the defendants are within the class of persons described in CERCLA;

Whether Plaintiff's costs incurred in connection with the Site were necessary, or consistent with the National Oil and Hazardous Substances Pollution Contingency Plan;

Whether Co-defendants WEDCO and Maffetts are liable or potentially liable under Section 107(a) of CERCLA, or under contractual and/or common law indemnification and/or contribution for all response costs incurred or to be incurred by EPA in connection with the Site.

Whether the environmental harm which caused Plaintiff to allegedly incur CERCLA response costs is divisible and capable of reasonable apportionment;

Whether WEDCO assumed CERCLA liability for Lot 19 when it acquired ownership of the Lot in 1986.

**By WEDCO:**

Whether the Defendants are within the class of persons described in CERCLA.

Whether Plaintiff's costs incurred in connection with the Site were necessary, or consistent with, the National Oil and Hazardous Substances Pollution Contingency Plan;

Whether Co-defendants are liable or potentially liable under Section 107(a)(1) of CERCLA, or under contractual and/or common law indemnification and/or contribution for all response costs incurred or to be incurred by EPA in connection with the Site.

Whether the environmental harm which caused Plaintiff to allegedly incur CERCLA response costs is divisible and capable of reasonable apportionment.

Whether WEDCO is not liable pursuant to 42 U.S.C. § 9607(b)(3).

Whether M.A. Hanna is liable to WEDCO for breach of contract or fraud.

**By the Maffetts:**

Whether the Maffetts are not liable pursuant to 42 U.S.C. 9607(b)(3)

Whether the Maffetts are not liable pursuant to 42 U.S.C. 9607(q)(1).

Whether WEDCO is liable to the Maffetts for breach of contract or fraud.

> The Maffetts have not plead this allegation and WEDCO objects to the inclusion of this issue.

4. **Narrowing of Issues.** Can the issues in litigation be narrowed by agreement or by motions? Are there dispositive or partially dispositive issues appropriate for decision on motion?

The parties agree that narrowing of issues may more appropriately be addressed following discovery.

5.  **Relief.** What specific relief does plaintiff seek? What is the amount of damages sought and generally how is it computed?

    The United States seeks (1) reimbursement of $3,668,594.06 in costs paid through December 9, 2003, (2) reimbursement of pre-judgment interest on such costs as provided under Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), and (3) pursuant to Section 113(g)(2) of CERCLA, declaratory judgment on liability for response costs or damages that will be binding on any subsequent action to recover further response costs or damages from the defendants.

    Costs paid by the United States for which reimbursement is sought are tracked and maintained in a financial management system in accordance with accepted government accounting principles.

    The Defendants seek dismissal of the United States' action. The Defendants also have asserted cross-claims seeking contribution and/or indemnification from each other for any liability or damages for which each defendant may respectively be found liable. WEDCO seeks damages from M.A. Hanna for breach of contract and fraud

6.  **Amendment of Pleadings?**

    None known at this time.

7.  **Joinder of Parties?**

    None known at this time.

8.  **Discovery.** Discovery contemplated by each party and the amount of time it may take to complete discovery? Can discovery be limited? Are there less costly and time-consuming methods available to obtain necessary information?

    **By the United States:**

    The United States will seek to take discovery from each defendant relating to their liability under Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), as well as any defenses raised to avoid such liability.

    **By M.A. Hanna:**

    Hanna contemplates propounding interrogatories and document demands on the Plaintiff and the Co-Defendants. Hanna may also serve subpoenas upon non-parties. Hanna contemplates deposing approximately 10 persons.

**By WEDCO:**

WEDCO anticipates that it will take discovery through interrogatories, document requests, and deposition of Plaintiff and Co-Defendants, their agents and/or employees. In addition, third-party discovery may be necessary.

**By the Maffetts:**

Maffetts anticipate interrogatories, request for production of documents and depositions of all parties, agents, employees, and third-party contractors unless settlement is reached resolving the issue of their liability to the plaintiff and co-defendants.

9. **Estimated trial length.** Is it feasible or desirable to bifurcate issues for trial? Is it possible to reduce the length of the trial by stipulations, use summaries or statements, or other expedited means of presenting evidence?

    The parties agree that this matter can likely be tried in a total of two weeks. The United States requests bifurcation. M.A. Hanna opposes bifurcation.

10. **Jury Trial**

    **By the United States:**

    Claims of the United States are triable to the Court, not a jury.

    **By M.A. Hanna:**

    M.A. Hanna opposes a jury trial.

    **By WEDCO:**

    WEDCO has requested a jury trial of any issue triable by jury in this action.

    **By the Maffetts:**

    To the extent that a jury trial is permissible, the Maffetts have requested a trial by jury of the applicable issues.

    > The Maffetts have not plead this allegation and WEDCO objects to the inclusion of this comment.

11. **Settlement.** Have there been any settlement discussions? What are the prospects for settlement? Is referral to the magistrate for mediation or other ADR mechanism appropriate?

The parties have engaged in settlement discussions and continue to do so.

12. Such other matters as counsel considers conducive to the just, speedy and inexpensive determination of this action.

The parties agree that a fact discovery cut-off of October 7, 2007 is appropriate.

13. Counsel for the parties have conferred about each of the above matters.

Respectfully submitted,

**ON BEHALF OF THE UNITED STATES OF AMERICA**

COLM F. CONNOLLY
United States Attorney

OF COUNSEL:

By: /s/Patricia C. Hannigan

Andrew Goldman
Sr. Assistant Regional Counsel
U.S. Environmental Protection Agency
1650 Arch Street
Philadelphia, PA 19103
(215) 814-2487
goldman.andrew@epa.gov

Patricia C. Hannigan
Assistant United States Attorney
Delaware Bar I.D. No. 2145
The Nemours Building
1007 Orange Street, Suite 700
P. O. Box 2046
Wilmington, DE 19899-2046
(302) 573-6277
Patricia.Hannigan@usdoj.gov

**ON BEHALF OF M. A. HANNA PLASTICS GROUP, INC.**

/s/Kenneth E. Aaron
Kenneth E. Aaron, Esquire
Weir & Partners, LLP
The Widener Building
1339 Chestnut St, Suite 500
Philadelphia, PA 19107
215-665-8181
Kaaron@weirpartners.com

**ON BEHALF OF WEDCO**

/s/Robert W. Whetzel
Robert W. Whetzel, Esquire
Richards, Layton & Finger
One Rodney Square
920 North King Street
Wilmington, DE 19801
(302) 651-7634
whetzel@rlf.com

**ON BEHALF OF THE MAFFETTS**

/s/Michael W. Arrington
Michael W. Arrington, Esquire
Parkowski, Guerke & Swayze
800 King Street, Suite 203
Wilmington, DE 19801
(302) 594-3333
marrington@pgslegal.com

Dated: November 15, 2006