## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

_____

| | |
|---|---|
| **UNITED STATES OF AMERICA,** : | |
| : | |
| Plaintiff, : | |
| : | |
| vs. : | |
| : | |
| **M.A. HANNA PLASTICS GROUP, INC.,** : | **CIVIL ACTION 06-409-GMS** |
| **WILMINGTON ECONOMIC** : | |
| **DEVELOPMENT CORPORATION** : | |
| **AND SIDNEY AND CAROL MAFFETT,** : | |
| : | |
| Defendants. : | |

_____

### MOTION OF M.A. HANNA PLASTICS GROUP, INC. FOR AN ORDER HOLDING CHARLES SHUSTER IN CONTEMPT FOR FAILURE AND REFUSAL TO COMPLY WITH SUBPOENA PURSUANT TO FED.R.CIV.P. 45(e)

Pursuant to Rule 45(e) of the Federal Rules of Civil Procedure, Defendant, M.A. Hanna Plastics Group, Inc., ("M.A. Hanna"), by and through its undersigned counsel, Weir & Partners LLP, hereby moves this Honorable Court to hold Charles Shuster in contempt for inexcusable failure to comply with a subpoena served upon him and to order Charles Shuster to appear for and be deposed consistent with the terms of the proposed Order submitted herewith.  M.A. Hanna relies upon the facts and legal argument set forth in the accompanying Memorandum of Law in support of this Motion.

Respectfully submitted:

WEIR & PARTNERS LLP

By:    /s/Jeffrey S. Cianciulli, Esquire
Kenneth E. Aaron, Esquire
Jeffrey S. Cianciulli, Esquire
WEIR & PARTNERS LLP
Kenneth E. Aaron, Esq. (4043)

824 Market Street
P.O. Box 708
Suite 1001
Wilmington, Delaware 19899
Telephone:  (215) 241-7727
kaaron@weirpartners.com
Local Counsel for Defendant, M.A.
Hanna Plastics Group, Inc.

JOHN M. SCAGNELLI
KATHLEEN J. DEVLIN
SCARINCI & HOLLENBECK, LLC
John M. Scagnelli, Esq.
Kathleen J. Devlin, Esq.
1100 Valley Brook Avenue, P.O. BOX 790
Lyndhurst, New Jersey 07071-0790
Telephone:  (201) 896-4100
Attorneys for Defendant, M.A. Hanna
  Plastics Group, Inc.

Dated: June 15, 2007

287576-1

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

_____

UNITED STATES OF AMERICA,          :
                                   :
                 Plaintiff,        :
                                   :
        vs.                        :
                                   :
M.A. HANNA PLASTICS GROUP, INC.,   :          CIVIL ACTION 06-409-GMS
WILMINGTON ECONOMIC                :
DEVELOPMENT CORPORATION            :
AND SIDNEY AND CAROL MAFFETT,      :
                                   :
                 Defendants.       :
_____

**M.A. HANNA PLASTICS GROUP, INC.'S MEMORANDUM OF LAW**
**IN SUPPORT OF ITS MOTION FOR AN ORDER HOLDING**
**CHARLES SHUSTER IN CONTEMPT**

Defendant M.A. Hanna Plastics Group, Inc. ("M.A. Hanna") submits this Memorandum of Law in support of its **Motion of M.A. Hanna Plastics Group, Inc., for an Order Holding Charles Shuster in Contempt for Failure and Refusal to Comply with Subpoena Pursuant to Fed.R.Civ.P. 45(e)** (the "Motion").

**I.      INTRODUCTION**

On May 25, 2007, M.A. Hanna caused a valid subpoena (the "Subpoena") to be personally served on Charles Shuster ("Shuster").  A true and correct copy of the Subpoena along with the proof of service on Shuster is attached hereto as Exhibit "A". Pursuant to the Subpoena, Shuster was commanded to appear at the offices of counsel for M.A. Hanna in Wilmington, Delaware on June 7, 2007 at 10:00 a.m.

After Shuster was personally served with the Subpoena, Shuster was contacted by counsel for M.A. Hanna by telephone to confirm that he would appear as commanded by

the Subpoena.  Shuster clearly stated that he would not comply with the Subpoena under any circumstances.   In point of fact, Shuster stated "I aint coming."   Shuster was informed that M.A. Hanna intended to go forward with the deposition as scheduled, that Shuster was required to appear as commanded in the Subpoena and that if he failed to appear, M.A. Hanna would seek an order holding him in contempt.

