## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

UNITED STATES OF AMERICA     :

        Plaintiff,     :

                 :    Civil Action No. 06-409 GMS

        v.     :

M.A. HANNA PLASTICS GROUP, INC.;     :
WILMINGTON ECONOMIC     :
DEVELOPMENT CORPORATION; AND     :
SIDNEY AND CAROL MAFFETT,     :

        Defendants     :

## CONSENT DECREE BETWEEN THE UNITED STATES AND
## SIDNEY AND CAROL MAFFETT

*United States and State of Delaware v. M.A. Hanna Plastics, et al., No. 06-409*
*Consent Decree*

---

# TABLE OF CONTENTS

| | | |
|---|---|---|
| I. | BACKGROUND | 1 |
| II. | JURISDICTION | 2 |
| III. | PARTIES BOUND | 2 |
| IV. | DEFINITIONS | 3 |
| V. | STATEMENT OF PURPOSE | 5 |
| VI. | PAYMENT OF RESPONSE COSTS | 5 |
| VII. | ACCESS AND ACTIVITY RESTRICTIONS | 6 |
| VIII. | FAILURE TO COMPLY WITH CONSENT DECREE | 7 |
| IX. | COVENANT NOT TO SUE BY PLAINTIFF | 9 |
| X. | RESERVATION OF RIGHTS BY PLAINTIFF | 9 |
| XI. | COVENANT NOT TO SUE BY SETTLING DEFENDANTS | 10 |
| XII. | EFFECT OF SETTLEMENT/CONTRIBUTION PROTECTION | 12 |
| XIII. | NOTICE TO SUCCESSORS IN TITLE | 13 |
| XIV. | RETENTION OF RECORDS | 14 |
| XV. | NOTICES AND SUBMISSIONS | 15 |
| XVI. | RETENTION OF JURISDICTION | 16 |
| XVII. | INTEGRATION | 17 |
| XVIII. | LODGING AND OPPORTUNITY FOR PUBLIC COMMENT | 17 |
| XIX. | SIGNATORIES/SERVICE | 17 |
| XX. | FINAL JUDGMENT | 18 |

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

UNITED STATES OF AMERICA         :

       Plaintiff,              :

                 :    **Civil Action No. 06-409 GMS**

       v.                      :

                 :

M.A. HANNA PLASTICS GROUP, INC.;   :
WILMINGTON ECONOMIC              :
DEVELOPMENT CORPORATION; AND      :
SIDNEY AND CAROL MAFFETT,        :

        Defendants          :

                 :

## CONSENT DECREE BETWEEN THE UNITED STATES AND
## SIDNEY AND CAROL MAFFETT

### I. BACKGROUND

    A.  The United States of America ("United States"), on behalf of the Administrator of the

United States Environmental Protection Agency ("EPA"), filed a complaint in this matter

pursuant to Section 107 of the Comprehensive Environmental Response, Compensation, and

Liability Act of 1980, as amended ("CERCLA"), 42 U.S.C. § 9607, seeking reimbursement of

response costs incurred or to be incurred for response actions taken or to be taken at or in

connection with the release or threatened release of hazardous substances at the 12th Street Dump

Site in Wilmington, Delaware ("the Site").

    B.  Sidney and Carol Maffett, the defendants that have entered into this Consent Decree

("Settling Defendants"), do not admit any liability to Plaintiff arising out of the transactions or

occurrences alleged in the complaints.

F:\Work Backup\Floppies\12th Street\Disk 9 (October 2006)\Maffett PP Cashout 195.wpd

C.  The United States and Settling Defendants agree, and this Court by entering this Consent Decree finds, that this Consent Decree has been negotiated by the Parties (as defined in Section IV of this Consent Decree) in good faith, that settlement of this matter will avoid prolonged and complicated litigation between the Parties, and that this Consent Decree is fair, reasonable, and in the public interest.

