## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

UNITED STATES OF AMERICA,

              Plaintiff,

vs.

M.A. HANNA PLASTICS GROUP, INC.,
WILMINGTON ECONOMIC
DEVELOPMENT CORPORATION AND
SIDNEY AND CAROL MAFFETT,

              Defendants.

CIVIL ACTION NO. 06-409 - GMS

**DEFENDANT M.A. HANNA PLASTICS
GROUP, INC.'S NOTICE OF MOTION
TO EXTEND DEADLINES FOR
COMPLETION OF DISCOVERY AND
RESETTING THE TRIAL AND OTHER
DATES**

**TO:**    Patricia C. Hannigan, Esq.
         Assistant United States Attorney
         U.S. Department of Justice
         District of Delaware
         1007 N. Orange Street, Suite 700
         Wilmington, Delaware 19899-2046
         Attorneys for Plaintiff, United States of America

         Robert W. Whetzel, Esq.
         Todd A. Coomes, Esq.
         Richards, Layton & Finger, P.A.
         One Rodney Square
         P.O. Box 551
         Wilmington, Delaware 19899-2046
         Attorneys for Wilmington Economic Development Corporation
         and Sidney and Carol Maffett

PLEASE TAKE NOTICE THAT, the undersigned attorneys for Defendant M.A. Hanna

Plastic Group, Inc., will move before the United States District Court for the District of Delaware,

at the J. Caleb Boggs Federal Building, 844 N. King Street, Wilmington, DE 19801 upon motion to

extend deadlines for completion of discovery and resetting the trial and other dates in this case in

accordance with the Schedule set forth in the proposed Order pursuant to Local Rule 16.5.

{00333820.DOC}

PLEASE TAKE FURTHER NOTICE that in support of this Motion, Defendant M.A. Hanna Plastic Group, Inc. will rely on the Certification of John M. Scagnelli, Esq. and a proposed form of Order submitted herewith.

Oral argument is not requested unless opposition to the motion is received.

WEIR & PARTNERS LLP


By: ___/s/ Kenneth E. Aaron, Esquire
    Kenneth E. Aaron, Esq. (4043)
    824 Market Street
    P.O. Box 708
    Suite 1001
    Wilmington, Delaware 19899
    Telephone: (215) 241-7727

    Local Counsel for Defendant
    M.A. HANNA PLASTIC GROUP, INC.

-and-

SCARINCI & HOLLENBECK, LLC


By: ___/s/ John M. Scagnelli, Esquire
    John M. Scagnelli, Esq.
    Kathleen J. Devlin, Esq.
    1100 Valley Brook Avenue, P.O. BOX 790
    Lyndhurst, New Jersey 07071-0790
    Telephone: (201) 896-4100

    Attorneys for Defendant
    M.A. HANNA PLASTIC GROUP, INC.


Dated: September 21, 2007

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br><br>vs.<br><br>M.A. HANNA PLASTICS GROUP, INC.,<br>WILMINGTON ECONOMIC<br>DEVELOPMENT CORPORATION AND<br>SIDNEY AND CAROL MAFFETT,<br><br>          Defendants. | CIVIL ACTION NO. 06-409 - GMS<br><br>**ORDER GRANTING M.A. HANNA**<br>**PLASTICS GROUP, INC.'S MOTION TO**<br>**EXTEND DEADLINES FOR COMPLETION**<br>**OF DISCOVERY AND RESETTING THE**<br>**TRIAL AND OTHER DATES** |

**THIS MATTER** having been brought before the Court on Motion to Extend Deadlines For Completion of Discovery and Resetting the Trial and Other Dates pursuant to Local Rule 16.5 by the attorneys for Defendant, M.A. Hanna Plastics Group, Inc. and the Court having considered all papers, arguments of counsel, if any, and for good cause shown;

**IT IS** on this _____ day of September, 2007;

**ORDERED** that Defendant's Motion to Extend Deadlines For Completion of Discovery and Resetting the Trial and Other Dates in this case by three months is hereby **GRANTED** and the dates shall be adjusted in accordance with the Schedule set forth below; and it is further

**ORDERED** that a copy of this Order shall be served upon all counsel of record within _____ days of the date hereof.

_____
United States District Court Judge

## SCHEDULE

| Activity | Date |
| --- | --- |
| Fact discovery ends | February 11, 2007 |
| Expert Reports are due | February 11, 2007 |
| Responsive expert reports are due | March 28, 2007 |
| Deposition of experts are to be completed | May 1, 2008 |
| Pretrial Order is due, and motions in limine to be submitted with the pretrial submission | May 12, 2008 |
| Pretrial conference at 10:00 a.m. | June 11, 2008 |
| Trial | July 7, 2008 |

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

UNITED STATES OF AMERICA,

                Plaintiff,

vs.

M.A. HANNA PLASTICS GROUP, INC.,
WILMINGTON ECONOMIC
DEVELOPMENT CORPORATION AND
SIDNEY AND CAROL MAFFETT,

                Defendants.

CIVIL ACTION NO. 06-409 - GMS

**CERTIFICATION OF JOHN M.
SCAGNELLI, ESQ. IN SUPPORT OF
DEFENDANT M.A. HANNA PLASTICS
GROUP, INC.'S MOTION TO EXTEND
DEADLINES FOR COMPLETION OF
DISCOVERY AND RESETTING THE
TRIAL AND OTHER DATES**

JOHN M. SCAGNELLI, ESQ., of full age, certifies and says:

1.      I am an Attorney at Law in the State of New Jersey and a partner of the law firm of Scarinci & Hollenbeck, LLC, co-counsel for Defendant, M.A. Hanna Plastics Group, Inc. in connection with the above-captioned matter. I am fully familiar with the facts contained herein.

2.      I make this Certification in support of Defendant M.A. Hanna Plastics Group, Inc.'s ("M.A. Hanna") Motion to Extend Deadlines For Completion of Discovery and Resetting the Trial and Other Dates in this case by three months. This Motion is made pursuant to Delaware Local Rule 16.5.

3.      Delaware Local Rule 16.5 reads as follows:

> A request for an extension of deadlines for completion of discovery or postponement of the trial shall be made by motion or stipulation prior to expiration of the date deadline, and shall include the following: (1) the reasons for the request; and (2) either a supporting affidavit by the requesting counsel's client or a certification that counsel has sent a copy of the request to the client.

{00333823.DOC}

4.      On or about August 7, 2007, the parties filed a Stipulation for Extension of Discovery Deadlines with the Court. A true and accurate copy of the Stipulation for Extension of Discovery Deadlines is attached hereto as Appendix A.

5.      On August 29, 2007, the Court entered an oral order granting the discovery deadlines stating that dispositive motions were not to be filed. A true and accurate of the Pacer entry is attached hereto as Appendix B.

6.      Currently, the discovery deadlines, trial and other dates set in this case are as follows:

| Activity | Date |
| --- | --- |
| Fact discovery ends | November 9, 2007 |
| Expert Reports are due | November 9, 2007 |
| Responsive expert reports are due | December 28, 2007 |
| Deposition of experts are to be completed | February 1, 2008 |
| Pretrial Order is due, and motions in limine to be submitted with the pretrial submission | February 11, 2008 |
| Pretrial conference at 10:00 a.m. | March 6, 2008 |
| Trial | April 7, 2008 |

## REASONS FOR THE REQUEST

**Plaintiff USA/EPA Needs to Produce Additional Requested Documents and the Deposition of Michael Towle, EPA On-Scene Coordinator at the 12th Street Landfill Site Needs to be Completed.**

7.      On August 15, 2007 and August 16, 2007, I deposed Michael Towle, who was EPA's On-Scene Coordinator for the 12th Street Landfill Site Removal Action. During his deposition, Mr. Towle identified a series of relevant documents related to his testimony. Mr. Towle's deposition was continued until those documents could be located and reviewed. We summarized the documents requested during the Towle deposition for counsel for Plaintiff USA

in letters dated August 23, 2007 and August 28, 2007, attached as Appendices C and D.  As set forth in these letters, the requested documents include environmental sampling data, maps, and reports, as well as information relating to the dumping of material on the 12th Street Landfill Site by the Delaware Department of Transportation ("DelDOT"), information relating to the Brandywine Creek Mystery Spill, and a Confidential Enforcement Addendum which may include information about other potentially responsible parties for the 12th Street Landfill Site Removal Action.

