# RICHARDS, LAYTON & FINGER

A PROFESSIONAL ASSOCIATION
ONE RODNEY SQUARE
920 NORTH KING STREET
WILMINGTON, DELAWARE 19801
(302) 651-7700
FAX (302) 651-7701
WWW.RLF.COM

TODD A. COOMES
ASSOCIATE

DIRECT DIAL NUMBER
302-651-7507
COOMES@RLF.COM

October 19, 2007

**VIA Electronic Filing**

The Honorable Gregory M. Sleet
United States District Court for the
  District of Delaware
844 King Street
Wilmington, Delaware 19801

      RE:    United States of America v. M.A. Hanna Plastics Group, Inc., et al.,
                Civil Action No. 06-409-GMS

Dear Chief Judge Sleet:

      On behalf of defendant Wilmington Economic Development Corporation ("WEDCO"), we note that today's docket entry setting the trial date and start time in this action indicates it as being a "Bench Trial". As the Court may remember, WEDCO demanded a trial by jury in this action (see D.I. 22), and the parties discussed this demand with Your Honor during the November 22, 2006 scheduling conference (see D.I. 43, attached pages 23-24). At that time, the Court indicated that any party opposing the jury demand could move to strike such demand at the same time motions in limine were filed, and any issue could be resolved at the time of pretrial conference.

      We write to clarify that the Court's docket entry of today setting the matter for trial on April 7, 2008 is not meant to alter or amend the above-described procedure for addressing the jury demand issue.

Respectfully,

Todd A. Coomes

cc:    Clerk of the Court (By Hand)
         Patricia C. Hannigan, Esquire (By electronic filing)
         Michael W. Arrington, Esquire (By electronic filing)
         John Anthony Macconi, Jr., Esquire (By electronic filing)

RLF1-3214674-1

1

```
 1              IN THE UNITED STATES DISTRICT COURT

 2             IN AND FOR THE DISTRICT OF DELAWARE

 3                          -  -  -

 4   UNITED STATES OF AMERICA,     :    Civil Action
                                   :
 5             Plaintiff,          :
                                   :
 6         v.                      :
                                   :
 7   M.A. HANNA PLASTICS           :
     GROUP, INC., WILMINGTON       :
 8   ECONOMIC DEVELOPMENT          :
     CORPORATION AND SIDNEY        :
 9   AND CAROL MAFFETT,            :
                                   :
10             Defendants.         :    No. 06-409 (GMS)

11                          -  -  -

12                    Wilmington, Delaware
              Wednesday, November 22, 2006
13                        9:30 a.m.
                       In Chambers
14
                             -  -  -
15
     BEFORE:  HONORABLE GREGORY M. SLEET, U.S.D.C.J.
16
     APPEARANCES:
17
             PATRICIA C. HANNIGAN, ESQ.
18           Assistant United States Attorney
                     -and-
19           ANDREW GOLDMAN, ESQ.
             United States Environmental Protection Agency
20           (Washington, D.C.)

21                          Counsel for Plaintiff

22

23

24

25
```

1    THE COURT: That is not really my inclination.
2 I was just thinking that out.
3    MR. SCAGNELLI: That is the concern. We want to
4 be as efficient as we can in resolving this case.
5    THE COURT: What about the advisory jury
6 thought?
7    MR. SCAGNELLI: I would view that as
8 unnecessary. I think this Court has the jurisdiction to
9 adjudicate the contract claims. I would also say the
10 contract claims, at least from our perspective, really rise
11 in the context of cost allocation because, I think the
12 parties have effectively said, as to Hanna, they sold the
13 property virtually for no consideration for WEDCO, that
14 WEDCO knew what it was getting, they assumed liability for
15 any environmental contamination. WEDCO is saying, that is
16 not the case. Hanna knew about it or at that point Dayco
17 knew about it and there was some fraud in the contract.
18 That is really in the nature of cost-shifting and
19 allocation. That is really I think what we are dealing with
20 here.
21    Viewed from that perspective, I think we feel
22 that that is all part of the 113(f) CERCLA contribution,
23 that really is part and parcel -- another aspect of it,
24 another aspect for the Court to consider but it really
25 relates to contribution indemnification under common law.

1   So it is very difficult to break that out and to spend the
2   resources to have an advisory jury, when really the only way
3   to effectively -- we need one decision-maker with the entire
4   factual context in mind to effectively rule there.  That
5   would be our view, anyway.
6           THE COURT:  Understood.
7           The two-week time frame proposed for trying the
8   case, did that contemplate a Bench or a jury trial?
9           MR. SCAGNELLI:  Bench trial.
10          MR. WHETZEL:  Jury trial from our perspective,
11  Your Honor.
12          THE COURT:  So you believe you are going to need
13  two weeks on a Bench trial?
14          MR. SCAGNELLI:  Yes.
15          THE COURT:  Do you agree?
16          MS. HANNIGAN:  Yes.
17          THE COURT:  At this point, I am going to
18  schedule it for two weeks.  We are going to mark it down as
19  a Bench trial.  If WEDCO feels strongly enough about it to
20  want to suggest briefing on it, we can do that.
21          MR. WHETZEL:  I think the appropriate procedure,
22  if I might suggest it, to make a record, Your Honor, would
23  be for some party who objects to the demand to move to
24  strike the jury demand and for us to brief that.  I would
25  request that the Court consider that procedure.  It doesn't

1  have to be done now.  Perhaps we can let the factual issues
2  in the case develop for a while.  I wouldn't suggest
3  delaying that as long as case-dispositive motions.  But I
4  think we need to tee that issue up, and, respectfully, make
5  a record on it.
6        THE COURT:  You can move to strike.  You can do
7  it at the same time that you file your motions in limine.
8  We can deal with this at the pretrial conference.  It
9  doesn't have to be dealt with before on summary judgment.
10       MR. WHETZEL:  That is acceptable.
11       THE COURT:  Particularly given your position
12 that two weeks would be sufficient for a jury trial.  So
13 from my very parochial view, I am concerned about how many
14 days I am going to need to schedule this case.  Jury, non,
15 it doesn't matter to me.  It is a little more work for us,
16 obviously, when we have a Bench.  But that is okay.
17       MR. WHETZEL:  As the Court is aware, we
18 certainly try far more complex technology cases to juries in
19 shorter periods of time.
20       THE COURT:  Absolutely.  I will accede to the
21 parties' recommendation, to two weeks, ten business days for
22 a Bench trial.
23       We will deal with the jury issue if and when it
24 ripens further.
25       Anything else that we haven't covered?  I think

1    we talked about everything. All the dates I think are
2    accounted for.
3            Anything else on your minds, counsel?
4            MR. SCAGNELLI: No, I think we have covered it,
5    Your Honor. We thank you.
6            THE COURT: Thank you and have a safe and
7    enjoyable Thanksgiving.
8            (Counsel respond "Thank you.")
9            (Conference concluded at 10:20 a.m.)
10                    - - -
11   Reporter: Kevin Maurer