IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : Civil Action No. 06-409-GMS |
| | : |
| M.A. HANNA PLASTICS GROUP, INC., | : |
| WILMINGTON ECONOMIC | : |
| DEVELOPMENT CORPORATION, | : |
| AND SIDNEY AND CAROL MAFFETT, | : |
| | : |
| Defendants. | : |

**STIPULATION AND JOINT MOTION FOR PROTECTIVE ORDER**

Plaintiff, United States of America, on behalf of the United States Environmental Protection Agency (EPA), and Defendant M.A. Hanna Plastics Group, Inc. (Defendant) have hereby stipulated that discovery in this case will involve the production of documents which have been submitted to EPA by various contractors (listed in Annex 1) (hereinafter "submitter(s)") containing information which may be entitled to confidential treatment. In view of this stipulation, the Court finds that good cause exists for issuance of an order limiting disclosure of such information. Upon consideration of the joint motion for such an order filed by the parties hereto and pursuant to Rule 26(c), Federal Rules of Civil Procedure, It is Hereby Ordered:

1.  Plaintiff shall produce the document(s) containing information which may be entitled to confidential treatment to the Defendant and such document(s) shall be handled in accordance with the terms of this Stipulation and Protective Order ("Protective Order").

2

2. As used in this Protective Order, the term "confidential business information" means trade secrets or commercial or financial information submitted by a person (as defined in 40 CFR Part 2, Subpart B) to Plaintiff and which may be entitled to confidential treatment under 40 CFR Part 2. This information has not been determined by Plaintiff under 40 CFR Part 2, Subpart B not to be entitled to confidential treatment.

3. Any information to be produced by Plaintiff pursuant to this Protective Order shall be stamped conspicuously with the words "CONFIDENTIAL BUSINESS INFORMATION" by the Plaintiff on the bottom of each page of each document prior to production to the Defendant. The transmittal of information designated as confidential business information shall be done by letter from the Plaintiff stating that the information designated as confidential business information is subject to this Protective Order.

4. Information designated as confidential business information under this Protective Order shall not be used or disclosed by the Defendant or any other person, subject to Paragraph 7 below, for any purpose other than the preparation for, and trial of, this action and any appeal thereof.

5. The Defendant and Defendant's counsel who obtain information designated as confidential business information hereunder, and any nonparty subject to this Protective Order, shall not disclose or permit disclosure of this confidential business information to any other person, including without limitation any officer, director, employee, agent, or representative of Defendant, Defendant's counsel, or any nonparty, except in the following circumstances:

3

      a. Disclosure may be made to employees of Defendant or of Defendant's counsel who have responsibility for the preparation and trial of this action or any appeal thereof. Any employee to whom disclosure is made shall be advised of, and become subject to, the provisions of this Protective Order prior to such disclosure by executing the Confidentiality Agreement annexed hereto (Annex 2). Employees do not include persons, firms or corporations engaged by Defendant or Defendant's counsel on a contract basis, who shall be subject to the requirements of subparagraph (b) of this Paragraph.

      b. Disclosure may be made to consultants, witnesses, experts, or employees of experts ("Expert(s)") employed or otherwise engaged by any party or counsel to any party to assist in the preparation and trial of this litigation. Prior to disclosure to any Expert, the Expert must agree to be bound by the terms of this Protective Order by executing the Confidentiality Agreement attached hereto (Annex 2). A copy of each executed Confidentiality Agreement shall be furnished to the Plaintiff and submitter not less than five (5) business days prior to disclosure to the Expert.

      6. Defendant, Defendant's counsel, and any other person subject to this Protective Order who obtains information designated as confidential business information hereunder, shall take all necessary and appropriate measures to maintain the confidentiality of the information, shall share such information only with persons authorized to receive it pursuant to this Protective Order, and shall retain the information in a secure manner. Except as provided in Paragraph 5 above, no other person shall be permitted access to the information.

4

7.  Any person who obtains access to information designated as confidential business information under this Protective Order may make copies, duplicates, extracts, summaries, or descriptions of the information or any portion thereof only for the purpose of preparation for litigation in this matter. All copies, duplicates, extracts, etc. shall be subject to the terms of this Protective Order to the same extent and manner as original documents.

