UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| Plaintiff | : CIVIL ACTION |
| | : NO. 06-409-GMS |
| v. | : |
| M.A. HANNA PLASTICS GROUP, INC., WILMINGTON ECONOMIC DEVELOPMENT CORPORATION AND SIDNEY and CAROL MAFFETT, | : |
| Defendants | : |

### DEFENDANT M.A. HANNA PLASTICS GROUP, INC.'S RESPONSES AND OBJECTIONS TO UNITED STATES OF AMERICA'S FIRST REQUEST FOR ADMISSIONS TO M.A. HANNA PLASTICS GROUP, INC.

Defendant, M.A. Hanna Plastics Group, Inc. ("M.A. Hanna") through its counsel, objects and responds to United States' First Request for Admissions.

**GENERAL STATEMENTS**

1. Defendant reserves its right to challenge the competency, relevance, materiality and admissibility of, or to object on any grounds to, the use of the information set forth herein and any subsequent proceeding or trial of this or any other action.

2. By making information and/or documents available to all parties, defendant does not waive any objections that it may have regarding all party's use of information or documents, or of the truth or accuracy of any term, characterization contained in these responses. Defendant expressly reserves: (1) all objections regarding the competency, privilege, relevance, materiality,

probative value and admissibility of all information provided, documents produced and the contents thereof; (2) the right to object to plaintiff's and co-defendants' use of any information provided or document produced, in whole or in part, or to the subject matter covered thereby, in later stage of or proceeding in this litigation on any or all appropriate grounds, at any time, to other discovery procedures involving or relating to the subject matter of any information provided or document produced by defendant; and (3) all objections as to vagueness and ambiguity.

3. Defendant reserves its right to challenge the competency, relevance, materiality and admissibility of, or to object on any grounds to, the use of the information set forth herein in any subsequent proceeding or trial of this or any other actions.

4. Defendant responds on its own behalf only, not on behalf of any other entity.

## **GENERAL OBJECTIONS**

Defendant's objections to each of plaintiff's Requests for Admissions are made subject to the following objections and limitations. These general objections are stated herein so as to avoid repeating them in response to each individual Request for Admission. Defendant will cite those objections which are particularly responsive to each Request for Admission and the separate response thereto, but defendant's failure to specifically cite an objection in response to a particular Request for Admission should not be construed as a waiver of said objection.

1. Defendant hereby objects generally to plaintiff's Request for Admissions to the extent they seek to impose requirements on a greater than those mandated by the Rules.

2. Defendant objects to each Request for Admission to the extent it is vague, ambiguous, and overly broad.

3. Defendant objects to each Request for Admission to the extent it is unduly burdensome and would cause defendant unreasonable time and expense.

4. Defendant objects to each Request for Admission to the extent it is not reasonably calculated to lead to the discovery of material, relevant or admissible evidence.

5. Defendant objects to each Request for Admission to the extent it is not relevant to any claim against, or defense for, defendant.

6. Defendant objects to each Request for Admission to the extent it seeks information subject to the attorney-client privilege, a joint or common defense privilege and the attorney-work product privilege.

## RESPONSES TO REQUESTS FOR ADMISSIONS

1. The Chicago Electric Hose Company ("CEHC") was incorporated in Delaware in or around 1900.

**ANSWER:** Admitted. The Chicago Electric Hose Company was incorporated in Delaware on October 5, 1900.

2. CEHC changed its name to the Electric Hose and Rubber Company ("EHRC") in or around 1905.

**ANSWER:** Admitted. The Chicago Electric Hose Company changed its name to the Electric Hose & Rubber Company by Certificate of Amendment filed April 14, 1905.

3. EHRC merged into Delday, Inc., a Delaware corporation, on or about May 11, 1978.

**ANSWER:** Admitted.

4. Delday, Inc. changed its name to Electric Hose and Rubber Company ("EHRC 2" on or about May 11, 1978.

**ANSWER:** Denied. Electric Hose & Rubber Company, a Delaware Corporation, merged with and into Delday, Inc. under the name of Electric Hose & Rubber Company, on May 11, 1978.

5. EHRC 2 (formerly incorporated as Delday, Inc.) merged into Dayco Corporation ("Dayco"), a Michigan corporation, on or about November 18, 1982.

