## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>v.<br><br>M.A. HANNA PLASTICS GROUP, INC.;<br>WILMINGTON ECONOMIC<br>DEVELOPMENT CORPORATION; and<br>SIDNEY and CAROL MAFFETT,<br><br>                    Defendants. | CIVIL ACTION NO.: 06-409-GMS |

## DEFENDANT M.A. PLASTICS GROUP, INC.'S OBJECTIONS AND RESPONSES TO UNITED STATES' THIRD SET OF INTERROGATORIES

PLEASE TAKE NOTICE that defendant, M.A. Hanna Plastics Group, Inc. ("M.A. Hanna"), hereby provides answers to plaintiff's Third Set of Interrogatories within the time prescribed by the Rules of Court as follows:

### GENERAL OBJECTIONS

M.A. Hanna submits the following answers and objections to the Third Set of Interrogatories dated November 20, 2007, propounded by United States.  As a general response, M.A. Hanna objects to each Interrogatory to the extent that each seeks matters not discoverable under the attorney-client privilege or the work-product doctrine.  M.A. Hanna reserves the right to object to future discovery on the within matters (or related matters), and does not waive its objections by providing the information included in these responses and producing documents

for discovery and inspection.  M.A. Hanna further reserves the right to object to the admissibility

of any of the responses made herein and documents produced (or issues relating to them), in

whole or in part, at trial in this action on any grounds, including, but not limited to, materiality,

relevance, and privilege.  M.A. Hanna reserves the right to supplement its responses.

## ANSWERS TO THIRD SET OF INTERROGATORIES

1.      In your responses to United States' First Request for Admissions ("Request for Admissions") No. 6, you deny that Dayco Corporation changed its name to Day International Corporation on or about February 23, 1987 and state that "[i]n or about 1986, Dayco Corporation changed its name to Day International Corporation."  Please identify all documents to which you referred and/or on which you relied in determining that Dayco Corporation changed its name to Day International Corporation in or about 1986.

**RESPONSE:  M.A. Hanna objects to this interrogatory on the grounds that it is vague and ambiguous, over broad, and burdensome.  M.A. Hanna further objects to this interrogatory to the extent that it seeks documents protected from disclosure from the attorney-client and work-product privileges.  Subject to, and without waiving said objections, see document production previously provided, including, but not limited to, those identified by Bates Range Nos.  HANNA 141-147, 3932-4012, 4573-4647, and 4774-4783.  M.A. Hanna reserves the right to supplement and amend its response to this interrogatory.**

2.      In your response to Request for Admissions Nos. 15-20, you state that Day International Corporation (formerly named Dayco Corporation) was acquired by M.A. Hanna through a public tender offer effective September 1, 1987.

(a).     Please clarify whether the "M.A. Hanna" referred to in your response was M.A. Hanna Plastics Group, Inc. (a defendant in this lawsuit) or a different entity.

**RESPONSE:  M.A. Hanna objects to this interrogatory on the grounds that it is vague and ambiguous, over broad, and burdensome.  M.A. Hanna objects to this interrogatory to the extent that it seeks documents protected from disclosure by the attorney-client and work-product privileges.  Subject to, and without waiving said objections, see documents previously provided, including, but not limited to, those identified by Bates Range Nos. HANNA 236-263 and 7989-8020.  M.A. Hanna reserves the right to supplement and amend its response to this interrogatory.**

(b).    Please identify every document which refers or relates to the acquisition described in your response.

**RESPONSE: M.A. Hanna objects to this interrogatory on the grounds that it is vague and ambiguous, over broad, and burdensome.  M.A. Hanna objects to this interrogatory to the extent that it seeks documents protected from disclosure by the attorney-client and work-product privileges.  Subject to, and without waiving said objections, see documents previously provided, including, but not limited to, those identified by Bates Range Nos. HANNA 236-263 and 7989-8020.  M.A. Hanna reserves the right to supplement and amend its response to this interrogatory.**

3.    In your response to Request for Admissions Nos. 15-20, you state that Dayco acquired Electric Hose and Rubber in 1978.  Please identify all documents which refer or relate to this acquisition.

**RESPONSE: M.A. Hanna objects to this interrogatory on the grounds that it is vague and ambiguous, over broad and burdensome.  M.A. Hanna objects to this interrogatory to the extent that it seeks documents protected from disclosure by the attorney-client and work-product privileges.  Subject to, and without waiving said objections, see documents previously provided, including, but not limited to, those identified by Bates Range Nos.  HANNA 141-147, 236-263, 3932-4012, 4573-4647, and 4774-4783.  M.A. Hanna reserves the right to supplement and amend its response to this interrogatory.**

4.    In your response to Request for Admissions Nos. 15-20, you state that the Electric Hose and Rubber Company operations were sold by Dayco Corporation to the Armstrong Rubber Company in 1986 (the "Sale").

(a).    Please provide details relating to the Sale, including, but not limited to, the effective date of the Sale, the parties to the Sale, and the nature of the Sale (e.g., asset purchase, merger, etc.).  Your response should identify the business form of Electric Hose and Rubber Company at the time of the Sale (was it a corporation division, or some other form of entity).

(b).    Identify all liabilities assumed and retained by the parties to the Sale.