On June 7, 2007, counsel for M.A. Hanna appeared for the deposition of Shuster and stated on the record before a court reporter that Shuster had failed and refused to comply with the Subpoena.  A true and correct copy of the transcript of the statement made regarding Shuster's failure and refusal to comply with the Subpoena is attached hereto as Exhibit "B".

Prior to filing the Motion, and in conformity with D. Del. LR 7.1.1, counsel for M.A. Hanna has made reasonable efforts to bring Shuster into compliance with the Subpoena and was willing to schedule the deposition on a date convenient for Shuster even if that date was different that the date in the Subpoena.  Counsel for M.A. Hanna telephoned Shuster to discuss his compliance with the Subpoena and Shuster refused to comply.  Mr. Shuster is a material fact witness in this civil action as Shuster worked for Electric Hose and Rubber Corporation as a supervisor in the "lead press" area of operations.  Mr. Shuster has information that is directly relevant to the issues raised by the plaintiff regarding whether Electric Hose and Rubber Corporation's operations caused lead contamination of the ground at or near its operations. Shuster's testimony, therefore, is critical to M.A. Hanna's efforts to defend the claims against it in this civil action.  It is apparent from Shuster's statement that he will not, under any circumstances, comply with the Subpoena without Court intervention and that further efforts to reach agreement with

Shuster will be unsuccessful.  The United States of America, which is the opposing party in this Civil Action, does not oppose the relief sought by M.A. Hanna in the Motion.  Co-defendant Wilmington Economic Development Corporation similarly does not object to the relief requested in the Motion.1

There appears no legitimate reason that Shuster has failed and refused to comply with the Subpoena and, given Shuster's recalcitrance, M.A. Hanna requires the assistance of this court to compel Shuster's compliance.  For these reasons, M.A. Hanna respectfully requests that this Court enter an order holding Shuster in contempt and also compelling Shuster to appear for a deposition as and when stated in the proposed Order submitted herewith, and that he sanctions as set forth in the proposed Order.

## II.    ARGUMENT

The authority of this Court to rule on this Motion for entry of an order of contempt and for an order compelling the deposition of Shuster is well-established. Fed.R.Civ.P. 45(e) provides: "**Contempt.**  Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued."

Consistent with the Federal Rules of Civil Procedure and the local rules of this Court require M.A. Hanna has made a good faith effort to resolve this discovery dispute without involving the Court, however, it is clear from Shuster's comments when contacted that he has no intention of engaging in good faith discussions to resolve the issue of his noncompliance with the Subpoena and, resultantly, the Court's involvement is necessary.

---

1 Individual defendants Carol and Sidney Maffett have been dismissed from this civil action.

287576-1

### III.     CONCLUSION

For all of the foregoing reasons, M.A. Hanna respectfully requests that the Court grant its Motion and enter an order holding Shuster in contempt and compelling his appearance at a deposition, plus such further and other relief as this Court deems proper.

Respectfully submitted:

WEIR & PARTNERS LLP

By:     _/s/Jeffrey S. Cianciulli, Esquire_____
Kenneth E. Aaron, Esquire
Jeffrey S. Cianciulli, Esquire
WEIR & PARTNERS LLP
Kenneth E. Aaron, Esq. (4043)
824 Market Street
P.O. Box 708
Suite 1001
Wilmington, Delaware 19899
Telephone:  (215) 241-7727
kaaron@weirpartners.com
Local Counsel for Defendant, M.A.
Hanna Plastics Group, Inc.

JOHN M. SCAGNELLI
KATHLEEN J. DEVLIN
SCARINCI & HOLLENBECK, LLC
John M. Scagnelli, Esq.
Kathleen J. Devlin, Esq.
1100 Valley Brook Avenue, P.O. BOX 790
Lyndhurst, New Jersey 07071-0790
Telephone:  (201) 896-4100
Attorneys for Defendant, M.A. Hanna
  Plastics Group, Inc.