THEREFORE, with the consent of the Parties to this Decree, it is ORDERED, ADJUDGED, AND DECREED:

## II.  JURISDICTION

1.  This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1345 and 42 U.S.C. §§ 9607 and 9613(b), and also has personal jurisdiction over Settling Defendants.  Solely for purposes of this Consent Decree and the underlying complaints, Settling Defendants waive all objections and defenses that they may have to jurisdiction of the Court or to venue in this District.  Settling Defendants shall not challenge the terms of this Consent Decree or this Court's jurisdiction to enter and enforce this Consent Decree.

## III.  PARTIES BOUND

2.  This Consent Decree is binding upon the United States and upon Settling Defendants and their heirs, successors and assigns.  Any change in ownership or corporate or other legal status, including, but not limited to, any transfer of assets or real or personal property, shall in no way alter the status or responsibilities of Settling Defendants under this Consent Decree.

## IV.  DEFINITIONS

3.  Unless otherwise expressly provided herein, terms used in this Consent Decree that are defined in CERCLA or in regulations promulgated under CERCLA shall have the meanings assigned to them in CERCLA or in such regulations.  Whenever terms listed below are used in this Consent Decree or in any appendix attached hereto, the following definitions shall apply:

a.  "CERCLA" shall mean the Comprehensive Environmental Response, Compensation, and Liability Act of 1980, as amended, 42 U.S.C. § 9601, *et seq.*

b.  "Consent Decree" shall mean this Consent Decree and all appendices attached hereto.  In the event of conflict between this Consent Decree and any appendix, this Consent Decree shall control.

c.  "Day" shall mean a calendar day.  In computing any period of time under this Consent Decree, where the last day would fall on a Saturday, Sunday, or federal holiday, the period shall run until the close of business of the next working day.

d.  "DOJ" shall mean the United States Department of Justice and any successor departments, agencies or instrumentalities of the United States.

e.  "EPA" shall mean the United States Environmental Protection Agency and any successor departments, agencies or instrumentalities of the United States.

f.  "EPA Hazardous Substance Superfund" shall mean the Hazardous Substance Superfund established by the Internal Revenue Code, 26 U.S.C. § 9507.

g.  "Interest" shall mean interest at the rate specified for interest on investments of the EPA Hazardous Substance Superfund established by 26 U.S.C. § 9507, compounded

annually on October 1 of each year, in accordance with 42 U.S.C. § 9607(a).  The applicable rate

of interest shall be the rate in effect at the time the interest accrues.  The rate of interest is subject

to change on October 1 of each year.

       h.  "Paragraph" shall mean a portion of this Consent Decree identified by an

Arabic numeral or an upper or lower case letter.

       i.  "Parties" shall mean the United States and the Settling Defendants.

       j.  "Plaintiff" shall mean the United States.

       k.  "RCRA" shall mean the Solid Waste Disposal Act, 42 U.S.C. § 6901, *et seq.*

(also known as the Resource Conservation and Recovery Act).

       l.  "Section" shall mean a portion of this Consent Decree identified by a Roman

numeral.

       m.  "Settling Defendants" shall mean Sidney and Carol Maffett.

       n.  "Site" shall mean the 12th Street Dump Site, located along the eastern bank of

the Brandywine Creek, near the 12th Street ramp to Interstate 495, which includes properties

owned on the south side of 12th Street by the Wilmington Economic Development Corporation

and the Delaware Department of Transportation, and approximately .2 acres of land owned by

the Settling Defendants and generally depicted in Attachment A to this Consent Decree.

       o.  "State" shall mean the State of Delaware.

       p.  "United States" shall mean the United States of America, including its

departments, agencies and instrumentalities.

*United States and State of Delaware v. M.A. Hanna Plastics, et al., No. 06-409*
*Consent Decree*                                                                                     5

## V. STATEMENT OF PURPOSE

4. By entering into this Consent Decree, the mutual objective of the Parties is for Settling

Defendants to make a cash payment to resolve certain alleged civil liability for the Site as

provided in the Covenant Not to Sue by Plaintiff in Section IX, and subject to the Reservations

of Rights by United States in Section X.