Also, during the deposition of Mr. Towle, Plaintiff USA provided us with two handwritten logbooks containing field notes taken by Mr. Towle during the remediation of the 12th Street Landfill Site.  Because these log books had not been previously produced, none of the parties in this case have been afforded the opportunity to question Mr. Towle about the information contained within these log books.   During the deposition, counsel for Defendant WEDCO and I reserved  the right to question Mr. Towle as to the information contained in these documents.   See Towle Deposition at p. 334 (Appendix E):

> MR.   COOMES:   Yes,   please.
> Yesterday the plaintiff disclosed to
> us or gave to us, produced to us, two
> records, handwritten records, of the
> 12th   Street   Landfill   titled   as
> "Logbook Number 1" and "Logbook
> Number 2."   I would like to reserve
> any right to raise questions in the
> future   on   the   materials   covered
> within these.
>
> MR. SCAGNELLI: Right. And
> we join in that reservation with
> respect to M.A. Hanna.

All of the documents referred to above are important for M.A. Hanna's discovery in this case and need to be reviewed before Mr. Towle's deposition can be completed.

8.    Tens of thousands of pages of documents have been produced by Plaintiff USA relating to the 12th Street Landfill Site Removal Action.  It has been difficult to distill and understand the information until we obtained Mr. Towle's testimony explaining the environmental sampling data, maps, and reports.  After I advised counsel for Plaintiff USA that M.A. Hanna intended to file this motion, Plaintiff USA's counsel sent us a letter on September 19, 2007, attached as Appendix F, acknowledging that the documents are difficult to identify and provided a guide to locate the documents.

Certain other categories of requested documents, like those pertaining to the Brandywine Creek Mystery Spill, have not been produced.   Documents relating to The Brandywine Creek Mystery Spill are important because some of the costs associated with investigating this source of contamination were charged to the 12th Street Landfill Site.  See the following excerpt from Mr. Towle's deposition at p. 349, lines 2-18.  (Appendix G):

> MR. TOWLE:  If the information I'm looking at right in front of me is correct, and that is indeed the case, that the effort expended to collect the sample of sediment and analyze the PCB congeners, it was a cost for the 12th Street site.
>
> MR. SCAGNELLI:  And was there any work done after the sampling to remediate the PCBs in this area, at the 12th Street Landfill site?
>
> MR. TOWLE:  The effort expended to remove the contaminated sediment that would include oil and the PCB contaminant was conducted, and those costs were charged to a

separate work effort, called the
Brandywine Creek Mystery Spill.

Plaintiff USA's counsel in her September 19 letter stated that production of The Brandywine Creek Mystery Spill documents would be unduly burdensome and stated that a protective order would be needed: "We also note that before the U.S. could produce a significant portion of this material, the parties would likely need to secure the Court's signature on a protective order governing the production and use of such files, a process fraught with possible delay." M.A. Hanna believes that a meeting with the Magistrate will be helpful in resolving the issues relating to the production of the Brandywine Creek Mystery Spill documents in an efficient and expedited manner.

9.      We also requested during the Towle deposition the production of an EPA Confidential Enforcement Addendum referred to in EPA's Request for Funding Authorization for the 12th Street Landfill Removal Action, Towle Deposition Exhibit 72, that discusses potentially responsible parties for the 12th Street Landfill Remand Action. Plaintiff USA's counsel claims this information is protected by the attorney-client and attorney work product privileges. M.A. Hanna does not agree with Plaintiff USA's assertion of these privileges as a basis to refuse production of this document, and believe the document contains important information regarding the identity of other potentially responsible parties for the 12th Street Landfill Removal Action. We believe that the intervention of the Magistrate will also be helpful in addressing this issue.

10.     During Mr. Towle's deposition, counsel for Defendant WEDCO joined in Defendant M.A. Hanna's request for production of the Confidential Enforcement Memorandum. Towle Deposition at page 441 (Appendix H).

**Maffett Deposition**

11.     The deposition of Defendant Sidney Maffett was originally scheduled for August 13, 2007.  The Maffett Deposition Notice is attached as Appendix I.  Due to the fact that Mr. Maffett's wife was undergoing surgery that day, his deposition was adjourned.  This office provided alternate dates, which were not convenient for Mr. Maffett and counsel for the other parties.  Mr. Maffett's counsel provided dates in October for Mr. Maffett's deposition.  Counsel for Mr. Maffett has now agreed to produce Mr. Maffett for deposition on October 10, 2007.

**WEDCO Depositions**

12.     In June 2007, we advised Defendant WEDCO's counsel that we wanted to schedule a Rule 30(b)(6) deposition to inquire into several categories of information.  In mid July we provided WEDCO's counsel with dates for the Rule 30(b)(6) deposition.  We made several telephone calls to Defendant WEDCO's counsel to try to schedule dates for the deposition.  Not having been provided with a date, we served Defendant WEDCO's counsel on September 4, 2007 with a Rule 30(b)(6) Notice scheduling the deposition for October 11 and 12, 2007.  Copies of the September 4, 2007 letter to Defendant WEDCO's counsel and Rule 30(b)(6) Notice are attached as Appendix J.  Plaintiff USA's counsel advised counsel that she was not available on October 12, 2007.  On September 20, 2007, Defendant WEDCO's counsel advised that the WEDCO 30(b)(6) deposition could be scheduled the week of October 22, 2007.   We are now determining the availability of counsel during the week of October 22, and have requested, but have not yet been provided, with name(s) of Defendant WEDCO's representative(s) who will sit for the 30(b)(6) deposition.

**Delaware Department of Transportation**

13.     Mr. Towle testified during his deposition that fill was dumped in a large portion of the 12th Street Landfill Site by the Delaware Department of Transportation ("DelDOT").  See Towle Deposition at pages 161 - 162 (Appendix K).  See also the attached map on which Mr. Towle drew a yellow circle depicting the size and location of the DelDOT dumped fill material (the map was marked as Exhibit 1 during Towle Deposition and is attached as Appendix L). Documents we obtained from DelDOT show that DelDOT may have disposed of at least 8,473 cubic yards of unsuitable "muck excavation" soil and sewage sludge on the 12th Street Landfill Site.  See the attached DelDOT correspondence (Appendix M).  In light of Mr. Towle's testimony and these documents, DelDOT is likely a potentially responsible party for the 12th Street Landfill Removal Action.   M.A. Hanna intends to take the deposition of a DelDOT representative knowledgable concerning this dumping and may seek leave from the Court to add DelDOT as a party to this action.

**Three Month Extension of Discovery Dates and Trial Date is Requested**

15.     As can be seen from the above, discovery is ongoing in this case, and additional discovery work needs to be completed.  In addition, the intervention of the Magistrate is required to resolve the issues related to Plaintiff USA's production of documents.  Another party may likely need to be brought into this case.  Defendant M.A. Hanna requests that this Court grant a three month extension of the current discovery deadline and reset the trial and other dates in this case accordingly.  On September 18, 2007, counsel for Plaintiff advised me that she would agree to such an extension.

16.     This motion is not made for purposes of delay.  The motion is necessitated due to the need to complete discovery as outlined above.

17.    Pursuant to Delaware Local Rule 16.5, a copy of this request has been sent to our client.

I hereby certify that the foregoing statements made by me are true.  I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.


/s/ John M. Scagnelli_____
JOHN M. SCAGNELLI, ESQ.