8.  Any information designated as confidential business information under this Protective Order, which a party wishes to file with the Court, shall be filed with the Court in sealed envelopes or other appropriate sealed containers on which shall be endorsed the caption of this litigation, an indication of the nature of the contents of such sealed envelope or container, the words "CONFIDENTIAL BUSINESS INFORMATION", and a statement substantially in the following form:

"This envelope, containing documents which are filed in this case by XXXXXX ("the producing party") is not to be opened and the contents are not to be displayed or revealed except by order of the Court or the consent of EPA."

In addition, if such documents have been sealed and filed with the Court, the submitter shall be informed of this by the filing party at the time of filing.

9.  Any unauthorized disclosure of information designated as confidential business information under this Protective Order shall not result in a waiver of any submitter's claim of confidentiality.

10.  If Plaintiff desires to add contractors to the list in Annex 1, Plaintiff may file written notice with the Court and the Defendant of the identities of such contractors. If the

Defendant does not object within three days of receipt of such notice, the contractors will be added to Annex 1.

11. Within 60 days after termination of this action by judgment, settlement or otherwise, or as may be determined by the court or EPA:

a. Any person who obtained information designated as confidential business information hereunder shall assemble and return such information to Plaintiff, including all copies, duplicates, extracts, summaries, or descriptions of the information or portions thereof. Such return shall be certified in writing by the person who obtained the information from EPA. All such information covered by this Protective Order which constitutes the work product of counsel for the Defendant shall be destroyed; and,

b. The Clerk of the Court shall maintain under seal all papers filed under seal until the Court orders otherwise.

**For THE DEFENDANT:**

Dated: October 19, 2007        /s/John A. Macconi, Jr.
                               **JOHN A. MACCONI, JR, ESQ.**
                               Marshall, Dennehey, Warner, Coleman & Goggin
                               1220 North Market Street, 5th Floor
                               P.O. Box 8888
                               Wilmington, DE 19899-8888
                               (302) 552-4300

                               On behalf of Defendant
                               M.A. Hanna Plastics Group, Inc.

N:\MDavis1\12th Street\Protective Order 185.wpd

6

OF COUNSEL:

        **LILA T. WYNNE, ESQUIRE**
        Marshall, Dennehey, Warner, Coleman & Goggin
        Woodland Falls Corporate Park
        200 Lake Drive East, Suite 300
        Cherry Hill, NJ 08002
        856-414-6000

        On behalf of Defendant
        M.A. Hanna Plastics Group, Inc.

**For: UNITED STATES OF AMERICA**

                                      COLM F. CONNOLLY
                                      United States Attorney

Dated: October 19, 2007          /s/Patricia C. Hannigan
                                      Patricia C. Hannigan
                                      Assistant United States Attorney
                                      Delaware Bar I.D. No. 2145
                                      The Nemours Building
                                      1007 Orange Street, Suite 700
                                      P. O. Box 2046
                                      Wilmington, DE 19899-2046
                                      (302) 573-6277

Dated: October 19, 2007          /s/Andrew Goldman
                                      Andrew Goldman
                                      Sr. Assistant Regional Counsel
                                      U.S. Environmental Protection Agency
                                      1650 Arch Street
                                      Philadelphia, PA 19103

IT IS SO ORDERED this _____ day of _____, 2007.

                                      _____
                                      HONORABLE GREGORY M. SLEET
                                      United States District Judge

## ANNEX 1

## LIST OF CONTRACTORS
12th Street Landfill, DE
Site ID D330

**Contract No. 68-S3-9904**
Emergency and Rapid Response
 Service (ERRS2)
Guardian Environmental Services
1280 Porter Road
Bear, DE 19701
Phone: (302) 834-1000

**Contract No. 68-W4-0010**
Enforcement Support Services
Booz, Allen and Hamilton, Inc.
Corporate Office - Bldg. HMLT-9026
8283 Greensboro Drive
McLean, VA 22102
Phone: (703) 902-5009