**ANSWER:** Denied. Electric Hose & Rubber Company, Inc., a Delaware Corporation, merged with and into Dayco Corporation, a Michigan Corporation, on November 29, 1982.

6. Dayco changed its name to Day International Corporation on or about February 23, 1987.

**ANSWER:** Denied. In or about 1986, Dayco Corporation changed its name to Day International Corporation.

7. Day International Corporation changed its name to Cadillac Plastic Group, Inc. on or about October 29, 1990.

**ANSWER:** Admitted.

8. Cadillac Plastic Group, Inc. changed its name to M.A. Hanna Plastic Group, Inc. on or about July 31, 2000.

**ANSWER:** Admitted.

9. Defendant, M.A. Hanna Plastic Group, Inc. is the corporate successor to CEHC and EHRC.

**ANSWER:** Denied.

10. On or about May 22, 1944, The Equitable Trust Company conveyed to EHRC lands in Wilmington, Delaware described in the deed attached as Exhibit 2.

**ANSWER:**  Admitted.

11. The lands described in Exhibit 2 include some or all of Parcel 19.

**ANSWER:**  Denied.

12. On or about February 17, 1986, Dayco conveyed to the Wilmington Economic Development Corporation lands in Wilmington, Delaware described in the deed attached as Exhibit 3.

**ANSWER:**  Admitted.

13. The lands described in Exhibit 2 and Exhibit 3 are identical.

**ANSWER:**  Denied.  The term "land" is undefined and ambiguous.

14. Analysis of soil and sediment samples collected at the Site by Plaintiff in 1999-2000 showed the presence of, among other things, lead in soils and sediments within Parcel 19.

**ANSWER:**  Admitted.

15. Hazardous Substances were disposed of at Parcel 19 between May 22, 1944 and February 17, 1986.

**ANSWER:** Denied as to Defendant, M.A. Hanna Plastics Group, Inc. M.A. Hanna has no direct information concerning parties who may have contributed to contamination at the Site. Neither M.A. Hanna, nor to M.A. Hanna's knowledge, Day International Corporation ("Day") (formerly named Dayco Corporation), which was acquired by M.A. Hanna through a public tender offer effective September 1, 1987, operated the EH&R Manufacturing Facility at Wilmington, Delaware. At or about the time Dayco acquired EH&R in 1978, EH&R's operations at the Wilmington Facility were moved to a Dayco Facility in Ocala, Florida. Those operations were subsequently sold by Dayco to the Armstrong Rubber Company ("Armstrong") in 1986, prior to M.A. Hanna's acquisition of Day's stock in 1987. Therefore, M.A. Hanna has no direct information regarding the EH&R operations at the Wilmington Facility. Neither EH&R nor its rubber hose manufacturing business were a part of Day when M.A. Hanna acquired Day's stock in 1987.

16. From the early 1900s through the late 1970s, CEHC and/or EHRC operated a hose manufacturing facility at or near a portion of the Site.

**ANSWER:** Denied as to Defendant, M.A. Hanna Plastics Group, Inc. M.A. Hanna has no direct information concerning parties who may have contributed to contamination at the Site. Neither M.A. Hanna, nor to M.A. Hanna's knowledge, Day International Corporation ("Day") (formerly named Dayco Corporation), which was acquired by M.A. Hanna through a public tender offer effective September 1, 1987, operated the EH&R Manufacturing Facility at Wilmington, Delaware. At or about the time Dayco acquired EH&R in 1978, EH&R's operations at the Wilmington Facility were moved to a Dayco Facility in Ocala, Florida. Those operations were subsequently sold by Dayco to the Armstrong Rubber Company ("Armstrong") in 1986, prior to M.A. Hanna's acquisition of Day's stock in 1987. Therefore, M.A. Hanna has no direct information regarding the EH&R operations at the Wilmington Facility. Neither EH&R nor its rubber hose manufacturing business were a part of Day when M.A. Hanna acquired Day's stock in 1987. Defendant has no direct knowledge of any business or facility that operated at the site.