(c).    Identify all consideration paid by Armstrong to Dayco pursuant to the Sale.  In identifying the consideration, provide the amount paid in cash, the amount paid in promissory notes or other form of debt instruments payable to Dayco, the value associated with the assumption of liabilities, the value associated with the performance of services, the value associated with shares of stock exchanged as part of the Sale, and the type and value associated with any other form of consideration not identified above.

(d).    If the Sale was an asset sale, identify all documents which refer or relate to indemnification by any party to the Sale regarding any and all liabilities (e.g., indemnification agreements).

(e).    Identify each instance in which any party to the Sale has raised or referred to any indemnity agreement or arrangement created under the Sale to defend or avoid payment of any claim.  Describe the circumstances surrounding each such instance, including the current status of each claim and, for each resolved claim, describe the manner and terms under which the claim has been resolved.

(f).    Identify each lawsuit filed against the current or prior owners of the Electric Hose and Rubber assets included in the Sale based, in whole or in part, on activities conducted prior to the Sale.  In your response, identify the plaintiff(s), defendant(s), the type of action, the docket number of the case, the court that the case was filed in, and the present status of the case.

**RESPONSE:  M.A. Hanna objects to this interrogatory on the grounds that it is vague and ambiguous, over broad and burdensome.  M.A. Hanna objects to this interrogatory to the extent that it seeks documents protected from disclosure by the attorney-client and work-product privileges.  Subject to, and without waiving said objections, see documents previously provided, including, but not limited to, those identified by Bates Range Nos.  HANNA 141-147, 236-263, 3932-4012, 4573-4647, and 4774-4783.  M.A. Hanna reserves the right to supplement and amend its response to this interrogatory.**

5.    In responding to the United States' Second Request for Admissions to M.A. Hanna Plastics Group, Inc., if you deny any request, in full or in part, please state the legal and/or factual basis for each such denial.

**RESPONSE:  M.A. Hanna objects to this interrogatory on the grounds that it is vague and ambiguous, over broad, and burdensome.  M.A. Hanna objects to this interrogatory to the extent that it seeks information protected from disclosure by the attorney-client and work-product privileges.  Subject to, and without waiving said objections, see documents previously provided, including, but not limited to, those identified by Bates Range Nos. HANNA 141-147, 235-263, 3932-4012, 4573-4647 and 4774-4783.  M.A. Hanna reserves the right to supplement and amend its response to this interrogatory.**

Dated:  January 29, 2008        By:    /s/ John A. Macconi, Jr._____
                                              JOHN A. MACCONI, JR., ESQUIRE
                                              MARSHALL, DENNEHEY, WARNER,
                                                    COLEMAN & GOGGIN
                                              1220 North Market Street, 5th Floor
                                              P.O. Box 8888
                                              Wilmington, DE  19899-8888
                                              302-552-4300
                                              On behalf of Defendant,

06/1196404.v1

M.A. Hanna Plastics Group, Inc.

OF COUNSEL:

LILA WYNNE, ESQUIRE
MARSHALL, DENNEHEY, WARNER,
    COLEMAN & GOGGIN
Woodland Falls Corporate Park
200 Lake Drive East, Suite 300
Cherry Hill, NJ  08002
856-414-6000
On behalf of Defendant,
M.A. Hanna Plastics Group, Inc.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

---

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : |
| Plaintiff | : CIVIL ACTION |
| | : NO. 06-409-GMS |
| v. | : |
| | : |
| M.A. HANNA PLASTICS GROUP, INC., | : |
| WILMINGTON ECONOMIC DEVELOPMENT | : |
| CORPORATION AND SIDNEY and CAROL | : |
| MAFFETT, | : |
| | : |
| Defendants | : |

---

## NOTICE OF SERVICE

PLEASE TAKE NOTICE that on January 29, 2008, a true and correct copy of

*Defendant, M.A. Hanna Plastics Group, Inc.'s Objections and Responses to Plaintiff,*

*United States' Third  Set of Interrogatories*  were served on counsel as identified below:

### VIA E-FILE

Patricia C. Hannigan, Esquire
U.S. Attorney's Office
The Nemours Building
1007 Orange Street, Suite 700
Wilmington, Delaware 19899-2046

### VIA E-FILE

Robert W. Whetzel, Esquire
Todd A. Coomes, Esquire
Richards, Layton & Finger PA
One Rodney Square
920 North King Street
Wilmington, Delaware 19801

By:    /s/ *John A. Macconi, Jr.*  DE ID No. 4430_
       JOHN A. MACCONI, JR., ESQUIRE
       MARSHALL, DENNEHEY, WARNER,
              COLEMAN & GOGGIN
       1220 North Market Street, 5th Floor
       P.O. Box 8888
       Wilmington, DE  19899-8888
       302-552-4300

       On behalf of Defendant,
       M.A. Hanna Plastics Group, Inc.


OF COUNSEL:


                   LILA WYNNE, ESQUIRE
                   MARSHALL, DENNEHEY, WARNER,
                          COLEMAN & GOGGIN
                   Woodland Falls Corporate Park
                   200 Lake Drive East, Suite 300
                   Cherry Hill, NJ  08002
                   856-414-6000

                   On behalf of Defendant,
                   M.A. Hanna Plastics Group, Inc.


15/577902.v1