Dated: June 15, 2007

287576-1

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

_____

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| vs. | : | |
| | : | |
| **M.A. HANNA PLASTICS GROUP, INC.,** | : | **CIVIL ACTION 06-409-GMS** |
| **WILMINGTON ECONOMIC** | : | |
| **DEVELOPMENT CORPORATION** | : | |
| **AND SIDNEY AND CAROL MAFFETT,** | : | |
| | : | |
| Defendants. | : | |

_____ :

**ORDER**

    **AND NOW** this _____ day of _____, 2007, upon consideration of the Motion of M.A. Hanna Plastics Group, Inc., for an Order Holding Charles Shuster in Contempt for Failure and Refusal to Comply with Subpoena Pursuant to Fed.R.Civ.P. 45(e) and any response thereto, it is hereby **ORDERED** and **DECREED** as follows:

    1.    Pursuant to Fed.R.Civ.P. 45(e), Charles Shuster is in contempt of this court for failure to appear and be deposed as commanded by the valid subpoena that was personally served upon him on May 25, 2007.

    2.    Charles Shuster shall personally appear and be deposed in connection with this civil action on June _____, 2007 at 10:00 a.m., at the Offices of Weir & Partners LLP, 824 Market Street, P.O. Box 708, Suite 1001, Wilmington, DE  19899.

    3.    Charles Shuster is hereby **ORDERED** to pay the sum of $_____ to the order of "Weir & Partners LLP, counsel for MA Hanna Plastics Group, Inc.", which

amount represents the reasonable counsel fees and costs incurred as a direct result of Charles Shuster's failure and refusal to comply with the subpoena served upon him.

4.     Should Charles Shuster fail to appear and be deposed as directed in this Order, upon notification by M.A. Hanna, this Court shall immediately direct the United States Marshall Service to locate Charles Shuster wherever he may be found and immediately bring him before this Court for further sanctions and Charles Shuster will be required to remain in the custody of the Court until he is deposed and dismissed by the parties and this Court.

**BY THE COURT:**

_____
**U.S.D.J.**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

_____

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| vs. | : | |
| | : | |
| **M.A. HANNA PLASTICS GROUP, INC.,** | : | **CIVIL ACTION 06-409-GMS** |
| **WILMINGTON ECONOMIC** | : | |
| **DEVELOPMENT CORPORATION** | : | |
| **AND SIDNEY AND CAROL MAFFETT,** | : | |
| | : | |
| Defendants. | : | |

_____

## CERTIFICATE OF COUNSEL

Pursuant to Rule 7.1.1 of the Local Rules of Civil Practice and Procedure of the United States District Court for the District of Delaware, counsel for M.A. Hanna Plastics Group, Inc. hereby certify that they have in good faith conferred with Charles Shuster, and after reasonable effort, M.A Hanna and Shuster are unable to resolve the current discovery dispute.  However, counsel for the opposing party, United States of America does not oppose the relief sought in this Motion.  Similarly, co-defendant Wilmington

287576-1

Economic Development Corporation similarly does not object to the relief requested in the

Motion.

<div style="margin-left:40%">

Respectfully submitted:

WEIR & PARTNERS LLP

By:    /s/Jeffrey S. Cianciulli, Esquire
       Kenneth E. Aaron, Esquire
       Jeffrey S. Cianciulli, Esquire
       WEIR & PARTNERS LLP
       Kenneth E. Aaron, Esq. (4043)
       824 Market Street
       P.O. Box 708
       Suite 1001
       Wilmington, Delaware 19899
       Telephone:  (215) 241-7727
       kaaron@weirpartners.com
       Local Counsel for Defendant, M.A.
       Hanna Plastics Group, Inc.

       JOHN M. SCAGNELLI
       KATHLEEN J. DEVLIN
       SCARINCI & HOLLENBECK, LLC
       John M. Scagnelli, Esq.
       Kathleen J. Devlin, Esq.
       1100 Valley Brook Avenue, P.O. BOX 790
       Lyndhurst, New Jersey 07071-0790
       Telephone:  (201) 896-4100
       Attorneys for Defendant, M.A. Hanna
        Plastics Group, Inc.

</div>

Dated: June 15, 2007

Exhibit "A"

AO88 (DE Rev. 01/07) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT

### DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA | **SUBPOENA IN A CIVIL CASE** |
| V. | |
| M.A. HANNA PLASTIC GROUP, INC., WILMINGTON ECONOMIC DEVELOPMENT | Case Number:[1]  06-409 |

TO:  Charles Shuster
4 Locust Street
Wilmington, DE 19805

☐  YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☑  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION  824 Market Street Mall, Suite 1001 Wilmington, DE 19801 | DATE AND TIME 6/7/2007 10:00 am |
|---|---|

☐  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
|---|---|

☐  YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE 5/10/07 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Kenneth E. Aaron, Esquire, Weir & Partners LLP
824 Market Street, Wilmington, DE 19899; Tel.: 302-652-8181