## VI. PAYMENT OF RESPONSE COSTS

5. Payment of EPA Past Response Costs. Within 30 days after entry of this Consent

Decree, Settling Defendants shall pay to the EPA $100,000.00. The total amount to be paid

pursuant to this Paragraph 5 shall be deposited by EPA in the EPA Hazardous Substance

Superfund.

6. Payment shall be made by FedWire Electronic Funds Transfer ("EFT") to the U.S.

Department of Justice account in accordance with current EFT procedures, referencing USAO

File Number 2004V00207, EPA Region 3 Site/Spill Identification Number D330, and DOJ Case

Number 90-11-3-08301. Payment shall be made in accordance with instructions provided to

Settling Defendants by the Financial Litigation Unit of the U.S. Attorney's Office in the District

of Delaware following lodging of the Consent Decree. Any payments received by the

Department of Justice after 4:00 p.m. Eastern Time shall be credited on the next business day.

7. At the time of payment, Settling Defendants shall send notice that payment has been

made to EPA and DOJ in accordance with Section XV (Notices and Submissions).

8. Reserved.

F:\Work Backup\Floppies\12th Street\Disk 9 (October 2006)\Maffett PP Cashout 195.wpd

## VII. ACCESS AND ACTIVITY RESTRICTIONS

9. Settling Defendants shall:

a. commencing on the date of lodging of this Consent Decree, provide the United States and its representatives, including EPA and its contractors, with access at all reasonable times to the portion of the Site they own for the purpose of conducting any activity related to the Site including, but not limited to, the following activities:

1. Monitoring, investigation, removal, remedial or other activities at the Site;

2. Verifying any data or information submitted to the United States or the State;

3. Conducting investigations relating to contamination at or near the Site;

4. Obtaining samples;

5. Assessing the need for, planning, or implementing additional response actions at or near the Site;

6. Assessing Settling Defendants' compliance with this Consent Decree; and

8. Determining whether the Site or other property is being used in a manner that is prohibited or restricted, or that may need to be prohibited or restricted, by or pursuant to this Consent Decree;

b. commencing on the date of lodging of this Consent Decree, refrain from using the portion of the Site they own in any manner that would interfere with or adversely affect the

implementation, integrity, or protectiveness of response actions implemented or to be

implemented at such location by EPA, the State, or any other person.  Any excavation at the

portion of the Site owned by Settling Defendants shall be undertaken in such manner as to avoid

releases of hazardous substances into the environment.  Settling Defendants shall contact EPA

prior to commencing any such excavation.


## VIII.  FAILURE TO COMPLY WITH CONSENT DECREE

10.  <u>Interest on Late Payments</u>.  If Settling Defendants fail to make any payment under

Paragraph 5 by the required due date, Interest shall continue to accrue on the unpaid balance

through the date of payment.

11.  <u>Stipulated Penalty</u>.

a.  If any amount due under Paragraph 5 is not paid by the required due date,

Settling Defendants shall be in violation of this Consent Decree and shall pay to EPA, upon

demand by EPA, as a stipulated penalty, in addition to the interest required by Paragraph 10,

$1000 per violation per day that such payment is late.

b.  Stipulated penalties are due and payable within 30 days of the date of the

demand for payment of the penalties by EPA.

c.  All payments to EPA under this Paragraph 11 shall be identified as "stipulated

penalties" and shall be made by certified or cashier's check made payable to "EPA Hazardous

Substance Superfund."  The check, or a letter accompanying the check, shall reference the name

and address of the party(ies) making payment, the Site name, the EPA Region and Site Spill ID

Number D330, DOJ Case Number 90-11-3-08301, and the civil action number.  Settling

Defendants shall send each check (and any accompanying letter) paying stipulated penalties to

the United States Environmental Protection Agency, Region III, Attention: Superfund

Accounting, P.O. Box 360515, Pittsburgh, PA 125251-6515, shall indicate that the payment is

for stipulated penalties, and shall reference the name and address of the party making payment.