Dated:    September 21, 2007

# APPENDIX A

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF DELAWARE

---

| | |
|---|---|
| UNITED STATES OF AMERICA,   : | |
|        : | |
|     Plaintiff,    : | |
|        : | |
|     vs.      : | |
|        : | |
| M.A. HANNA PLASTICS GROUP, INC., : | CIVIL ACTION 06-409-GMS |
| WILMINGTON ECONOMIC    : | |
| DEVELOPMENT CORPORATION   : | |
| AND SIDNEY AND CAROL MAFFETT, : | |
|        : | |
|     Defendants.    : | |

---

## STIPULATION FOR EXTENSION OF DISCOVERY DEADLINES

THIS STIPULATION made as of July ___, 2007 is entered into by and among M.A. HANNA PLASTICS GROUP, INC., ("Hanna"), WILMINGTON ECONOMIC DEVELOPMENT CORPORATION ("WEDCO"), UNITED STATES OF AMERICA ("USA") and SIDNEY AND CAROL MAFFETT (collectively "Maffet") (collectively Hanna, WEDCO, USA and Maffet are referred to as the "Parties") to set forth the agreement of the Parties to the extension of the discovery deadlines set by this Honorable Court in the Minutes of the Scheduling Conference of November 22, 2006 and the Scheduling Deadline Order of December 5, 2006 (collectively the "Scheduling Order") providing adequate time for the Parties to complete the currently anticipated discovery without the need for the changing the dates already set for the Pretrial Order and motions in limine to be submitted on February 11, 2008 or to delay the trial of this matter scheduled for April 7, 2008.

1.      The Complaint in this matter was filed on June 26, 2006 and the filing of responsive pleadings was completed on September 7, 2006.

2.      This Honorable Court held a scheduling conference on November 22, 2006 during which the Parties and the Court agreed to the establishment of deadlines for discovery, as well as, the date for filing of dispositive motions, motions in limine, the pretrial order, trial conference and trial.

3.      This Honorable Court memorialized and ordered the various deadlines in the Scheduling Order.

4.      Although the Parties have engaged in substantial discovery through interrogatories and document exchanges, the Parties have not yet completed certain addition document requests and the taking of the depositions desired by certain of the Parties and it is anticipated that those depositions will not be able to be completed by October 8, 2006 (the current deadline for fact discovery).

5.      The anticipated inability of the Parties to complete the depositions by October 8, 2006 is not the product of delay or lack of diligence of any Party; but rather, are the result of scheduling conflicts and lack of accessibility of certain desired deponents.

6.      Indeed, the Parties have scheduled discovery and the depositions potential witnesses to occur during the month of August as follows:

> July 24, 2007 at 10:00 a.m.:  Ten Bears document production, subpoena return date
>
> August 13, 2007 at 10:00 a.m.:  Deposition of Sidney Maffett
>
> August 15, 2007 at 10:00 a.m.:  Deposition of Michael Towle

289742-1                          2

August 16, 2007 at 10:00 a.m.:  Continue Deposition of Michael Towle

7.     Particularly, Hanna desires to schedule during September or October the

following depositions which have not yet been scheduled (and certain of which can not

be scheduled due to witnesses not been designated yet or being unavailable during the

month of September) as follows:

Ann Breslin (not available month of September)

Robert Asreem

Representative(s) of WEDCO

8.     The Parties have agreed on the extension of the fact discovery deadline for

a month from October 8, 2007 to November 9, 2007, the deadline to complete all expert

depositions from January 4, 2008 to February 1, 2008, as well as certain deadline dates

related thereto as set forth below:

| ACTIVITY | CURRENT DATE | PROPOSED DATE |
|---|---|---|
| Fact discovery ends. | October 8, 2007 | November 9, 2007 |
| Expert reports are due. | October 8, 2007 | November 9, 2007 |
| Dispositive motions due, Local Rules apply (Opening brief filed with the motion, answering brief within ten business days, reply brief within five business days); Opening and Answering briefs no more than five pages without leave of court, reply no longer than three pages; if relief is requested, must explain why. | October 22, 2007 | December 3, 2007 |
| Responsive expert reports are due. | November 8, 2007 | December 28, 2007 |
| Depositions of experts to be completed. | January 4, 2008 | February 1, 2008 |
| Pretrial Order is due. Motions in limine to be submitted with the pretrial stipulation. | February 11, 2008 | February 11, 2008 |

289742-1                                      3

| Pretrial conference at 10:00 a.m. (discuss whether jury or bench trial at pretrial conference.) | March 6, 2008 | March 6, 2008 |
| Two week trial starts today. | April 7, 2008 | April 7, 2008 |

     9.    The agreed upon changes in the deadlines will not alter the deadlines for the submission of the Pretrial Order and motions in limine on February 11, 2008 or delay the trial of this matter scheduled for April 7, 2008.

     THIS STIPULATION IS ENTERED INTO BY THE PARTIES HERETO, SUBJECT TO THE APPROVAL OF THE COURT:

                COLM F. CONNOLLY
                United States Attorney

                By: /s/ Patricia C. Hannigan
                    Patricia C. Hannigan
                    Assistant United States Attorney
                    Delaware Bar I.D. No. 2145
                    The Nemours Building
                    1007 Orange Street, Suite 700
                    P.O. Box 2046
                    Wilmington, DE  19899-2046

                WEIR & PARTNERS LLP

                By: /s/ Kenneth E. Aaron
                    Kenneth E. Aaron, Esquire (4043)
                    824 Market Street
                    P.O. Box 708
                    Suite 1001
                    Wilmington, Delaware 19899
                    Telephone: (302) 652-8181
                    kaaron@weirpartners.com
                    Local Counsel for Defendant
                    M.A. HANNA PLASTICS GROUP, INC.

289742-1                4

SCARINCI & HOLLENBECK, LLC

By: __/s/ John M. Scagnelli___
    John M. Scagnelli, Esquire
    Kathleen J. Devlin, Esquire
    1100 Valley Brook Avenue
    P.O. Box 790
    Lyndhurst, NJ 07071
    Telephone: (201) 896-4100
    jscagnelli@njlegalink.com
    Attorneys for Defendant
    M.A. HANNA PLASTICS GROUP, INC.


RICHARDS, LAYTON & FINGER

By: __/s/ Robert W. Whetzel___
    Robert W. Whetzel, Esquire
    Todd Anthony Coomes, Esquire
    One Rodney Square
    P.O. Box 551
    Wilmington, DE 19899
    Telephone (302) 658-6541
    whetzel@rlf.com
    Attorney for Defendant
    WILMINGTON ECONOMIC
    DEVELOPMENT CORPORATION

PARKOWSKI, GUERKE & SWAYZE,
P.A.

By: _/s/ Michael W. Aarington___
    Michael W. Arrington, Esquire
    800 King Street
    Suite 203
    Wilmington, DE 19801
    (302) 594-3333
    marrington@pgslegal.com
    Attorney for Defendants
    Sidney Maffett and Carol Maffett

The Stipulation is hereby approved this _____ day of July, 2007:

_____
Honorable Gregory M. Sleet
United States District President

# APPENDIX  B

**1:06-cv-00409-GMS** USA v. MA Hanna Plastics Group Inc. et al
Gregory M. Sleet, presiding
**Date filed:** 06/28/2006 **Date of last filing:** 09/06/2007

## Docket Information and Related Docket Entries
## Case 1:06-cv-00409-GMS

| | |
|---|---|
| **Filed:** | 08/29/2007 |
| **Entered:** | 08/29/2007 |
| **Entered By:** | Walker, April asw, |
| **Event Name(s):** | Oral Order |

**Full Docket Text:**
ORAL ORDER granting in part and denying in part [79] STIPULATION TO EXTEND TIME
Discovery Deadlines to filed by MA Hanna Plastics Group Inc. The court shall GRANT the extension of
the discovery deadline to 11/9/2007 and DENY the filing of case dispositive motions. There will be NO
case dispositive motions permitted. Ordered by Judge Gregory M. Sleet on 8/29/2007. (asw)

---

## All Related Docket Entries

| | |
|---|---|
| **Filed:** | 08/07/2007 |
| **Entered:** | 08/07/2007 |
| **Entered By:** | Kenneth E. Aaron, |
| **Event Name(s):** | Stipulation to EXTEND Time |