**Contract No. 68-D6-0002**
Environmental Services Assistance
 Teams (ESAT)
Lockheed Environmental Engineering
2339 Rt. 70 West, 4th Floor
Cherry Hill, NJ 08002-2315
Phone: (856) 486-5176

**Contract No. 68-W0-1018**
Environmental Services Assistance
 Teams (ESAT)
Lockheed Martin Services, Inc.
2339 Rt. 70 West, 4th Floor
Cherry Hill, NJ 08002-2315
Phone: (856) 486-5176

**Contract No. 68-S3-0002**
Superfund Technical Assessment and
 Response Team (START)
Tetra Tech EM Inc.
1800 John F. Kennedy Blvd., 6th Floor
Philadelphia, PA 19103
Phone: (215) 972-0444

**Contract No. 68-S5-3002**
Superfund Technical Assessment and
 Response Team (START)
Roy F. Weston, Inc.
1400 Weston Way
P.O. Box 2653
West Chester, PA 19380
Phone: (610) 701-4698

**Contract No. 68-D5-0011**
Contract Lab Program
American Environmental Network
Severn Trent Laboratories-NJ
P.O. Box 7777
Philadelphia, PA 19175-4925
Phone: (973) 428-8181

**Contract No. 68-D5-0137**
Contract Lab Program
Southwest Lab of Oklahoma
1700 West Albany
Broken Arrow, OK 74012-1421
Phone: (918) 251-2858

**Contract No. 68-W9-9022**
Contract Lab Program
Envirosystems, Inc.
9200 Rumsey Road
Suite B102
Columbia, MD 21045-1934
Phone: (410) 964-0330

**Contract No. 68-W0-0087**
Contract Lab Program
Data Chem Laboratories
960 West Levoy Drive
Salt Lake City, UT 84123
Phone: (801) 266-7700

**Contract No. 68-W9-9076**
Contract Lab Program
Mitchem Corp.
175 Metro Center Boulevard
Warwick, RI 02886-175
Phone: (401) 732-3400

**Contract No. 68-W0-0082**
Contract Lab Program
Liberty Analytical Corp.
501 Madison Avenue
Cary, NC 27513
Phone: (919) 379-4004

**Contract No. 68-W9-9069**
Contract Lab Program
Clayton Environmental Consultants
22345 Roethel Drive
Novi, MI 48375
Phone: (248) 344-1770

**Contract No. 68-D4-0104**
Contract Lab Program
Dyncorp - Class Contract
15000 Conference Center Drive
Chantilly, VA 20151
Phone: (703) 818-4197

**Contract No. 68-W0-1034**
Contract Lab Program
Dyncorp Information
15000 Conference Center Drive
Chantilly, VA 20151
Phone: (703) 818-4197


NUS Corporation
3475 East Foothill Blvd
Pasadena, CA 91107-2101
Phone: (626) 351-4664

## ANNEX 2

### Stipulation and Protective Order Confidentiality Agreement

The undersigned is currently working at _____ which is located at _____. During the past year the undersigned has been employed or otherwise engaged as a consultant or contractor by the following company located at the following address:

The undersigned hereby acknowledges that he/she has read the foregoing Stipulation and Protective Order ("Protective Order") executed by the attorneys of record for the parties in the action presently pending in the U.S. District Court for the District of _____, entitled United States v. _____, understands the terms thereof, and agrees, upon threat of penalty of contempt, to be bound by such terms. The undersigned understands that disclosure of information which has been designated as confidential business information by the submitter of that information may cause substantial harm to the affected business' competitive position. Accordingly, among other responsibilities, the undersigned shall only share such information with persons specifically authorized to receive the information pursuant to the Protective Order, shall retain the information in a secure manner, and shall use such information only for the purposes authorized by the Protective Order. The undersigned understands that the pledge of confidentiality under this Agreement continues after the lawsuit is over. Furthermore, the undersigned understands that a breach of the Protective Order may subject him/her to civil claims for damages and to criminal prosecution under 42 U.S.C. 9604(e)(7)(B).

Dated:

Signed:.