17. CEHC and/or EHRC used lead in manufacturing operations at or near the Site.

**ANSWER:**  Denied as to Defendant, M.A. Hanna Plastics Group, Inc.  M.A. Hanna has no information concerning parties who may have contributed to contamination at the Site.  Neither M.A. Hanna, nor to M.A. Hanna's knowledge, Day International Corporation ("Day") (formerly named Dayco Corporation), which was acquired by M.A. Hanna through a public tender offer effective September 1, 1987, operated the EH&R Manufacturing Facility at Wilmington, Delaware.  At or about the time Dayco acquired EH&R in 1978, EH&R's operations at the Wilmington Facility were moved to a Dayco Facility in Ocala, Florida.  Those operations were subsequently sold by Dayco to the Armstrong Rubber Company ("Armstrong") in 1986, prior to M.A. Hanna's acquisition of Day's stock in 1987.  Therefore, M.A. Hanna has no direct information regarding the EH&R operations at the Wilmington Facility.  Neither EH&R nor its rubber hose manufacturing business were a part of Day when M.A. Hanna acquired Day's stock in 1987.  Defendant has no direct knowledge of any business or facility that operated at the site.  Defendant has no direct knowledge of the use of lead in any manufacturing operations at or near the Site.

18. CEHC and/or EHRC operations at or near the Site produced wastes which included or contained lead.

**ANSWER:**  Denied as to Defendant, M.A. Hanna Plastics Group, Inc.  M.A. Hanna has no direct information concerning parties who may have contributed to contamination at the Site.  Neither M.A. Hanna, nor to M.A. Hanna's knowledge, Day International Corporation ("Day") (formerly named Dayco Corporation), which was acquired by M.A. Hanna through a public tender offer effective September 1, 1987, operated the EH&R Manufacturing Facility at Wilmington, Delaware.  At or about the time Dayco acquired EH&R in 1978, EH&R's operations at the Wilmington Facility were moved to a Dayco Facility in Ocala, Florida.  Those operations were subsequently sold by Dayco to the Armstrong Rubber Company ("Armstrong") in 1986, prior to M.A. Hanna's acquisition of Day's stock in 1987.  Therefore, M.A. Hanna has no direct information regarding the EH&R operations at the Wilmington Facility.  Neither EH&R nor its rubber hose manufacturing business were a part of Day when M.A. Hanna acquired Day's stock in 1987.  Defendant has no direct knowledge of the use of lead in any manufacturing operations at or near the Site.

19. Wastes from the CEHC and/or EHRC operations were disposed of at the Site.

**ANSWER:** Denied as to Defendant, M.A. Hanna Plastics Group, Inc. M.A. Hanna has no direct information concerning parties who may have contributed to contamination at the Site. Neither M.A. Hanna, nor to M.A. Hanna's knowledge, Day International Corporation ("Day") (formerly named Dayco Corporation), which was acquired by M.A. Hanna through a public tender offer effective September 1, 1987, operated the EH&R Manufacturing Facility at Wilmington, Delaware. At or about the time Dayco acquired EH&R in 1978, EH&R's operations at the Wilmington Facility were moved to a Dayco Facility in Ocala, Florida. Those operations were subsequently sold by Dayco to the Armstrong Rubber Company ("Armstrong") in 1986, prior to M.A. Hanna's acquisition of Day's stock in 1987. Therefore, M.A. Hanna has no direct information regarding the EH&R operations at the Wilmington Facility. Neither EH&R nor its rubber hose manufacturing business were a part of Day when M.A. Hanna acquired Day's stock in 1987. Defendant has no direct knowledge of any waste disposal at the Site.

20. Wastes from the CEHC and/or EHRC operations disposed of at the Site included or contained lead.

**ANSWER:** Denied as to Defendant, M.A. Hanna Plastics Group, Inc. M.A. Hanna has no information concerning parties who may have contributed to contamination at the Site. Neither M.A. Hanna, nor to M.A. Hanna's knowledge, Day International Corporation ("Day") (formerly named Dayco Corporation), which was acquired by M.A. Hanna through a public tender offer effective September 1, 1987, operated the EH&R Manufacturing Facility at Wilmington, Delaware. At or about the time Dayco acquired EH&R in 1978, EH&R's operations at the Wilmington Facility were moved to a Dayco Facility in Ocala, Florida. Those operations were subsequently sold by Dayco to the Armstrong Rubber Company ("Armstrong") in 1986, prior to M.A. Hanna's acquisition of Day's stock in 1987. Therefore, M.A. Hanna has no direct information regarding the EH&R operations at the Wilmington Facility. Neither EH&R nor its rubber hose manufacturing business were a part of Day when M.A. Hanna acquired Day's stock in 1987. Defendant has no direct knowledge of any business or facility that operated at the site. Defendant has no direct knowledge of waste disposal at the Site.