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (DE Rev. 01/07) Subpoena in a Civil Case

---

## PROOF OF SERVICE

| | DATE 5-25-07 | PLACE 999 SOUTH MARKET ST WILMINGTON DE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) CHARLES SHUSTER | MANNER OF SERVICE PERSONAL |
|---|---|

| SERVED BY (PRINT NAME) DONALD DOUGHERTY | TITLE PROCESS SERVER |
|---|---|

---

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on ___5-25-07___
DATE

SIGNATURE OF SERVER

M D LEGAL SERVICES INC
ADDRESS OF SERVER 1315 WALNUT ST STE 1317
PHILADELPHIA PA 19107-4711

---

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises—or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject

to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

MD

| | | | L E G A L | | | |
|---|---|---|---|---|---|---|

Client: *[handwritten]*

By: *Kim Allen*

Ref: *2768.001*

Date: *5/16/07*

Ref 1): | To 1): *JPM Chamor Trustee* | | Date: | |
Court: | 4 *Loyd* *Avenue* | | Time: | |
Service: | *Wilmington DE* *19801* | | Server: | |

□ Court Filing    □ Process Service    ⊠ Hand Delivery

Received By:

Special Instructions: *Leave Subpoena*

Ref 2): | To 2): *777 South Market St.* | | Date: | |
Court: | *Wilmington De 19801* | | Time: | |
Service: *[handwritten]* | | | Server: | |

Received By:

Special Instructions: *[handwritten]*

Sign:
Court:
Service:

Sign:
Additional:

| | Trp 1 | | |
|---|---|---|---|
| | Trp 2 | | |
| | Wait | | |
| | Copy | | |
| | Tot | | |

See Disclaimer on Reverse Side

Exhibit "B"

6-7-07

1

1          UNITED STATES DISTRICT COURT

2          FOR THE DISTRICT OF DELAWARE

3     --------------------x
      UNITED STATES OF      : CIVIL ACTION
4     AMERICA,              :
               Plaintiff(s), : NO. 06-409
5                           :
          v.                :
6                           :
      M.A. HANNA PLASTIC    :
7     GROUP, INC.;          :
      WILMINGTON ECONOMIC   :
8     DEVELOPMENT,          :
               Defendant(s). :
9     --------------------x

10

                  Thursday, June 7, 2007

11

12               Record of statement for the
      scheduled deposition of CHARLES SHUSTER,
13    held at the law offices of WEIR &
      PARTNERS LLP, Suite 1001, 824 Market
14    Street Mall, Wilmington, Delaware 19899,
      beginning at 10:15 a.m., on the above
15    date, before Debra J. Weaver, a Federally
      Approved RPR, CRR, CCR of NJ (No. XI
16    01614) and Delaware (No. 138-RPR,
      Expiration 1/31/08), and a Notary Public
17    of New Jersey, Pennsylvania and Delaware.

18

19

20

21

               ESQUIRE DEPOSITION SERVICES
22                  Four Penn Center
           1600 John F. Kennedy Boulevard
23                   Suite 1210
           Philadelphia, Pennsylvania 19103
24                 (215) 988-9191



                                        2

1     APPEARANCES:

2

               U.S. DEPARTMENT OF JUSTICE
3              DISTRICT OF DELAWARE
               BY: PATRICIA C. HANNIGAN, ESQUIRE
                        Page 1

6-7-07

```
 4      1007 N. Orange Street
        Suite 700
 5      Wilmington, DE 19899-2046
        302.573.6277 Ext. 156
 6      patricia.hannigan@usdoj.gov

 7              AND

 8      U.S. ENVIRONMENTAL PROTECTION
        AGENCY
 9      REGION III
        BY: ANDREW S. GOLDMAN, ESQUIRE
10      Office of Regional Counsel
        3RC41
11      1650 Arch Street
        Philadelphia, PA 19103-2029
12      215.814.2487
        goldman.andrew@epamail.epa.gov
13      --Representing the Plaintiff(s)

14

15      WEIR & PARTNERS LLP
        BY: KENNETH E. AARON, ESQUIRE
16      Suite 500, The Widener Building
        1339 Chestnut Street
17      Philadelphia, PA 19107
        215.665.8181
18      kaaron@weirpartners.com

19              AND

20      SCARINCI & HOLLENBECK, LLC
        BY: JOHN M. SCAGNELLI, ESQUIRE
21      1100 Valley Brook Avenue
        P.O. Box 790
22      Lyndhurst, NJ  07071-0790
        201.896.4100
23      jscagnelli@njlegalink.com
        --Representing the Defendant(s),
24        M.A. Hanna Plastic Group, Inc.
```