Copies of check(s) paid pursuant to this Section, and any accompanying transmittal letter(s),

shall be sent to the United States as provided in Section XV (Notices and Submissions), and to

the Docket Clerk (3RC00), United States Environmental Protection Agency, Region III, 1650

Arch Street, Philadelphia, PA  19103.

       d. Penalties shall accrue as provided in this Paragraph regardless of whether EPA

has notified Settling Defendants of the violation or made a demand for payment, but need only

be paid upon demand.  All penalties shall begin to accrue on the day after payment is due and

shall continue to accrue through the date of payment.  Nothing herein shall prevent the

simultaneous accrual of separate penalties for separate violations of this Consent Decree.

       12. If the United States brings an action to enforce this Consent Decree, Settling

Defendants shall reimburse the United States for all costs of such action, including but not

limited to costs of attorney time.

       13. Payments made under this Section shall be in addition to any other remedies or

sanctions available to Plaintiff by virtue of Settling Defendants' failure to comply with the

requirements of this Consent Decree.

       14. The obligations of Settling Defendants to pay amounts owed the United States under

this Consent Decree are joint and several.  In the event of the failure of one Settling Defendant to

make the payments required under this Consent Decree, the remaining Settling Defendant shall

be responsible for such payments.

15.  Notwithstanding any other provision of this Section, the United States may, in its

unreviewable discretion, waive payment of any portion of the stipulated penalties that has

accrued pursuant to this Consent Decree.  Payment of stipulated penalties shall not excuse

Settling Defendants from payment as required by Section VI or from performance of any other

requirements of this Consent Decree.


### IX.  COVENANT NOT TO SUE BY PLAINTIFF

16.  Except as specifically provided in Paragraph 17 (Reservation of Rights by United

States), the United States covenants not to sue or to take administrative action against Settling

Defendants pursuant to Section 106 and 107(a) of CERCLA, 42 U.S.C. §§ 9606 and 9607(a),

with regard to the Site.  This covenant not to sue shall take effect upon receipt by EPA of all

payments required by Section VI, Paragraph 5 (Payment of EPA Past Response Costs) and any

amount due under Section VIII (Failure to Comply with Consent Decree).  This covenant not to

sue is conditioned upon the satisfactory performance by Settling Defendants of their obligations

under this Consent Decree.  This covenant not to sue extends only to Settling Defendants and

does not extend to any other person.


### X.  RESERVATION OF RIGHTS BY PLAINTIFF

17.  The United States reserves, and this Consent Decree is without prejudice to, all

rights against Settling Defendants with respect to all matters not expressly included within the

Covenant Not to Sue by United States in Paragraph 16. Notwithstanding any other provision of this Consent Decree, the United States reserves all rights against Settling Defendants with respect to:

        a. liability for failure of Settling Defendants to meet a requirement of this Consent Decree;

        b. criminal liability;

        c. liability for damages for injury to, destruction of, or loss of natural resources, and for the costs of any natural resource damage assessments;

        d. liability arising from the release or threat of release of a hazardous substance, pollutant, or contaminant disposed of at the Site after signature of this Consent Decree by Settling Defendants; and

        e. liability arising from the past, present, or future disposal, release or threat of release of a hazardous substance, pollutant, or contaminant outside of the Site.

## XI. COVENANT NOT TO SUE BY SETTLING DEFENDANTS

18. Settling Defendants covenant not to sue and agree not to assert any claims or causes of action against the United States or its contractors or employees, with respect to the Site or this Consent Decree, including but not limited to:

        a. any direct or indirect claim for reimbursement from the Hazardous Substance Superfund based on Sections 106(b)(2), 107, 111, 112, or 113 of CERCLA, 42 U.S.C. §§ 9606(b)(2), 9607, 9611, 9612, or 9613, or any other provision of law;

b.  any claim arising out of response actions at or in connection with the Site, including

any claim under the United States Constitution, the Delaware Constitution, the Tucker Act, 28

U.S.C. § 1491, the Equal Access to Justice Act, 28 U.S.C. § 2412, as amended, or at common

law; or

c.  any claim against the United States pursuant to Sections 107 and 113 of CERCLA, 42

U.S.C. §§ 9607 and 9613, relating to the Site.  Except as provided in Paragraph 20 (Waiver of

Claims) and Paragraph 23 (Waiver of Claim-Splitting Defenses), these covenants not to sue shall

not apply in the event the United States brings a cause of action or issues an order pursuant to the

reservations set forth in Paragraph 17(d)-(f), but only to the extent that Settling Defendants'

claims arise from the same response action or response costs that the United States is seeking

pursuant to the applicable reservation.