**Full Docket Text for Document 79:**
STIPULATION TO EXTEND TIME Discovery Deadlines to - filed by MA Hanna Plastics Group Inc..
(Aaron, Kenneth)

---

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 09/18/2007 15:05:19 | | |
| **PACER Login:** | sh0400 | **Client Code:** | 8689.4000 |
| **Description:** | Related Transactions | **Search Criteria:** | 1:06-cv-00409-GMS |
| **Billable Pages:** | 1 | **Cost:** | 0.08 |

# APPENDIX  C



SCARINCI & HOLLENBECK, LLC
*Attorneys at Law*

1100 VALLEY BROOK AVENUE
P. O. BOX 790
LYNDHURST, NEW JERSEY 07071-0790
(201) 896-4100 / (201) 896-8660 FAX

2 PARAGON WAY
FREEHOLD, NJ 07728
(732) 780-5590 / (732) 462-0385 FAX

6 WATER STREET, SUITE 401
NEW YORK, NEW YORK 10004
(212) 546-9255 / (212) 483-0876 FAX

*www.njlegalink.com*
WRITER EMAIL:

DONALD SCARINCI**
KENNETH J. HOLLENBECK
ROBERT E. LEVY*°□
VICTOR E. KINON*
PATRICK J. MCNAMARA*
ANDREW L. INDECK*
JOHN M. SCAGNELLI*
JOEL R. GLUCKSMAN*
JOSEPH A. FERRERO°*
MATTHEW J. GIACOBBE*
JOSEPH M. DONEGAN* *°
FRED D. ZEMEL*
THEODORE A. SCHWARTZ
THOMAS J. CAFFERTY
MARTIN R. PACHMAN
SHARON L. WEINER**
MARK K. FOLLENDER
MITCHELL L. PASCUAL**
FRANK L. BRUNETTI*°

RICHARD M. SALSBERG (1945-2005)

**Of Counsel**
NOMI IRENE LOWY
MARC L. POTOLSKY
MICHAEL R. WASSERMAN*

**Counsel**
SANDRA T. AYRES
MARK S. TABENKIN
JOHN P. LIBRETTI III*°
SHERI K. SIEGELBAUM
ROBIN T. MCMAHON
WILLIAM C. SULLIVAN JR.
MITCHELL B. JACOBS
WILLIAM A. BAKER
SEAN D. DIAS*
MARK J. SEMERARO*
KATHLEEN J. DEVLIN*
MICHAEL A. CIFELLI
FRANK P. KAPUSINSKI
WILLIAM T. ROGERS III*
CHRISTINE M. VANEK*
PARTHENOPY A. BARDIS*

**Associates**
JACQUELIN P. GIOIOSO
NATALIE CIFELLIa

ALLEN SAFRIN
ANTHONY P. SEIJAS
THOMAS A. SEGRETO
BRUCE W. PADULA
KARA A. KACZYNSKI
RAMON E. RIVERA
THOMAS H. PROL*
ANTHONY M. ORLANDO
ADAM S. ABRAMSON
NINA VIJ
LAURA M. MILLER
TRISTAN W. GILLESPIE*

* ADMITTED IN MASSACHUSETTS
* ADMITTED IN NEW YORK
° ADMITTED IN NEW YORK ONLY
* ADMITTED IN PENNSYLVANIA
a ADMITTED IN U.S. TAX COURT
* CERTIFIED CIVIL TRIAL ATTORNEY
° CERTIFIED CRIMINAL TRIAL ATTORNEY

PLEASE REPLY TO:
**LYNDHURST**

WRITER DIRECT DIAL:
**201-806-3397**

August 23, 2007

<u>*Via: Facsimile No. 302-573-6220 & Regular Mail*</u>
Patricia C. Hannigan, Assistant U.S. Attorney
U.S. Department of Justice
1007 N. Orange Street
Suite 700
P.O. Box 2046
Wilmington, Delaware 19899-2046

Re:    USA v. MA Hanna Plastic Group, Inc.
       Our File No. 8689.4000

Dear Ms. Hannigan:

As discussed during last week's deposition of Michael Towle regarding the above-referenced matter, please send us a copy of all documents pertaining to the Brandywine Creek Mystery Spill as well as all documents referred to as the "Confidential Enforcement Addendum" which was referenced in the Exhibit # Towle 72. For your ease of reference, I am attaching these requests as they were made during the deposition:

**Brandywine Creek Mystery Spill:** (See Towle deposition pp. 343-344)

```
4        MR. SCAGNELLI:    I'm going to
5        ask the government to produce all
6        documents it has relating to the
7        Brandywine Creek Mystery Spill as
8        referred to by this witness,
9        including all documents relating
10       to the costs charged for the
11       mystery spill, the contractors,
```

{00329822.DOC}

August 23, 2007
Page 2

> 12   and also documents which would
> 13   show the responsible parties for
> 14   the mystery spill and any outcome
> 15   of the mystery spill case.

**Confidential Enforcement Addendum:** (See Towle deposition pp. 440-441)

> 19      "The OSC has provided the
> 20   EPA removal enforcement section with
> 21   information available t pursue any and
> 22   all enforcement actions pertaining to the
> 23   12th Street Landfill Site. See attached
> 24   confidential enforcement addendum."
> 1       Do you see that?
> 2   A.   Yes, I do.
> 3      MR. SCAGNELLI: All right.
> 4   I'm going to make the same request
> 5   of the government for the
> 6   confidential enforcement addendum,
> 7   which was an attachment to the
> 8   September 30, 2000 request for
> 9   additional funding and exemption.
> 10   Again, if you have any
> 11   attorney/client privilege issues
> 12   you want to raise, we certainly
> 13   would consider that.

Thanks in advance for your cooperation.

Very truly yours,

TRISTAN W. GILLESPIE
For the Firm

TWG:bas

{00211444.DOC}

# APPENDIX  D





SCARINCI
HOLLENBECK, LLC
*Attorneys at Law*

1100 VALLEY BROOK AVENUE
P. O. BOX 790
LYNDHURST, NEW JERSEY 07071-0790
(201) 896-4100 / (201) 896-8660 FAX

2 PARAGON WAY                6 WATER STREET, SUITE 401
FREEHOLD, NJ 07728          NEW YORK, NEW YORK 10004
(732) 780-5590 / (732) 462-0385 FAX    (212) 546-9255 / (212) 483-0876 FAX

*www.njlegalink.com*
WRITER EMAIL: tgillespie@njlegalink.com

DONALD SCARINCI** ●
KENNETH J. HOLLENBECK
ROBERT E. LEVY*'''
VICTOR E. KINON*
PATRICK J. MCNAMARA*
ANDREW L. INDECK*
JOHN M. SCAGNELLI*
JOEL R. GLUCKSMAN*
JOSEPH A. FERRIERO''*
MATTHEW J. GIACOBBE*
JOSEPH M. DONEGAN* *●
FRED D. ZEMEL*
THEODORE A. SCHWARTZ
THOMAS J. CAFFERTY
MARTER R. PACHMAN
SHARON L. WEINER**
MARK K. FOLLENDER
MITCHELL L. PASCUAL**
FRANK L. BRUNETTI*

RICHARD M. SALSBERG (1945-2005)

Of Counsel
NOAH IRENE LOWY
MARC L. POTOLSKY
MICHAEL R. WASSERMAN*

Counsel
SANDRA T. AYRES
MARK S. TABENKIN
JOHN P. LORETTI III* ●
SHERI K. SIEGELBAUM
ROBIN T. MCMAHON
WILLIAM C. SULLIVAN JR.
MITCHELL B. JACOBS
WILLIAM A. BAKER
SEAN D. DIAS*
MARK J. SEMERARO*
KATHLEEN J. DEVLIN*
MICHAEL A. CIPELLI
FRANK P. KAPUSINSKI
WILLIAM T. ROGERS III*
CHRISTINE M. VANEK*
PARTHENOPY A. BARDIS*