21. Lead is a Hazardous Substance.

**ANSWER:** Admitted.

22. In 1999-2000, Plaintiff conducted investigations at the Site which included, among other things, collection of soil and sediment samples from the Site.

**ANSWER:** Admitted.

23. During Plaintiff's investigations at the Site in 1999-2000, Plaintiff found, among other things, rubber hoses and buried and/or partially buried drums.

**ANSWER:** Denied.

24. Analysis of soil and sediment samples collected at the Site by Plaintiff in 1999-2000 showed the presence of, among other things, lead in soils and sediments at the Site.

**ANSWER:** Admitted.

25. During the course of Plaintiff's investigations at the Site in 1999-2000, Plaintiff observed an ongoing or threatened Release of one or more Hazardous Substances from the Site into the environment.

**ANSWER:** Denied.

26.     The Release and/or threatened Release of one or more Hazardous Substances from the Site into the Environment observed by Plaintiff in 1999-2000 presented risks to human health or welfare or to the Environment.

**ANSWER:** Denied.

27. In or around 2000, the Plaintiff conducted actions at the Site consisting of, among other things, excavation and disposal of lead-contaminated soils and sediments, removal and disposal of partially buried drums and hoses, installation of soil cover, and measures to reduce and/or eliminate erosion from the Site.

**ANSWER:** Denied.

28. The actions undertaken at the Site by Plaintiff in or around 2000 were taken in response to threats to human health or welfare or to the Environment presented by the Release and/or threatened Release of one or more Hazardous Substances from the Site into the Environment.

**ANSWER:** Denied.

29. The investigations and actions conducted by Plaintiff at the Site in 1999-2000 were a Response.

**ANSWER:** Denied.

30. The Plaintiff incurred costs in conducting a Response at the Site.

**ANSWER:** Denied.

31. The costs incurred by Plaintiff in conducting a Response at the Site were not inconsistent with the NCP.

**ANSWER:** Denied.

    32. The Site is a Facility.

**ANSWER:**  Denied.

Dated:  November 7, 2007    By:    /s/ *John A. Macconi, Jr.*
    JOHN A. MACCONI, JR., ESQUIRE
    MARSHALL, DENNEHEY, WARNER,
        COLEMAN & GOGGIN
    1220 North Market Street, 5th Floor
    P.O. Box 8888
    Wilmington, DE  19899-8888
    302-552-4300

    On behalf of Defendant,
    M.A. Hanna Plastics Group, Inc.

OF COUNSEL:

    LILA WYNNE, ESQUIRE
    MARSHALL, DENNEHEY, WARNER,
        COLEMAN & GOGGIN
    Woodland Falls Corporate Park
    200 Lake Drive East, Suite 300
    Cherry Hill, NJ  08002
    856-414-6000

    On behalf of Defendant,
    M.A. Hanna Plastics Group, Inc.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : |
|     Plaintiff | : CIVIL ACTION |
| | : NO. 06-409-GMS |
| v. | : |
| | : |
| M.A. HANNA PLASTICS GROUP, INC., | : |
| WILMINGTON ECONOMIC DEVELOPMENT | : |
| CORPORATION AND SIDNEY and CAROL | : |
| MAFFETT, | : |
| | : |
|     Defendants | : |

### CERTIFICATE OF SERVICE

I, John A. Macconi, Jr., Esquire, hereby certifies that on November 7, 2007, a true and correct copy of *Defendant M.A. Hanna Plastics Group, Inc.'s Responses and Objections to United States of America's First Request for Admissions to M.A. Hanna Plastics Group, Inc.*, were e-filed, and were thereby provided to all counsel of record:

    By:    */s/ John A. Macconi, Jr.*
                JOHN A. MACCONI, JR., ESQUIRE
                MARSHALL, DENNEHEY, WARNER,
                    COLEMAN & GOGGIN
                1220 North Market Street, 5th Floor
                P.O. Box 8888
                Wilmington, DE  19899-8888
                302-552-4300

                On behalf of Defendant,
                M.A. Hanna Plastics Group, Inc.