3

```
 1   APPEARANCES:  (cont'd)

 2

 3          RICHARDS LAYTON & FINGER
            BY: TODD A. COOMES, ESQUIRE
            One Rodney Square
 4          920 North King Street
            Wilmington, DE 19801
 5          302.651.7700
            coomes@rlf.com
 6          --Representing the Defendant(s),
              Wilmington Economic Development
 7

 8

 9
```

Page 2

6-7-07

10
11
12
13
14
15
16
17
18
19
20
21
22
23
24



4

1                    I  N  D  E  X

2    WITNESS                          PAGE

3      CHARLES SHUSTER (not present)

4

5              E  X  H  I  B  I  T  S

6    MARKED          DESCRIPTION      PAGE

7      D-A           Subpoena with        7
8                    Proof of Service
                     and Affidavit of
9                    Service

10

11

12

13

14

6-7-07

15

16

17

18

19

20

21

22

23

24

⬜

5

1              DEPOSITION SUPPORT INDEX

2

3    Direction to Witness Not to Answer

4    Page Line        Page Line        Page Line

5    None

6

7

8    Request for Production of Documents

9    Page Line        Page Line        Page Line

10   None

11

12

13   Stipulations

14   Page Line        Page Line        Page Line

15   None

16

17

18   Question Marked

19   Page Line        Page Line        Page Line

20   None

Page 4

6-7-07

21

22

23

24



6

1        MR. AARON:  Today is

2    Thursday, June 7th.  It is

3    approximately 10:12 in the

4    morning.

5        This is in the matter of the

6    United States of America versus

7    M.A. Hanna Plastics Group, Inc.,

8    et al., Case Number 06-409.

9        We have scheduled at this

10    time the deposition of Charles

11    Shuster.  Mr. Shuster was served

12    with a subpoena personally in hand

13    by our process server on May 25th

14    of this year.  He was contacted by

15    our office twice to make sure that

16    he knew where the deposition would

17    be and when it was scheduled.  He

18    was also contacted beforehand to

19    try to get a date from him.  He

20    advised my paralegal, I guess it

21    was at the end of last week, that

22    he had no intention of appearing.

23    We tried to convince him

24    otherwise, but he has told us he

6-7-07

7

1    would not appear voluntarily.  We

2    called him again to just remind

3    him.  And he does not appear to be

4    present.

5         So we would like to mark for

6    the record a copy of the subpoena

7    with the proof of service and also

8    a copy of the affidavit of service

9    that was filed with the court.

10        (Whereupon, Deposition

11   Exhibit No. D-A, Subpoena with

12   Proof of Service and Affidavit of

13   Service, was marked for

14   identification.)

15        MS. HANNIGAN:  You might

16   note the presence of other

17   counsel.

18        MR. AARON:  Don't you have

19   their presence already noted?

20        THE COURT REPORTER:  Yes.

21        MR. AARON:  Do you have

22   anything further to put on the

23   record?

24        (No response.)

8

1         MR. AARON:  I appreciate you

2    all coming.  Sorry to have

3    inconvenienced you.  And we'll

4    reconvene at 1 o'clock today.  We

5    believe that witness will appear.

6-7-07

6          Thank you.

7          (Witness excused.)

8          (Whereupon, at 10:20 a.m.

9      the proceedings concluded.)

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

9

1          C E R T I F I C A T E

2

3

4          I hereby certify that the
   preceding record is a true record of the
5  proceedings.

6

7

8     DEBRA J. WEAVER, RPR, CRR, CSR
      NJ CSR License No. XI 01614
9     DE Certification No. 138-RPR
         (Expires 1/13/05)
10    Dated :  June 7, 2007

Page 7

6-7-07

11          (The foregoing certification

12   of this transcript does not apply to any

13   reproduction of the same by any means,

14   unless under the direct control and/or

15   supervision of the certifying shorthand

16   reporter.)

17

18

19

20

21

22

23

24



                                                    10

1              LAWYER'S NOTES

2   PAGE    LINE

3

4

5

6

7

8

9

10

11

12

13

14

15

16

6-7-07

17

18

19

20

21

22

23

24