19.  Nothing in this Consent Decree shall be deemed to constitute approval or

preauthorization of a claim within the meaning of Section 111 of CERCLA, 42 U.S.C. § 9611, or

40 C.F.R. 300.700(d).

20.  Settling Defendants agree not to assert any CERCLA claims or causes of action that

they may have for all matters relating to the Site, including for contribution, against any other

person.  This waiver shall not apply with respect to any defense, claim, or cause of action that a

Settling Defendant may have against any person if such person asserts a claim or cause of action

relating to the Site against such Settling Defendant.

## XII. EFFECT OF SETTLEMENT/CONTRIBUTION PROTECTION

21. Except as provided in Paragraph 20, nothing in this Consent Decree shall be construed to create any rights in, or grant any cause of action to, any person not a Party to this Consent Decree. Except as provided in Paragraph 20, the Parties expressly reserve any and all rights (including, but not limited to, any right to contribution), defenses, claims, demands, and causes of action which they may have with respect to any matter, transaction, or occurrence relating in any way to the Site against any person not a Party hereto.

22. The Parties agree, and by entering this Consent Decree this Court finds, that Settling Defendants are entitled, as of the date of entry of this Consent Decree, to protection from contribution actions or claims as provided by Section 113(f)(2) of CERCLA, 42 U.S.C. § 9613(f)(2), for "matters addressed" in this Consent Decree. The "matters addressed" in this Consent Decree are all response actions taken or to be taken and all response costs incurred or to be incurred, at or in connection with the Site, by the United States or any other person. The "matters addressed" in this Consent Decree do not include those response costs or response actions as to which the United States has reserved its rights under this Consent Decree (except for claims for failure to comply with this Decree), in the event that the United States asserts rights against Settling Defendants coming within the scope of such reservations.

23. In any subsequent administrative or judicial proceeding initiated by the United States for injunctive relief, recovery of response costs, or other relief relating to the Site, Settling Defendants shall not assert, and may not maintain, any defense or claim based upon the principles of waiver, *res judicata*, collateral estoppel, issue preclusion, claim-splitting, or other defenses based upon any contention that the claims raised by the United States in the subsequent

proceeding were or should have been brought in the instant case; provided, however, that nothing in this Paragraph affects the enforceability of the Covenant Not to Sue by Plaintiff set forth in Section IX.

## XIII.  NOTICE TO SUCCESSORS-IN-TITLE

24.  With respect to any property owned or controlled by the Settling Defendants that is located within the Site, within 15 days after the entry of this Consent Decree, the Settling Defendants shall submit to EPA for review and approval a notice to be filed with the Recorder's Office [or Registry of Deeds or other appropriate office], New Castle County, State of Delaware, which shall provide notice to all successors-in-title that the property is part of the Site, and that EPA selected and implemented a removal action for the Site in 2000.  Such notice(s) shall identify the United States District Court in which this Consent Decree with Settling Defendants was filed, the name and civil action number of the case, and the date the Consent Decree was entered by the Court.  Settling Defendants shall record the notice(s) within 10 days of EPA's approval of the notice(s).  Settling Defendants shall provide EPA with a certified copy of the recorded notice(s) within 10 days of recording such notice(s).

25.  At least 30 days prior to the conveyance of any interest in property owned by the Settling Defendants and located within the Site including, but not limited to, fee interests, leasehold interests, and mortgage interests, Settling Defendants shall give the grantee written notice of this Consent Decree.  At least 30 days prior to such conveyance, Settling Defendants shall also give written notice to EPA of the proposed conveyance, including the name and address

of the grantee, and the date on which notice of (i) the Consent Decree, (ii) access easements, and/or (iii) restrictive easements was given to the grantee.