Associates
JACQUELIN P. GIOIOSO
NATALIE CIFELLI●

ALLEN SAFRIN
ANTHONY P. SEIJAS
THOMAS A. SEGRETO
BRUCE W. PADULA
KARA A. KACZYNSKI
RAMON E. RIVERA
THOMAS H. PROL*
ANTHONY M. ORLANDO
ADAM S. ABRAMSON
NINA VIJ
LAURA M. MILLER
TRISTAN W. GILLESPIE*

* ADMITTED IN MASSACHUSETTS
● ADMITTED IN NEW YORK
'' ADMITTED IN NEW YORK ONLY
''' ADMITTED IN PENNSYLVANIA
+ ADMITTED IN U.S. TAX COURT
† CERTIFIED CIVIL TRIAL ATTORNEY
° CERTIFIED CRIMINAL TRIAL ATTORNEY

PLEASE REPLY TO:
LYNDHURST

WRITER DIRECT DIAL:
201-806-3397

August 28, 2007

*Via: E-Mail & Regular Mail*
Patricia C. Hannigan, Assistant U.S. Attorney
U.S. Department of Justice
1007 N. Orange Street
Suite 700
P.O. Box 2046
Wilmington, Delaware 19899-2046

      Re:    USA v. MA Hanna Plastic Group, Inc.
              Our File No. 8689.4000

Dear Ms. Hannigan:

      As a follow-up to my request last week for documents pertaining to the above-referenced matter, we would also like the following documents:

- The sampling report corresponding to Map V-1 "Figure 3 – Sampling Location Map" that you sent to Kenneth Aaron on August 14, 2007.
- The sampling report corresponding to Map D-10 "Grading/ Consolidation/ Sheetpile E & S Control, Phase I & II, July 2000" that you sent to Kenneth Aaron on August 14, 2007.
- The sampling report corresponding with Map J-4 "Weston: 2000 Existing Conditions, 2001 Preparatory Grading, Erosion & Sedimentation Control Plan, 2002 E & S Control Details/ Notes" that you sent to Kenneth Aaron on August 14, 2007.
- All environmental reports prepared by Stephens Environmental Consulting, Inc., 145 B Horseshoe Rd., Rising Sun, MD 21911 (see reference in map B-2 that you sent to Kenneth Aaron on August 14, 2007).

{00330666.DOC}

August 28, 2007
Page 2

- The enforcement memorandum section to the memo, dated 3/13/00, to Timothy R. Fields from Abraham Ferdas, regarding "Approval of a request for removal action at the 12th Street Landfill/Dump Site" (Exhibit No. Towle-71).
- All missing attachments to the 11-29-99 TRIP Report (Exhibit No. Towle-60) including the following:
  - Figure 3, Sample Location Plan
  - Figure 2, Site Plan
  - Page 6 of this TRIP report
  - Attachment #2: Sample Log Sheets
  - Attachment #3: Sample Data Summary
  - Attachment #4: Photograph Log
- All missing attachments to the 5-12-00 TRIP Report (Exhibit No. Towle-61) including the following:
  - Attachment #1: Sample Log sheets
  - Attachment #2: Sample Data Summary
  - Attachment #3: Photograph Log
- Any maps and sampling reports relating to the I-495 soil pile as referenced on pp.403-404 of the Towle deposition:
  - 24 And then on the eastern side
  - 1 of the site, there's another mound of
  - 2 soil that does not have hoses and things
  - 3 in and amongst it, but it's a different
  - 4 variety of soil; it has a different cover
  - 5 on it. The supposition was, is that that
  - 6 soil resulted from the area where they
  - 7 built 495 and they may have used that
  - 8 area as a location to put those kinds of
  - 9 soils.

Thanks in advance for your cooperation.

Very truly yours,

TRISTAN W. GILLESPIE
For the Firm

TWG:bas
Enclosure(s)

cc:    Andrew Goldman, Esq.

{00330666.DOC}

SCARINCI
HOLLENBECK, LLC
Attorneys at Law

# APPENDIX E

file:///M|/Documents%20and%20Settings/tgillespie/My%20Documents/8-16-07%20towle%20dep.txt

17      MR. SCAGNELLI:  Oh, sure.

18      Let me just finish the -- I

19      basically was saying that we're

20      going to be continuing questioning

21      about the pollution reports

22      authored and prepared with respect

23      to the 12th Street Landfill site.

24          Mr. Coomes, you want to put

          MICHAEL T. TOWLE

                334

1       a statement on the record?

2          MR. COOMES:  Yes, please.

3          Yesterday the plaintiff

4       disclosed to us or gave to us,

5       produced to us, two records,

6       handwritten records, of the 12th

7       Street Landfill titled as "Logbook

8       Number 1" and "Logbook Number 2."

9       I would like to reserve any right

10       to raise questions in the future

11       on the materials covered within

12       these.

13        MR. SCAGNELLI:  Right.  And

14    we join in that reservation with

15    respect to M.A. Hanna.

16        Anybody have anything else

17    preliminarily this morning?

18        (No response.)

19

20        EXAMINATION

21

22  BY MR. SCAGNELLI:

23    Q.    All right.  Mr. Towle, I

24  hand you a document which we marked as

MICHAEL T. TOWLE

335

1  Towle Exhibit 47, which is titled "POLREP

2  25, 12th Street Dump Site."  It's titled

3  "Situation (as of 22 December 2000)."

4        And is this another of these

5  POLREPs with respect to the 12th Street

6  Landfill site that you were familiar with

7  and we have been discussing?

# APPENDIX F

FROM USAO DISTRICT DE                    (WED) 9. 19' 07 17:13/ST. 17:12/NO. 4861728822 P  2



**U.S. Department of Justice**

*United States Attorney's Office*
*District of Delaware*

---

The Nemours Building                    (302) 573-6277 x 156
1007 Orange Street, Suite 700           FAX (302) 573-6220
P.O. Box 2046                           TTY (302) 573-6274
Wilmington, Delaware 19899-2046         Toll Free (888) 293-8162
                                        Patricia.Hannigan@usdoj.gov

September 19, 2007

**Via Facsimile and U.S. Mail**
John M. Scagnelli, Esquire
Scarinci & Hollenbeck, LLC
1100 Valley Brook Avenue
Lyndhurst, NJ 07071

     RE:    United States v. MA Hanna Plastic Group, Inc.
            Civil Action No. 06-409-GMS

Dear John:

     I write in response to the discovery requests you made of the United States verbally during the deposition of Michael Towle, repeated in letters of August 23 and August 28, 2007 from Tristan Gillespie.

     First, by letter of August 23, 2007, you requested "all documents pertaining to the Brandywine Creek Mystery Spill." It is the United States' position that such documents are irrelevant to the referenced matter, and these documents are unlikely to yield information that will lead to the discovery of admissible evidence. Moreover, production of these documents would be unduly burdensome. We also note that before the U.S. could produce a significant portion of this material, the parties would likely need to secure the Court's signature on a new protective order governing the production and use of such files, a process fraught with possible delay. For these reasons, we object to the production of these materials. If Hanna is able to identify with specificity what information it seeks to obtain from the Brandywine Creek Mystery Spill file, and if production of such documents would neither cause undue burden nor require preparation of a new protective order, we would be willing to discuss a compromise on this issue.

     Second, the August 23, 2007 letter requested "all documents referred to as the 'Confidential Enforcement Addendum' which was referenced in the Exhibit # Towle 72." There is one such document, and it is protected by the Attorney-Client and Attorney Work Product privileges. The document is identified as follows:

          "Enforcement Addendum to Request for a Funding Authorization for Removal Action at 12th Street Landfill/Dump Site, Wilmington, Delaware" (EPA Civil Investigator Lawrence H. Richardson)(undated)(2 pages). This document discusses the potential CERCLA liability of entities associated with the Site and contains an analysis of enforcement options and recommendations.

FROM USAO DISTRICT DE                    (WED) 9.19'07 17:13/ST. 17:12/NO. 4861728822 P  3

John M. Scagnelli, Esquire
September 19, 2007

    Third, the August 28, 2007 letter requests a number of documents relating to the Site. All responsive, non-privileged documents that exist have been produced to you, but I can understand that they are difficult to identify, and therefore will attempt to guide you to the specific documents. The documents requested, and the United States' response, are presented below in the order in which the requests appear in the letter:

1.    The sampling report corresponding to Map V-1 "Figure 3 – Sampling Location Map" that you sent to Kenneth Aaron on August 14, 2007.