26. In the event of any such conveyance, Settling Defendants' obligations under this Consent Decree shall continue to be met by Settling Defendants. In no event shall the conveyance release or otherwise affect the liability of Settling Defendants to comply with all provisions of this Consent Decree, absent the prior written consent of EPA.

## XIV. RETENTION OF RECORDS

27. Until ten (10) years after the entry of this Consent Decree, each Settling Defendant shall preserve and retain all records now in its possession or control, or which come into its possession or control, that relate in any manner to response actions taken at the Site or the liability of any person under CERCLA with respect to the Site, regardless of any corporate retention policy to the contrary.

28. After the conclusion of the document retention period in the preceding paragraph, Settling Defendants shall notify EPA and DOJ at least 90 days prior to the destruction of any such records, and, upon request by EPA or DOJ, Settling Defendants shall deliver any such records to EPA. Settling Defendants may assert that certain records are privileged under the attorney-client privilege or any other privilege recognized by federal law. If Settling Defendants assert such a privilege, they shall provide Plaintiff with the following: (1) the title of the record; (2) the date of the record; (3) the name and title of the author of the record; (4) the name and title of each addressee and recipient; (5) a description of the subject of the record; and (6) the privilege

asserted. However, no records created or generated pursuant to the requirements of this or any

other settlement with the United States shall be withheld on the grounds that they are privileged.

29.  Each Settling Defendant hereby certifies individually that, to the best of its

knowledge and belief, after thorough inquiry, it has not altered, mutilated, discarded, destroyed or

otherwise disposed of any records, reports, or information relating to its potential liability

regarding the Site since notification of potential liability by the United States or the filing of suit

against him/her regarding the Site and that it has fully complied with any and all EPA requests for

information pursuant to Sections 104(e) and 122(e) of CERCLA, 42 U.S.C. §§ 9604(e) and

9622(e), and Section 3007 of RCRA, 42 U.S.C. § 6927.

## XV.  NOTICES AND SUBMISSIONS

30.  Whenever, under the terms of this Consent Decree, notice is required to be given or a

document is required to be sent by one party to another, it shall be directed to the individuals at

the addresses specified below, unless those individuals or their successors give notice of a change

to the other Parties in writing.  Written notice as specified herein shall constitute complete

satisfaction of any written notice requirement of the Consent Decree with respect to the United

States, EPA, DOJ, and Settling Defendants, respectively.

As to the United States:

> Chief, Environmental Enforcement Section
> Environmental and Natural Resources Division
> U.S. Department of Justice
> Box 7611
> Ben Franklin Station
> Washington, D.C. 20044-7611
> DOJ #90-11-3-08301

Patricia Hannigan, Esquire
Assistant United States Attorney
1007 Orange Street
Suite 700
Wilmington,  DE   19899-2046


As to EPA:


Melissa Pennington (3HS62)
U.S. Environmental Protection Agency
1650 Arch Street
Philadelphia,  PA   19103


Andrew S. Goldman (3RC41)
U.S. Environmental Protection Agency
1650 Arch Street
Philadelphia,  PA   19103


As to Settling Defendants:


Michael W. Arrington, Esquire
Parkowski, Guerke & Swayze
800 King Street
Suite 203
Wilmington,  DE   19801


## XVI.  **RETENTION OF JURISDICTION**

31.  This Court shall retain jurisdiction over this matter for the purpose of interpreting and

enforcing the terms of this Consent Decree.

### XVII.  INTEGRATION

32.  This Consent Decree and its appendices, if any, constitute the final, complete and exclusive agreement and understanding among the Parties with respect to the settlement embodied in this Consent Decree.  The Parties acknowledge that there are no representations, agreements or understandings relating to the settlement other than those expressly contained in this Consent Decree.