    **Response:** No "sampling report" corresponds to Map V-1. This map, among other things, combines information regarding samples taken at various times in connection with the 12th Street response action. Map V-1 is Figure 3 in the Draft Engineering Evaluation/Cost Analysis ("EE/CA"), produced by the United States at Bates Numbers CBI638 – CBI730.

2.    The sampling report corresponding to Map D-10 "Grading/Consolidation/ Sheetpile E & S Control, Phase I & II, July 2000" that you sent to Kenneth Aaron on August 14, 2007.

    **Response:** No sampling report corresponds to Map D-10. Information relevant to the sample points identified in Map D-10 may be found in the November 29, 1999 Trip Report produced by the United States at Bates Numbers CBI16612 – CBI16695. We believe Map D-10 is Figure 3 to that report.

3.    The sampling report corresponding with Map J-4 "Weston: 2000 Existing Conditions, 2001 Preparatory Grading, Erosion & Sedimentation Control Plan, 2002 E & S Control Details/Notes" that you sent to Kenneth Aaron on August 14, 2007.

    **Response:** No sampling report corresponds to Map J-4. Map J-4 consists of erosion and sedimentation control details and notes. Map J-2 within this collection contains information regarding samples taken at various times in connection with the 12th Street response action. Information relevant to the sample points identified in Map J-2 may be found at Bates Numbers CBI638 – CBI 730; 1360 – 1364, CBI1131 – CBI1132; and CBI309 – CBI637.

2

FROM USAO DISTRICT DE                    (WED) 9.19'07 17:13/ST.17:12/NO.4861728822 P  4

John M. Scagnelli, Esquire
September 19, 2007

4.    All environmental reports prepared by Stephens Environmental Consulting, Inc.,
      145 B Horseshoe Rd., Rising Sun, MD 21911 (see reference in map B-2) that you
      sent Kenneth Aaron on August 14, 2007.

      **Response:** None.

5.    The enforcement memorandum section to the memo, dated 3/13/00, to Timothy R.
      Fields from Abraham Ferdas, regarding "Approval of a request for removal action
      at the 12th Street Landfill Dump Site" (Exhibit No. Towle-71).

      **Response:** The United States objects to the production of this document, which is
      protected by the Attorney-Client and Attorney Work Product privileges. The
      basis for this objection is set out in the third paragraph of this letter.

6.    All missing attachments to the 11/29/99 TRIP Report (Exhibit No. Towle- 60)
      including the following:

      a.    Figure 3, Sample Location Plan

            **Response:** This was produced as Map D-10.

      b.    Figure 2, Site Plan

            **Response:** This was produced as Map A-2.

      c.    Page 6 of this TRIP Report

            **Response:** Page 6 consists of a pocket for Figure 3, which was produced
            as Map D-10.

      d.    Attachment #2: Sample Log Sheets

            **Response:** See Bates Numbers CBI16642 – CBI16662.

      e.    Attachment #3: Sample Data Summary

            **Response:** See Bates Numbers CBI16663 – CBI16694.

      f.    Attachment #4: Photograph Log

3

John M. Scagnelli, Esquire
September 19, 2007

> **Response:** The United States has been unable to verify which photographs in its possession were included in Attachment #4. None of the copies of this document located by the United States includes this attachment. The United States has produced all photographs in its possession relating to this site, and believes the photographs originally included as Attachment #4 would be found within that collection.

7. All missing attachments to the 5-12-00 TRIP Report (Exhibit No. Towle-61) including the following:

    a.    Attachment #1: Sample Log Sheets

>     **Response:** See Bates Numbers CBI16705 – CBI16832

    b.    Attachment #2: Sample Data Summary

>     **Response:** See Bates Numbers CBI16833 – CBI16859

    c.    Attachment #3: Photograph Log

>     **Response:** See Bates Numbers CBI16860 – CBI16862\

8. Any maps and sampling reports relating to the I-495 soil pile as referenced on pp. 403 – 404 of the Towle deposition.

> **Response:** Samples were taken in the *vicinity* of "the I-495 soil pile" to which you refer. Information regarding such samples may be found at Bates Numbers CBI16696 – CBI16862.

If you have any questions, please feel free to contact me.

Very truly yours,

COLM F. CONNOLLY
United States Attorney

By: _____

Patricia C. Hannigan
Assistant United States Attorney

cc:    Robert W. Whetzel, Esq.
        Todd A. Coomes, Esq.
        Tristan W. Gillespie, Esq.
        Michael W. Arrington, Esq.
        Andrew Goldman, Esq.

# APPENDIX G

14   aerial photography and topographic

15   mapping of the site."

16          Do you see that?

17      A.   Yes, I do.

18      Q.   All right.  So seeing that,

19   is it correct that EPA had Tetra Tech

20   collect sediment samples for PCBs?

21      A.   Yes.

22      Q.   Okay.  And were the costs

23   for the collection of those samples

24   included as part of the 12th Street

                MICHAEL T. TOWLE

                      349

1   Landfill removal action?

2       A.   If the information I'm

3   looking at right in front of me is

4   correct, and that is indeed the case,

5   that the effort expended to collect the

6   sample of sediment and analyze the PCB

7   congeners, it was a cost for the 12th

8   Street site.

9       Q.   And was there any work done

10  after the sampling to remediate the PCBs

11  in this area, at the 12th Street Landfill

12  site?

13      A.   The effort expended to

14  remove the contaminated sediment that

15  would include oil and the PCB contaminant

16  was conducted, and those costs were

17  charged to a separate work effort, called

18  the Brandywine Creek Mystery Spill.

19      Q.   All right.  And is that

20  Brandywine Creek Mystery Spill what the

21  case -- the oil case that we were

22  discussing yesterday?

23      A.   Yes.

24      Q.   Okay.  And is that the case

                MICHAEL T. TOWLE

                       350

1  that you are currently the on-scene

2  coordinator or project manager for?

3      A.   Yes.

4          MR. SCAGNELLI:  Okay.  And

# APPENDIX  H

file:///M|/Documents%20and%20Settings/tgillespie/My%20Documents/8-16-07%20towle%20dep.txt

9  attached to the memo, which you just

10  referred to as a memo from A. Ferdas to

11  Tim Fields.

12      Q.   All right.  I'd like to

13  direct your attention to the last page of

14  this exhibit, 72.  Do you see the section

15  IX, "Enforcement Status"?

16      A.   Yes.

17      Q.   Okay.  Let me read this and

18  ask you about it.

19          "The OSC has provided the

20  EPA removal enforcement section with

21  information available to pursue any and

22  all enforcement actions pertaining to the

23  12th Street Landfill Site.  See attached

24  confidential enforcement addendum."

            MICHAEL T. TOWLE

                  441

1          Do you see that?

2      A.   Yes, I do.

3          MR. SCAGNELLI:  All right.

file:///M|/Documents%20and%20Settings/tgillespie/My%20Documents/8-16-07%20towle%20dep.txt

4       I'm going to make the same request

5       of the government for the

6       confidential enforcement addendum,

7       which was an attachment to the

8       September 30, 2000 request for

9       additional funding and exemption.

10      Again, if you have any

11      attorney/client privilege issues

12      you want to raise, we certainly

13      would consider that.

14          All right.  Let's mark the

15      next exhibit.

16          MR. COOMES:  WEDCO would

17      join in those requests.

18          (Whereupon, Deposition

19      Exhibit No. Towle-73, Letter dated

20      10/3/00 to Sidney Moffett from Ben

21      Mykijewycz, with attachment and

22      enclosure, Bates 0000001329-33,

23      was marked for identification.)