### XVIII.  LODGING AND OPPORTUNITY FOR PUBLIC COMMENT

33.  This Consent Decree shall be lodged with the Court for a period of not less than 30 days for public notice and comment.  The United States reserves the right to withdraw or withhold its consent if the comments regarding the Consent Decree disclose facts or considerations which indicate that this Consent Decree is inappropriate, improper, or inadequate. Settling Defendants consent to the entry of this Consent Decree without further notice.

34.  If for any reason this Court should decline to approve this Consent Decree in the form presented, this agreement is voidable at the sole discretion of any party and the terms of the agreement may not be used as evidence in any litigation between the Parties.

### XIX.  SIGNATORIES/SERVICE

35.  Each undersigned representative of a Settling Defendant to this Consent Decree and the Chief of the Environmental Enforcement Section, Environment and Natural Resources Division of the United States Department of Justice certifies that he or she is authorized to enter

into the terms and conditions of this Consent Decree and to execute and bind legally such Party to

this document.

36.  Each Settling Defendant hereby agrees not to oppose entry of this Consent Decree by

this Court or to challenge any provision of this Consent Decree, unless the United States has

notified Settling Defendants in writing that it no longer supports entry of the Consent Decree.

37.  Each Settling Defendant shall identify, on the attached signature page, the name and

address of an agent who is authorized to accept service of process by mail on behalf of that Party

with respect to all matters arising under or relating to this Consent Decree.  Settling Defendants

hereby agree to accept service in that manner and to waive the formal service requirements set

forth in Rule 4 of the Federal Rules of Civil Procedure and any applicable local rules of this

Court, including but not limited to, service of a summons.

## XX.  FINAL JUDGMENT

38.  Upon approval and entry of this Consent Decree by the Court, this Consent Decree

shall constitute the final judgment between and among the United States and the Settling

Defendants.  The Court finds that there is no just reason for delay and therefore enters this

judgment as a final judgment under Fed. R. Civ. P. 54 and 58.

**SO ORDERED THIS \_\_\_\_ DAY OF _____, 20\_\_ .**

_____

The Honorable Gregory M. Sleet
United States District Judge

*United States and State of Delaware v. M.A. Hanna Plastics, et al., No. 06-409*
*Consent Decree*

DONALD S. WELSH
Regional Administrator, Region III
U.S. Environmental Protection Agency
1650 Arch Street
Philadelphia, PA  19103

WILLIAM C. EARLY
Regional Counsel
U.S. Environmental Protection Agency, Region III
1650 Arch Street
Philadelphia, PA  19103

ANDREW S. GOLDMAN
Sr. Assistant Regional Counsel
U.S. Environmental Protection Agency, Region III
1650 Arch Street
Philadelphia, PA  19103

**THE UNDERSIGNED PARTIES enter into this Consent Decree in the matter of United States
v. M.A. Hanna Plastics Group, Inc., et al., No. 06-409 GMS (D. Delaware), relating to the 12th
Street Dump Site.**


**FOR THE UNITED STATES OF AMERICA**


RONALD J. TENPAS
Acting Assistant Attorney General
Environment and Natural Resources Division
U.S. Department of Justice
Washington, D.C.  20530


NANCY FLICKINGER
Senior Attorney
Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice
Washington, D.C.  20530

*United States and State of Delaware v. M.A. Hanna Plastics, et al., No. 06-409*
*Consent Decree*                                                                          *21*

COLM F. CONNOLLY
United States Attorney



Patricia C. Hannigan
Assistant United States Attorney
The Nemours Building
1007 Orange Street, Suite 700
P.O. Box 2046
Wilmington, DE 19899-2046
Bar ID Number 2145

*United States and State of Delaware v. M.A. Hanna Plastics, et al., No. 06-409*    22
*Consent Decree*

**FOR SIDNEY AND CAROL MAFFETT:**


*[Signature]*

*[Signature]*


**Agent Authorized to Accept Service on Behalf of Above-Signed Parties:**

*Please Type the Following:*

Name: Michael W. Arrington, Esquire

Title: Parkowski, Guerke & Swayze, P.A.

Address: 800 King Street, Suite 203
        Wilmington, DE 19801
Telephone: 302-654-3300