24   BY MR. SCAGNELLI:

             MICHAEL T. TOWLE

# APPENDIX  I

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| vs. | : | |
| | : | |
| M.A. HANNA PLASTICS GROUP, INC., | : | CIVIL ACTION 06-409-GMS |
| WILMINGTON ECONOMIC | : | |
| DEVELOPMENT CORPORATION | : | |
| AND SIDNEY AND CAROL MAFFETT, | : | |
| | : | |
| Defendants. | : | |

### NOTICE OF DEPOSITION

TO:    Patricia C. Hannigan, Esquire
U.S. Attorney's Office
*(Attorney for United States of America);*

Andrew S. Goldman, Esquire
Senior Assistant Regional Counsel;

Robert W. Whetzel, Esquire
Todd Anthony Coomes, Esquire
Richards, Layton & Finger
*(Attorney for Wilmington Economic*
*Development Corporation);*

Michael W. Arrington, Esquire
Parkowski, Guerke & Swayze, P.A.
*(Attorney for Sidney and Carol Maffett)*

PLEASE TAKE NOTICE that, pursuant to Federal Rule of Civil Procedure 30, Defendant M.A. Hanna Plastic Group, Inc., by and through their undersigned counsel, will take the deposition upon examination of **Sidney Maffett,** before a notary public or other person authorized by law to administer oaths, on **August 13, 2007, at 10:00 AM.,** at the offices of

Michael W. Arrington, Esquire, Parkowski, Guerke & Swayze, P.C., 800 King Street, Wilmington, DE 19801.  The deposition will continue until completed.

WEIR & PARTNERS LLP

By:  /s/ Kenneth E. Aaron. Esquire
     Kenneth E. Aaron, Esquire
     WEIR & PARTNERS LLP
     Kenneth E. Aaron, Esq. (4043)
     824 Market Street
     P.O. Box 708
     Suite 1001
     Wilmington, Delaware 19899
     Telephone:  (215) 241-7727
     kaaron@weirpartners.com
     Local Counsel for Defendant, M.A.
     Hanna Plastics Group, Inc.

     JOHN M. SCAGNELLI
     KATHLEEN J. DEVLIN
     SCARINCI & HOLLENBECK, LLC
     John M. Scagnelli, Esq.
     Kathleen J. Devlin, Esq.
     1100 Valley Brook Avenue, P.O. BOX 790
     Lyndhurst, New Jersey 07071-0790
     Telephone:  (201) 896-4100
     Attorneys for Defendant, M.A. Hanna
      Plastics Group, Inc.

Dated: July 18, 2007

289696-1

# APPENDIX  J

LAW OFFICES

# WEIR & PARTNERS LLP

824 MARKET STREET MALL, SUITE 1001

PO BOX 708

WILMINGTON, DE 19899

—————

(302) 652-8181

FAX (302) 652-8909

PHILADELPHIA OFFICE

—————

SUITE 500

THE WIDENER BUILDING

1339 CHESTNUT STREET

PHILADELPHIA, PA 19107

—————

(215) 665-8181

FAX (215) 665-8484

NEW JERSEY OFFICE

—————

20 KINGS HIGHWAY WEST

HADDONFIELD, NJ 08033-2118

(856) 740-1490

FAX (856) 740-1491

September 4, 2007

Robert W. Whetzel, Esquire
Richards, Layton & Finger, P.A.
One Rodney Square
P.O. Box 551
Wilmington, Delaware 19899-2046

     Re:    USA v. M.A. Hannah Plastics Group, Inc., et al
             Civil Action No. 06–409

Dear Mr. Whetzel:

     With respect to the above matter, enclosed please find a Notice of Deposition of Corporate Designees directed to the Defendant, Wilmington Economic Development Corporation. Once your client has determined the identity of the individual(s) designated to testify, kindly notify the undersigned.

     The depositions are scheduled to take place on October 11, 2007 at 10:00 AM and October 12, 2007 at 10:00 AM at our Delaware Office, which address is indicated on the Notice of Deposition.

292999-1

WEIR & PARTNERS LLP

Should you have any questions, please do not hesitate to contact me.

Very truly yours,

Kenneth E. Aaron

KEA/jl
Enclosures
cc:    John M. Scagnelli, Esquire
       Kathleen Devlin, Esquire
       Patricia C. Hannigan, Esquire
       Andrew S. Goldman, Esquire
       Michael W. Arrington, Esquire
       Todd Anthony Coomes, Esquire

292999-1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| vs. | : | |
| | : | |
| M.A. HANNA PLASTICS GROUP, INC., | : | CIVIL ACTION 06-409-GMS |
| WILMINGTON ECONOMIC | : | |
| DEVELOPMENT CORPORATION | : | |
| AND SIDNEY AND CAROL MAFFETT, | : | |
| | : | |
| Defendants. | : | |

## NOTICE OF RULE 30(b)(6) DEPOSITION
## OF WILMINGTON ECONOMIC DEVELOPMENT CORPORATION

TO:   Robert W. Whetzel, Esquire
      Todd Anthony Coomes, Esquire
      Richards, Layton & Finger
      One Rodney Square
      P.O. Box 551
      Wilmington, DE 19899

PLEASE TAKE NOTICE that pursuant to Rule 30(b)(6) of the Federal Rules of Civil

Procedure and Local Rule 30.1 of the Local Rules of Civil Practice and Procedure of the United

States District Court for the District of Delaware, the Defendant, M.A. Hanna, by and through its

undersigned counsel, will take the deposition of the **Corporate Designee(s) of Wilmington**

**Economic Development Corporation ("WEDCO")**, with knowledge of the subject matters

listed below on Thursday, October 11, 2007 at 10:00 AM and Friday, October 12, 2007 at 10:00

AM, at the offices of Weir & Partners, LLP, 824 Market Street Mall, Suite 1001, Wilmington,

Delaware 19899, before a Notary Public or some other officer authorized by law to administer

oaths. The oral examination will continue from day to day until completed.

<u>MATTERS ON WHICH EXAMINATION IS REQUESTED</u>

1.    Allegations set forth in Court I of Wilmington Economic Development

("WEDCO") Cross-Claims that M.A. Hanna is liable for and is required to pay an equitable

share of any response costs or other monetary liability or damage of any kind incurred and to be

incurred by WEDCO relating to the Site pursuant to §113(f) of CERCLA.

2.    Allegations set forth in Court III of WEDCO's Cross-Claims that Dayco breached

its contract with WEDCO.

3.    Allegations set forth in Court V of WEDCO's Cross-Claims that Dayco

committed fraud.

4.    Activities at the Site, including dumping, disposal, storage of materials and

equipment during the time frame that WEDCO owned the property.


WEIR & PARTNERS LLP

By:    /s/ Kenneth E. Aaron, Esquire
       Kenneth E. Aaron, Esquire
       WEIR & PARTNERS LLP
       Kenneth E. Aaron, Esq. (4043)
       824 Market Street
       P.O. Box 708
       Suite 1001
       Wilmington, Delaware 19899
       Telephone: (215) 241-7727
       kaaron@weirpartners.com
       Local Counsel for Defendant, M.A.
       Hanna Plastics Group, Inc.

292802-1

And

John M. Scagnelli, Esquire
Kathleen J. Devlin, Esquire
SCARINCI & HOLLENBECK, LLC
1100 Valley Brook Avenue, P.O. BOX 790
Lyndhurst, New Jersey 07071-0790
Telephone: (201) 896-4100
Attorneys for Defendant, M.A. Hanna
Plastics Group, Inc.

Dated: September 4, 2007

292802-1

# APPENDIX  K

file:///M|/Documents%20and%20Settings/tgillespie/My%20Documents/towle%20dep%201.txt

14  onto.  You could walk through it, but

15  that was just about it.  The fence had to

16  be removed in order to get equipment into

17  that area for the purposes of the sheet

18  piling, to drive the sheet piling into

19  the ground, for the purpose of conducting

20  removal operations to get an excavator,

21  for example, in there to move the soil.

22      Q.    All right.  I'd like you to

23  next look at I-C.  Let me just read this

24  and ask you about this.

MICHAEL T. TOWLE

161

1        "OSC has identified waste

2  material disposed in the DelDOT-owned

3  parcel.  This situation will require

4  extent of contamination and capping

5  operations to occur on the DelDOT

6  parcel."

7        Do you see that?

8      A.    Yes.

file:///M|/Documents%20and%20Settings/tgillespie/My%20Documents/towle%20dep%201.txt

9      Q.   Okay.  First of all,

10   where -- can you illustrate on the map

11   where on the DelDOT-owned parcel was the

12   waste material disposed of that you're

13   referring to here?

14      A.   I'm referring you to II-G.

15   It gives a general location of the area

16   we're talking about.

17      Q.   All right.

18      A.   Which is the area in the

19   original green circle that I drew on your

20   map.

21      Q.   All right.  And would that

22   be the solid -- the solid green area

23   that's depicted -- that you drew earlier

24   on the map?

MICHAEL T. TOWLE

162

1      A.   The solid green area

2   represents the DelDOT-owned piece of the

3   original area where all the ARS equipment

4   was located.

5      Q.   And that DelDOT-owned piece

6   on the green area, that piece on this

7   particular map, was that within the

8   extent of the surface cap that was placed

9   on the 12th Street Landfill site?

10      A.   From this map, you really

11   can't tell the answer to that question,

12   but I believe the answer is yes.

13      Q.   So it would be correct to

14   state that removal action activities at

15   12th Street Landfill occurred on property

16   owned by the Delaware Department of

17   Transportation?

18      A.   Correct.

19      Q.   Do you know what the cost

20   for the activities that were conducted on

21   the DelDOT-owned parcel were?

22      A.   No.  The costs are not

23   separated out by landowner.

24      Q.   Okay.  And so that

                MICHAEL T. TOWLE

# APPENDIX L

LEGEND/REFERENCE DATA

SOURCE: REFERENCE DATA

12th Street Landfill/Dump Site
Wilmington, New Castle County
Delaware

APPROXIMATE SITE COORDINATES

FIGURE 2
Site Map

# APPENDIX  M

March 25, 1975

RECEIVED

MAR 26 1975

OFFICE MANAGER
STATE HIGHWAY DEPT.

Mr. D. A. McCue
Specifications Engineer
Division of Highways
Dover, Delaware

RE:  Contract 73-10-014
     12th Street Structures
     over the Penn Central
     Railroad and I-495

Dear Mr. McCue:

    A recent field review of I-495 in the area of the
12th Street interchange showed the need for fill material
in the southwest quadrant of the 12th Street structure
over the Railroad to drain a low area.

    We request an addendum be issued to read, "Excess
excavated material from this contract shall be placed on
the west side of the Penn Central Railroad and/or in the
I-495 berm area as directed by the Engineer."

    The Federal Highway Administration agrees with this
change.

                    Very truly yours,

                    DIVISION OF HIGHWAYS


                    John A. Lucey
                    Review Engineer

JAL:cs
cc:  Mr. A. B. Cullen, Jr.
     Mr. L. L. LeCompte
     Mr. C. D. Fulmer
     Mr. T. Schmidt

DELDOT 003286



RICHARD A. HABER
DIRECTOR OF HIGHWAYS

**STATE OF DELAWARE**
**DIVISION OF HIGHWAYS**
P. O. BOX 8
BEAR, DELAWARE 19701

May 6, 1976

MEMORANDUM

To     Mr. Bruce C. Furman, Assistant District Engineer

From   Mr. T. J. Schmidt, Area I Engineer

Reference:  Contract 74-12-01D
            I-495 Grading & Paving
            F.A.P. No. I-495-3(29)16

While the contractor was rolling the select base in preparation
for soil cement placement between I-495 Station 410 + 50 and
Station 413 + 75, right of baseline, it became apparent that
the subgrade was unstable within the area as a result of an
underlying condition. Materials and Research personnel were
called in to obtain several auger borings within the area. The
test borings revealed thicknesses of organic silts and clays of
3 to 7 feet to depths of 5 to 10 feet. Since the contractor had
idle cranes in the near vicinity and since he was able to drag-
line excavate and cast the unsuitable soils to an adjacent
12th Street infield area in the same operation he agreed to
perform the work under the item premium excavation. The backfill
was composed of surcharge removed from the 12th Street area.
The excavation quantity was estimated to be 5,000 C.Y. and funds
were obtained immediately in order to perform the work at the
agreed unit price. The quantity excavated within the northbound
lanes amounted to 5,306 C.Y. and an additional 405 C.Y. was
excavated on the adjacent southbound lanes for the same reason.

The plans for the original stabilization contract (Contract
70-06-003) did not call for any stabilization between Station 410 +
50 and 413 + 70. In addition to this field construction and
laboratory personnel deemed the area to be stable and not require
any excavation at the time of the previous contract. Unfortunately
everyone was misled by: (1) The borings indicated a rapid rise in
the bottom of unsuitable material to presumably stable soils in
the above area, and (2) The above mentioned soils were overlain
in the area by varying thicknesses of old fill material. This
was verified by several of the recent borings which revealed
manmade materials within the overlying soils. It is quite possible



DEPARTMENT OF
HIGHWAYS AND TRANSPORTATION
CLIFFORD E. HALL
SECRETARY

DELDOT 001992

Mr. Bruce C. Furm
May 6, 1976
Page 2

that the fill was placed prior to Contract 70-06-003 by
Delmarva Power & Light Company to provide access roads to
transmission towers within the area.  Hence although the
underlying soils were unstable the lack of stability did not
become apparent until the heavy equipment of the present contract
went through the area.


TJS/bam
cc:  Mr. D. Geiszler
     Mr. J. T. West

DELDOT 001993



RICHARD A. HABER
DIRECTOR OF HIGHWAYS

**STATE OF DELAWARE**
**DIVISION OF HIGHWAYS**
P.O. BOX 778
DOVER, DELAWARE 19901

PHONE: (302) 678-4301

RECEIVED
JUL 20 1976
DIV. ........
NORTH DISTRICT

July 16, 1976

Mr. J. K. Smith
District Engineer
Division of Highways
Bear, Delaware

RE:  Contract 74-12-010, I-495 Grading & Paving
     F.A.P. No. I-495-3(29)16

Dear Mr. Smith:

Reference is made to your letter of June 30, 1976 advising of the contractor's general agreement to utilize sewage sludge in lieu of topsoil with some exceptions.

The Division of Highways agrees with the exceptions and approves the use of sewage sludge.  The verbal concurrence of the Federal Highway Administration has been obtained to both the exceptions and the use of the sewage sludge on the basis that there is no increase in cost to the contract and that a new item is established.  Therefore, you are authorized to process a change order for an estimated quantity of an item entitled "Sewage Sludge Placement" at a unit price of $1.00/S.Y.

Yours very truly,

DIVISION OF HIGHWAYS

T. Hood Simpson
Chief, Bureau of Construction

THS:COR:cf
cc:
Mr. R. E. Tomasetti          Mr. J. A. Lucey
Mr. E. B. Palenski           Mr. S. J. Lesley
Mr. A. B. Cullen             Mr. J. T. West
Mr. P. Chamberlain           Mr. J. L. Sipple

DEPARTMENT OF
HIGHWAYS AND TRANSPORTATION
CLIFFORD E. HALL
SECRETARY

The First State
DELAWARE

DELDOT 001970

February 17, 1977

MEMORANDUM

TO:   Mr. Bruce C. Furman, Assistant District Engineer

FROM:   Mr. Kirkor Yilancioglu, Survey Engineer

REF:   Contract 74-12-010
       I-495 Grading and Paving

Please note that the removal of unsuitable material "Rock Excavation" between station 49 + 10 to 54 + 05 on relocated 12th Street comes to 8,473 C.Y.  The same area was backfilled with 4,562 C.Y. of fill material to bring the "fill" into subgrade elevation along 12th Street.

These quantities were derived from original and final field cross sections.

KY/bmc
cc:   Mr. J. T. West
      Mr. C. O. Reed

RECEIVED
MAR 3 1977

BUREAU OF CONSTRUCTION
& DIVISION OF HIGHWAYS

DELDOT 001543