## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA )<br><br>Plaintiff, )<br><br>v. )<br><br>M.A. HANNA PLASTICS GROUP, INC., )<br>WILMINGTON ECONOMIC )<br>DEVELOPMENT CORPORATION, )<br>AND SIDNEY AND CAROL MAFFETT, )<br><br>Defendants. ) | Civil Action No. 06-CV-00409-GMS |

## NOTICE OF LODGING OF CONSENT DECREE

The United States respectfully gives notice of lodging of two consent decrees in the above-captioned action. The consent decrees are subject to a period of public comment, after notice of the lodging of the two consent decrees is published in the federal register.

**Accordingly, no action is required by the Court at this time.**

The two consent decrees will resolve the liability of the two remaining defendants in this cost recovery action under Section 107 of the Comprehensive Environmental Response, Compensation and Liability Act ("CERCLA"), 42 U.S.C. § 9607 in connection with the 12th Street Dump Site in Wilmington, Delaware ("Site"). On June 28, 2006, the United States filed a

1

Complaint against four defendants who currently or previously owned or operated property at the Site. In December 2007, the Court approved a "peripheral party" settlement under which two of the named defendants, Carol and Sydney Maffet, paid the United States $100,000 and received a Site-wide covenant not to sue.

The two consent decrees now being proposed will resolve the United States' filed claims against the two remaining defendants, M.A. Hanna Plastics Group ("Hanna") and Wilmington Economic Development Corporation ("WEDCO"). Hanna will reimburse the United States $3,597,877.20 and will receive a covenant not to sue for past costs. WEDCO will reimburse the United States $120,000 in past costs and will agree to sell its parcel and provide the United States with the higher of either 50% of the net proceeds or $40,000.00. WEDCO will also receive a covenant not to sue for past costs.

The United States will provide public notice and an opportunity for public comment, consistent with Section 122 of CERCLA, 42 U.S.C. § 9622 and Department of Justice procedures. If, after review and evaluation of any comments received, the United States

continues to believe that the Consent Decree is fair, reasonable, and in the public interest, it will move the Court to enter the Consent Decree.  No action is required by the Court at this time.

Respectfully submitted,

RONALD J. TENPAS
Assistant Attorney General
Environment and Natural Resources Division

/ s / Nancy A. Flickinger
Nancy A. Flickinger
Senior Attorney
Environmental Enforcement Section
Environment and Natural Resources Division
United States Department of Justice
P.O. Box 7611
Ben Franklin Station
Washington, DC 20044
(202) 514-5258

COLM F. CONNOLLY
United States Attorney

/s/Patricia C. Hannigan
Patricia C. Hannigan
Assistant United States Attorney
The Nemours Building
1007 Orange Street, Suite 700
P. O. Box 2046
Wilmington, DE 19899

OF COUNSEL:

Andrew S. Goldman (3RC41)
Sr. Assistant Regional Counsel
U.S. Environmental Protection Agency–Region 3
1650 Arch Street
Philadelphia, PA 19103
(215) 814-2487
goldman.andrew@epa.gov

3

## CERTIFICATE OF SERVICE

I, Patricia C. Hannigan, hereby certify that on **August 7, 2008**, I electronically filed the foregoing **NOTICE OF LODGING OF CONSENT DECREE w/PROPOSED CONSENT DECREE** with the Clerk of Court using CM/ECF which will send electronic notification of such filing to the following:

**Robert W. Whetzel, Esquire**
Richards, Layton & Finger
One Rodney Square
P.O. Box 551
Wilmington, DE 19899
(302) 651-7634
(302) 651-7701 (FAX)
whetzel@rlf.com
gibson@rlf.com

**Todd Anthony Coomes, Esquire**
Richards, Layton & Finger
One Rodney Square
P.O. Box 551
Wilmington, DE 19899
(302) 651-7507
Fax: (302) 498-7507
coomes@rlf.com

**Tracy A. Burleigh, Esquire**
Marshall, Dennehey, Warner, Coleman
& Goggin
1220 N. Market St., Suite 500
P.O. Box 8888
Wilmington, DE 19899
(302) 552-4300
tburleigh@mdwcg.com

**Michael W. Arrington, Esquire**
Parkowski, Guerke & Swayze
800 King Street, Suite 203
Wilmington, DE 19801
(302) 594-3333
(302) 654-3033 (FAX)
marrington@pgslegal.com

Notification of filing will be delivered via U. S. First Class Mail to the following:

**Lila T. Wynne, Esquire**
Marshall, Dennehey, Warner, Coleman & Goggin
Woodland Falls Corporate Park
200 Lake Drive East, Suite 300
Cherry Hill, NJ 08002
856-414-6000 - main
856-414-6026 - direct
856-414-6077 - fax
LTWynne@MDWCG.com

                         COLM F. CONNOLLY
                         United States Attorney

                    By: /s/Patricia C. Hannigan
                        Patricia C. Hannigan
                        Assistant United States Attorney
                        Delaware Bar I.D. No. 2145
                        The Nemours Building
                        1007 Orange Street, Suite 700
                        P. O. Box 2046
                        Wilmington, DE 19899-2046
                        (302) 573-6277
                        Patricia.Hannigan@usdoj.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA )<br><br>Plaintiff, )<br><br>v. )<br><br>M.A. HANNA PLASTICS GROUP, INC., )<br>WILMINGTON ECONOMIC )<br>DEVELOPMENT CORPORATION, )<br>AND SIDNEY AND CAROL MAFFETT, )<br><br>Defendants. ) | Civil Action No. 06-409-GMS<br><br>The Honorable Gregory M. Sleet |

**CONSENT DECREE BETWEEN THE UNITED STATES AND THE
WILMINGTON ECONOMIC DEVELOPMENT CORPORATION**

## TABLE OF CONTENTS

I.        BACKGROUND . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

II.       JURISDICTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

III.      PARTIES BOUND . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

IV.            DEFINITIONS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

V.        PAYMENT OF RESPONSE COSTS . . . . . . . . . . . . . . . . . . . . . . . .

VI.       SALE OF PARCEL 19 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
VII.      FAILURE TO COMPLY WITH CONSENT DECREE . . . . . . . . . . . . . . .

VIII.     COVENANT NOT TO SUE BY PLAINTIFF    . . . . . . . . . . . . . . . . .
IX.       RESERVATIONS OF RIGHTS BY UNITED STATES    . . . . . . . . .
X.        COVENANT NOT TO SUE BY SETTLING DEFENDANT        . . . . . .
XI.       EFFECT OF SETTLEMENT / CONTRIBUTION PROTECTION       . . . .
XII.      RETENTION OF RECORDS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
XIII.     NOTICES AND SUBMISSIONS . . . . . . . . . . . . . . . . . . . . . . . . . . .
XIV.      RETENTION OF JURISDICTION . . . . . . . . . . . . . . . . . . . . . . . . . .
XV.            INTEGRATION / APPENDICES . . . . . . . . . . . . . . . . . . . . . . .

XVI.      LODGING AND OPPORTUNITY FOR PUBLIC COMMENT       . . . . .
XVII.     SIGNATORIES / SERVICE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
XVIII.         FINAL JUDGMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 06-00409-GMS |
| ) | |
| v. ) | The Honorable Gregory M. Sleet |
| ) | |
| ) | |
| M.A. HANNA PLASTIC GROUP, INC., ) | |
| WILMINGTON ECONOMIC ) | |
| DEVELOPMENT CORPORATION, ) | |
| AND SIDNEY AND CAROL MAFFETT, ) | |
| ) | |
| Defendants. ) | |

## CONSENT DECREE BETWEEN THE UNITED STATES AND THE WILMINGTON ECONOMIC DEVELOPMENT CORPORATION

## I. BACKGROUND

A.  The United States of America ("United States"), on behalf of the Administrator of the United States Environmental Protection Agency ("EPA"), filed a complaint in this matter pursuant to Section 107 of the Comprehensive Environmental Response, Compensation, and Liability Act of 1980, 42 U.S.C. § 9607, as amended ("CERCLA"), seeking reimbursement of response costs incurred or to be incurred for response actions taken at or in connection with the release or threatened release of hazardous substances at the 12th Street Dump Superfund Site in Wilmington, Delaware ("the Site").

B.  The defendant that has entered into this Consent Decree ("Settling Defendant") does not admit any liability to Plaintiff arising out of the transactions or occurrences alleged in the complaint.

C.  The United States and Settling Defendant agree, and this Court by entering this Consent Decree finds, that this Consent Decree has been negotiated by the Parties in good faith, that settlement of this matter will avoid prolonged and complicated litigation between the

*Consent Decree between the United States and WEDCO*
*The 12th Street Dump Superfund Site, Wilmington, Delaware*
*Civil Action No. 06-409-GMS*

Parties, and that this Consent Decree is fair, reasonable, and in the public interest.

THEREFORE, with the consent of the Parties to this Decree, it is ORDERED, ADJUDGED, AND DECREED:

## II.  JURISDICTION

1.  This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1345 and 42 U.S.C. §§ 9607 and 9613(b) and also has personal jurisdiction over Settling Defendant. Solely for the purposes of this Consent Decree and the underlying complaint, Settling Defendant waives all objections and defenses that it may have to jurisdiction of the Court or to venue in this District. Settling Defendant shall not challenge the terms of this Consent Decree or this Court's jurisdiction to enter and enforce this Consent Decree.

## III.  PARTIES BOUND

2.  This Consent Decree is binding upon the United States and upon Settling Defendant and its successors and assigns. Any change in ownership or corporate or other legal status, including but not limited to, any transfer of assets or real or personal property, shall in no way alter the status or responsibilities of Settling Defendant under this Consent Decree.

## IV.  DEFINITIONS

3.  Unless otherwise expressly provided herein, terms used in this Consent Decree that are defined in CERCLA or in regulations promulgated under CERCLA shall have the meanings assigned to them in CERCLA or in such regulations. Whenever terms listed below are used in this Consent Decree or in any appendix attached hereto, the following definitions shall apply:

a.  "CERCLA" shall mean the Comprehensive Environmental Response, Compensation, and Liability Act of 1980, as amended, 42 U.S.C. § 9601, *et seq.*

b.  "Consent Decree" shall mean this Consent Decree and all appendices attached hereto. In the event of conflict between this Consent Decree and any appendix, the Consent Decree shall control.

*Consent Decree between the United States and WEDCO*
*The 12th Street Dump Superfund Site, Wilmington, Delaware*
*Civil Action No. 06-409-GMS*

c. "Date of Lodging" shall mean the date this Consent Decree is lodged with the United States District Court for the District of Delaware.

d. "Day" shall mean a calendar day. In computing any period of time under this Consent Decree, where the last day would fall on a Saturday, Sunday, or federal holiday, the period shall run until the close of business of the next working day.

e. "DOJ" shall mean the United States Department of Justice and any successor departments, agencies or instrumentalities of the United States.

f. "Effective Date" shall mean the date on which this Consent Decree is entered by the Court.

g. "EPA" shall mean the United States Environmental Protection Agency and any successor departments, agencies or instrumentalities of the United States.

h. "EPA Hazardous Substance Superfund" shall mean the Hazardous Substance Superfund established by the Internal Revenue Code, 26 U.S.C. § 9507.

i. "Fair Market Value" means the price which real property actually brings or would bring at a fair sale between a willing buyer and a willing seller under actual market conditions, dealing at arms length, neither being under any compulsion to buy or to sell, and both having reasonable knowledge of relevant facts.

j. "Interest" shall mean interest at the rate specified for interest on investments of the EPA Hazardous Substance Superfund established by 26 U.S.C. § 9507, compounded annually on October 1 of each year, in accordance with 42 U.S.C. § 9607(a). The applicable rate of interest shall be the rate in effect at the time the interest accrues. The rate of interest is subject to change on October 1 of each year.

k. "Net Proceeds" shall mean the purchase price of real property minus only the following costs: (i) the real estate agent commission (including advertising costs), if any; (ii) recording fees; (iii) transfer taxes; (iv) reasonable attorney fees related solely to the sale of the property and the closing; (v) the reasonable costs of auctioning the real property; and (vi) other reasonable expenses associated with the sale of the property and the closing that are approved in advance by EPA.

l. "Paragraph" shall mean a portion of this Consent Decree identified by an Arabic numeral or an upper or lower case letter.

3

*Consent Decree between the United States and WEDCO*
*The 12th Street Dump Superfund Site, Wilmington, Delaware*
*Civil Action No. 06-409-GMS*

    m. "Parcel 19" shall mean the real property in Wilmington, Delaware, located at or nearby 12th Street in the City of Wilmington, County of New Castle, State of Delaware, as further designated as of the commencement of this litigation by taxing authorities as Tax Parcel No. 26-045.00-019.

    n. "Parties" shall mean the United States and Settling Defendant.

    o. "Past Response Costs" shall mean all costs, including but not limited to interest and direct and indirect costs, that EPA, or DOJ on behalf of EPA, has paid at or in connection with the Site through the Date of Lodging of this Consent Decree.

    p. "Plaintiff" shall mean the United States.

    q. "Section" shall mean a portion of this Consent Decree identified by a Roman numeral.

    r. "Settling Defendant" shall mean the Wilmington Economic Development Corporation.

    s. "Site" shall mean the 12th Street Dump Site located along the eastern bank of the Brandywine Creek in Wilmington, Delaware, near the 12th Street ramp to Interstate 495, and which consists of Parcel Numbers 14, 17, and 19 depicted on the map included as Appendix A to this Consent Decree, and which includes properties owned on the south side of 12th Street by the Settling Defendant and the Delaware Department of Transportation, and approximately 0.2 acres of land owned by Sidney and Carol Maffett, and adjacent land owned by the Norfolk Southern Railway Company to the north and east of such parcels.

    t. "Transfer" shall mean the sale, assignment, transfer, or exchange of real property where title to such property is transferred and Fair Market Value is received in consideration. A Transfer does not include a transfer pursuant to an inheritance or a bequest or a transaction in which Settling Defendant holds any security interest in the real property transferred.

    u. "United States" shall mean the United States of America, including its departments, agencies and instrumentalities.

## V. PAYMENT OF RESPONSE COSTS

  4. <u>Payment of Past Response Costs to EPA</u>.  By July 1, 2008, or 30 days after the

4

*Consent Decree between the United States and WEDCO*
*The 12th Street Dump Superfund Site, Wilmington, Delaware*
*Civil Action No. 06-409-GMS*

Effective Date, whichever is later, Settling Defendant shall pay to EPA $120,000.00. The payment required under this Paragraph is in addition to the payment(s) required by Section VI of this Consent Decree.

     5. Payment shall be made by FedWire Electronic Funds Transfer ("EFT") to the U.S. Department of Justice account in accordance with EFT instructions provided to Settling Defendant by the Financial Litigation Unit of the U.S. Attorney's Office in the District of Delaware following lodging of the Consent Decree.

     6. At the time of payment, Settling Defendant shall send notice that payment has been made to EPA and DOJ in accordance with Section XII (Notices and Submissions) and to:

     Docket Clerk (3RC00)
     U.S. EPA Region III
     1650 Arch Street
     Philadelphia, PA 19103-2029

     and

     Barbara Borden (3PM30)
     U.S. EPA Region III
     1650 Arch Street
     Philadelphia, PA 19103-2029.

Such notice shall reference EPA Region III Site/Spill Identification Number D330, DOJ case number 90-11-3-08301, and Civil Action Number 06-00409-GMS.

     7. The total amount to be paid pursuant to Paragraph 4 shall be deposited in the EPA Hazardous Substance Superfund.

## VI. SALE OF PARCEL 19

     8. Within three years after the Effective Date of this Consent Decree, Settling Defendant shall Transfer Parcel 19 and pay to the United States a sum equal to fifty percent (50%) of the Net Proceeds of the Transfer in accordance with the requirements in this Section. Settling Defendant shall not convey any interest in Parcel 19, or any portion thereof, except in accordance with the requirements of this Section. Notwithstanding the Transfer of any real property within Parcel 19, Settling Defendant shall continue to be bound by all the terms and conditions, and subject to all of the benefits of, this Consent Decree.

9.  Within 45 days after the Effective Date, Settling Defendant shall commence using best efforts to expeditiously Transfer all real property within Parcel 19 in accordance with the requirements of this Section.  However, nothing in this Section shall preclude Settling Defendant from commencing using best efforts to Transfer Parcel 19 prior to the Effective Date, as long as such efforts conform to the requirements in this Section.  As used in this Section, "best efforts" shall include, at a minimum,, the following:

    a.    developing a marketing plan to include direct contact with prospective purchasers, advertisement of the sale of Parcel 19 in appropriate publications, and other solicitation of prospective purchasers as appropriate (the marketing plan may include additional real property not owned by Settling Defendant provided the marketing of such additional real property does not reduce the value of Parcel 19 or unreasonably delay the transfer of Parcel 19);

    b.    implementing the marketing plan;

    c.    responding to the reasonable inquiries of prospective purchasers;

    d.    maintaining Parcel 19 in a condition suitable for exhibition to prospective purchasers;

    e.    allowing Parcel 19 to be shown to prospective purchasers at all reasonable times; and

    f.    assisting any broker, dealer, agent, or consultant involved with the prospective or actual Transfer of Parcel 19 in all reasonable ways to Transfer Parcel 19 at the highest price possible and as quickly as possible.

10.  Every six months following the Effective Date, Settling Defendant shall submit to the United States a report identifying all steps taken during the previous six months to Transfer Parcel 19.  Such reports shall be due within 30 days of each six month period and shall continue until all of Parcel 19 has been Transferred.

11.  If within one year after the Effective Date Settling Defendant has not executed an agreement or agreements for the Transfer of all real property within Parcel 19 <u>and</u> during the previous year Settling Defendant did not use the services of a real estate broker, dealer, agent, or consultant to assist with or handle the Transfer, Settling Defendant shall within 30 days of the one year anniversary of the Effective Date contract with a real estate broker, dealer, agent, or consultant licensed to do business in the State of Delaware to assist Settling Defendant in the Transfer such property.  Such contract shall require the real estate broker, dealer, agent, or consultant to follow the usual and normal practices for marketing real property including, among other things, listing Parcel 19 in one or more real estate listing

*Consent Decree between the United States and WEDCO*
*The 12th Street Dump Superfund Site, Wilmington, Delaware*
*Civil Action No. 06-409-GMS*

services regularly used by real estate agents, brokers, and others and otherwise advertising the availability of such property to potential buyers.

12. If within 36 months after the Effective Date Settling Defendant has not executed an agreement or agreements for the Transfer of all real property within Parcel 19, Settling Defendant shall conduct an auction and transfer to the highest bidder any remaining real property within Parcel 19 held by Settling Defendant. Settling Defendant shall engage a professional auctioneer and publicize the auction fully, by means of advertisements in local newspapers for no less than 30 days preceding the auction, as well as by all other appropriate and customary means for auctioning of real property in the Wilmington, Delaware, area.

13. Settling Defendant shall not execute a contract for the Transfer of any real property within Parcel 19 without prior notice to, and approval by, the United States of the terms of any such contract. Settling Defendant shall forward the proposed contract to the United States in accordance with Section XIII (Notices and Submissions) and to the following additional persons:

    Chief, Cost Recovery Branch (3HS62)
    Hazardous Site Cleanup Division
    US EPA
    1650 Arch Street
    Philadelphia,  PA   19103

    and

    Jim Williams (3HS62)
    Cost Recovery Branch
    Hazardous Site Cleanup Division
    US EPA
    1650 Arch Street
    Philadelphia,  PA   19103

If the United States does not object to the proposed contract, or any term thereof, within 45 days of receipt of the contract, Settling Defendant may proceed with the execution of the contract.

14. Settling Defendant agrees to complete closing of the Transfer of real property within Parcel 19 within 120 days of execution of the contract for sale, unless otherwise agreed to by the United States. Settling Defendant shall notify the United States of the closing date no later than three (3) business days after the closing.

*Consent Decree between the United States and WEDCO*
*The 12th Street Dump Superfund Site, Wilmington, Delaware*
*Civil Action No. 06-409-GMS*

    15.  <u>Payment(s) to the United States</u>.  The payment(s) required under this Paragraph are in addition to the payment required by Section V of this Consent Decree.

        a.  Within fifteen (15) days of closing on the Transfer of any real property within Parcel 19, whether by sale or auction, Settling Defendant shall pay to the United States a sum equal to 50 percent (50%) of the Net Proceeds of the sale of such property.  Each payment made under this Paragraph shall be made by certified or cashier's check made payable to "EPA Hazardous Substance Superfund."  The check, or a letter accompanying the check, shall reference the name and address of the party making payment, 12th Street Dump Superfund Site, EPA Region III Site Spill ID Number D330, DOJ Case Number 90-11-3-08301, and Civil Action Number 06-00409-GMS.  The check (and any accompanying letter) shall be sent to

> Environmental Protection Agency
> Superfund Payments
> Cincinnati Finance Center
> P.O. Box 979076
> St. Louis, MO 63197-9000

At the time of each payment, Settling Defendant shall send notice that payment has been made to EPA and DOJ in accordance with Section XIII (Notices and Submissions) and to:

> Docket Clerk (3RC00)
> U.S. EPA Region III
> 1650 Arch Street
> Philadelphia, PA 19103-2029

> and

> Barbara Borden (3PM30)
> U.S. EPA Region III
> 1650 Arch Street
> Philadelphia, PA 19103-2029.

Such notice shall reference EPA Region III Site/Spill Identification Number D330, DOJ case number 90-11-3-08301, and Civil Action Number 06-00409-GMS.  At the time Settling Defendant provides notice of such payment, Settling Defendant shall provide to the United States an accounting which identifies the property subject to the Transfer, the purchase price, the Net Proceeds, and each item subtracted from the purchase price to obtain the Net

*Consent Decree between the United States and WEDCO*
*The 12th Street Dump Superfund Site, Wilmington, Delaware*
*Civil Action No. 06-409-GMS*

Proceeds.

b.  The total of all Net Proceeds paid to the United States pursuant to this Consent decree shall not be less than $40,000.00.  If, after all real property within Parcel 19 has been Transferred by Settling Defendant, whether by sale or auction, Settling Defendant has not paid Net Proceeds to the United States of at least $40,000.00, Settling Defendant shall pay to the United States the difference between $40,000.00 and the Net Proceeds previously paid to the United States.  Such payment shall be due within fifteen (15) days of closing on the Transfer of the last of any real property within Parcel 19 held by Settling Defendant, whether by sale or auction, and shall be made in accordance with the procedures set forth in Paragraph 15(a) of this Consent Decree.

16.  The time periods and deadlines established in this Section may be modified by written agreement between the Parties.

## VII.  FAILURE TO COMPLY WITH CONSENT DECREE

17.  Interest on Late Payments.  If Settling Defendant fails to make a payment required under Paragraph 4 (Payment of Response Costs) or 15 by the required due date, Interest shall accrue on the unpaid balance through the date of payment.

18.  Stipulated Penalty.

a.  If the amount due under Paragraph 4 or 15 is not paid by the required date, Settling Defendant shall be in violation of this Consent Decree and shall pay to EPA, as a stipulated penalty, in addition to the Interest required by Paragraph 17, $2,000.00 per violation per day that such payment is late.

b.  Any stipulated penalty is due and payable within 30 days of the date of the demand for payment of the penalty by EPA.  All payments to EPA under this Paragraph shall be identified as "stipulated penalties" and shall be made by certified or cashier's check made payable to "EPA Hazardous Substance Superfund."  The check, or a letter accompanying the check, shall reference the name and address of the party making payment, 12th Street Dump Superfund Site, EPA Region III Site Spill ID Number D330, DOJ Case Number 90-11-3-08301, and Civil Action Number 06-00409-GMS.  The check (and any accompanying letter) shall be sent to

Environmental Protection Agency
Superfund Payments

9

*Consent Decree between the United States and WEDCO*
*The 12th Street Dump Superfund Site, Wilmington, Delaware*
*Civil Action No. 06-409-GMS*

       Cincinnati Finance Center
       P.O. Box 979076
       St. Louis, MO 63197-9000

       c.  At the time of each payment, Settling Defendant shall send notice that payment has been made to EPA and DOJ in accordance with Section XIII (Notices and Submissions) and to:

*Consent Decree between the United States and WEDCO*
*The 12ʰ Street Dump Superfund Site, Wilmington, Delaware*
*Civil Action No. 06-409-GMS*

> Docket Clerk (3RC00)
> U.S. EPA Region III
> 1650 Arch Street
> Philadelphia, PA 19103-2029
>
> and
>
> Barbara Borden (3PM30)
> U.S. EPA Region III
> 1650 Arch Street
> Philadelphia, PA 19103-2029.

Such notice shall reference EPA Region III Site/Spill Identification Number D330, DOJ case number 90-11-3-08301, and Civil Action Number 06-00409-GMS.

       d.   Penalties shall accrue as provided in this Paragraph regardless of whether EPA has notified Settling Defendant of the violation or made a demand for payment, but need only be paid upon demand. All penalties shall begin to accrue on the day after payment is due and shall continue to accrue through the date of payment. Nothing herein shall prevent the simultaneous accrual of separate penalties for separate violations of this Consent Decree.

    19.  If the United States brings an action to enforce this Consent Decree, Settling Defendant shall reimburse the United States for all costs of such action, including but not limited to costs of attorney time.

    20.  Payments made under this Section shall be in addition to any other remedies or sanctions available to Plaintiff by virtue of Settling Defendant's failure to comply with the requirements of this Consent Decree.

    21.  Notwithstanding any other provision of this Section, the United States may, in its unreviewable discretion, waive payment of any portion of the stipulated penalties that have accrued pursuant to this Consent Decree.

    22.  Payment of stipulated penalties shall not excuse Settling Defendants from payment as required by Sections V or VI or from performance of any other requirements of this Consent Decree.

*Consent Decree between the United States and WEDCO*
*The 12th Street Dump Superfund Site, Wilmington, Delaware*
*Civil Action No. 06-409-GMS*

## VIII.  <u>COVENANT NOT TO SUE BY PLAINTIFF</u>

23.  <u>Covenant Not to Sue by the United States</u>.  Except as specifically provided in Section IX (Reservation of Rights by United States), the United States covenants not to sue or to take administrative action against Settling Defendant pursuant to Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), to recover Past Response Costs.  This covenant not to sue shall take effect upon receipt by EPA of the payment required by Section V, Paragraph 4 (Payment of Response Costs) and any amount due under Section VII (Failure to Comply with Consent Decree).  This covenant not to sue is conditioned upon the satisfactory performance by Settling Defendant of its obligations under this Consent Decree.  This covenant not to sue extends only to Settling Defendant and does not extend to any other person.

## IX.  <u>RESERVATIONS OF RIGHTS BY UNITED STATES</u>

24.  The United States reserves, and this Consent Decree is without prejudice to, all rights against Settling Defendant with respect to all matters not expressly included within the Covenant Not to Sue by Plaintiff in Paragraph 23.  Notwithstanding any other provision of this Consent Decree, the United States reserves all rights against Setting Defendant with respect to:

      a.  liability for failure of Settling Defendant to meet a requirement of this Consent Decree;

      b.  liability for costs incurred or to be incurred by the United States that are not within the definition of Past Response Costs;

      c.  liability for injunctive relief or administrative order enforcement under Section 106 of CERCLA, 42 U.S.C. § 9606;

      d.  criminal liability; and

      e.  liability for damages for injury to, destruction of, or loss of natural resources, and for the costs of any natural resource damage assessments.

## X.  <u>COVENANT NOT TO SUE BY SETTLING DEFENDANT</u>

25.  Settling Defendant covenants not to sue and agrees not to assert any claims or causes of action against the United States, or its contractors or employees, with respect to the Site or this Consent Decree including but not limited to:

*Consent Decree between the United States and WEDCO*
*The 12th Street Dump Superfund Site, Wilmington, Delaware*
*Civil Action No. 06-409-GMS*

      a.  any direct or indirect claim for reimbursement from the Hazardous Substance Superfund based on Sections 106(b)(2), 107, 111, 112, or 113 of CERCLA, 42 U.S.C. §§ 9606(b)(2), 9607, 9611, 9612, or 9613, or any other provision of law;

      b.  any claim arising out of the response actions at the Site including any claim under the United States Constitution, the Constitution of the State of Delaware, the Tucker Act, 28 U.S.C. § 1491, the Equal Access to Justice Act, 28 U.S.C. § 2412, as amended, or at common law; or

      c.  any claim against the United States pursuant to Sections 107 and 113 of CERCLA, 42 U.S.C. §§ 9607 and 9613, relating to the Site.

    26.  Nothing in this Consent Decree shall be deemed to constitute approval or preauthorization of a claim within the meaning of Section 111 of CERCLA, 42 U.S.C. § 9611, or 40 C.F.R. 300.700(d).

    27.  Settling Defendant agrees not to assert any claims and to waive all claims or causes of action that it may have for all matters relating to the Site, including for contribution, against any person where the person's liability to Settling Defendant with respect to the Site is based solely on having arranged for disposal or treatment, or for transport for disposal or treatment, of hazardous substances at the Site, or having accepted for transport for disposal or treatment of hazardous substances at the Site, if all or part of the disposal, treatment, or transport occurred before April 1, 2001, and the total amount of material containing hazardous substances contributed by such person to the Site was less than 110 gallons of liquid materials or 200 pounds of solid materials.

    28.  The waiver in Paragraph 27 shall not apply with respect to any defense, claim, or cause of action that a Settling Defendant may have against any person meeting the above criteria if such person asserts a claim or cause of action relating to the Site against Settling Defendant. This waiver also shall not apply to any claim or cause of action against any person meeting the above criteria if EPA determines:

      a.  that such person has failed to comply with any EPA requests for information or administrative subpoenas issued pursuant to Section 104(e) or 122(e) of CERCLA, 42 U.S.C. §§ 9604(e) or 9622(e), or Section 3007 of the Solid Waste Disposal Act (also known as the Resource Conservation and Recovery Act or "RCRA"), 42 U.S.C. § 6927, or has impeded or is impeding, through action or inaction, the performance of a response action or natural resource restoration with respect to the Site, or has been convicted of a criminal violation for the conduct to which this waiver would apply and that conviction has not been vitiated on appeal or otherwise; or

*Consent Decree between the United States and WEDCO*
*The 12th Street Dump Superfund Site, Wilmington, Delaware*
*Civil Action No. 06-409-GMS*

      b. that the materials containing hazardous substances contributed to the Site by such person have contributed significantly, or could contribute significantly, either individually or in the aggregate, to the cost of response action or natural resource restoration at the Site.

      29. Settling Defendant agrees not to challenge or otherwise object to any consent decree entered into pursuant to Section 122 of CERCLA, 42 U.S.C. § 9622, between the United States and M.A. Hanna Plastics Group, Inc. with respect to the Site that has been or will be lodged in this Court.

## XI.  EFFECT OF SETTLEMENT/CONTRIBUTION PROTECTION

      30. Except as provided in Paragraphs 27, 28, and 29,

      a. nothing in this Consent Decree shall be construed to create any rights in, or grant any cause of action to, any person not a Party to this Consent Decree, and

      b. the Parties expressly reserve any and all rights (including, but not limited to, any right to contribution), defenses, claims, demands, and causes of action that they may have with respect to any matter, transaction, or occurrence relating in any way to the Site against any person not a Party hereto.

      31. The Parties agree, and by entering this Consent Decree this Court finds, that Settling Defendant is entitled, as of the date of entry of this Consent Decree, to protection from contribution actions or claims as provided by Section 113(f)(2) of CERCLA, 42 U.S.C. § 9613(f)(2), for "matters addressed" in this Consent Decree. The "matters addressed" in this Consent Decree are Past Response Costs.

      32. Settling Defendant agrees that, with respect to any suit or claim for contribution brought by it for matters related to this Consent Decree, it will notify EPA and DOJ in writing no later than 60 days prior to the initiation of such suit or claim. Settling Defendant also agrees that, with respect to any suit or claim for contribution brought against it for matters related to this Consent Decree, it will notify EPA and DOJ in writing within 10 days of service of the complaint or claim upon it. In addition, Settling Defendant shall notify EPA and DOJ within 10 days of service or receipt of any Motion for Summary Judgment, and within 10 days of receipt of any order from a court setting a case for trial, for matters related to this Consent Decree.

      33. In any subsequent administrative or judicial proceeding initiated by the United States

*Consent Decree between the United States and WEDCO*
*The 12th Street Dump Superfund Site, Wilmington, Delaware*
*Civil Action No. 06-409-GMS*

for injunctive relief, recovery of response costs, or other relief relating to the Site, Settling Defendant shall not assert, and may not maintain, any defense or claim based upon the principles of waiver, *res judicata*, collateral estoppel, issue preclusion, claim-splitting, or other defenses based upon any contention that the claims raised by the United States in the subsequent proceeding were or should have been brought in the instant case; provided, however, that nothing in this Paragraph affects the enforceability of the Covenant Not to Sue by Plaintiff set forth in Section VIII.

## XII.  RETENTION OF RECORDS

34.  Until 10 years after entry of this Consent Decree, Settling Defendant shall preserve and retain all records, reports, or information (hereinafter referred to as "records") now in its possession or control, or which come into its possession or control, that relate in any manner to response actions taken at the Site or the liability of any person under CERCLA with respect to the Site, regardless of any corporate retention policy to the contrary.

35.  After the conclusion of the 10-year document retention period in the preceding paragraph, Settling Defendant shall notify EPA and DOJ at least 90 days prior to the destruction of any such records, and, upon request by EPA or DOJ, Settling Defendant shall deliver any such records to EPA.  Settling Defendant may assert that certain records are privileged under the attorney-client privilege or any other privilege recognized by federal law.  If Settling Defendant asserts such a privilege, it shall provide Plaintiff with the following:  1) the title of the record; 2) the date of the record; 3) the name, title, affiliation (*e.g.*, company or firm), and address of the author of the record; 4) the name and title of each addressee and recipient; 5) a description of the subject of the record; and 6) the privilege asserted.  If a claim of privilege applies only to a portion of a record, the record shall be provided to Plaintiff in redacted form to mask the privileged information only.  Settling Defendant shall retain all records that it claims to be privileged until the United States has had a reasonable opportunity to dispute the privilege claim and any such dispute has been resolved in the Settling Defendant's favor.  However, no records created or generated pursuant to the requirements of this or any other settlement with the EPA pertaining to the Site shall be withheld on the grounds that they are privileged.

36.  Settling Defendant hereby certifies that to the best of its knowledge and belief, after thorough inquiry, it has not altered, mutilated, discarded, destroyed or otherwise disposed of any records, reports, or information relating to its potential liability regarding the Site since notification of potential liability by the United States or the State or the filing of suit against it regarding the Site and that it has fully complied with any and all EPA requests for information pursuant to Sections 104(e) and 122(e) of CERCLA, 42 U.S.C. §§ 9604(e) and 9622(e), and Section 3007 of RCRA, 42 U.S.C. § 6972.

*Consent Decree between the United States and WEDCO*
*The 12th Street Dump Superfund Site, Wilmington, Delaware*
*Civil Action No. 06-409-GMS*

## XIII.  NOTICES AND SUBMISSIONS

37.  Whenever, under the terms of this Consent Decree, notice is required to be given or a document is required to be sent by one party to another, it shall be directed to the individuals at the addresses specified below, unless those individuals or their successors give notice of a change to the other party in writing.  Unless otherwise specified in this Consent Decree, written notice as specified herein shall constitute complete satisfaction of any written notice requirement of the Consent Decree with respect to the United States, EPA, DOJ, and Settling Defendant, respectively.

As to the United States:

      Chief, Environmental Enforcement Section
      Environment and Natural Resources Division
      U.S. Department of Justice (DJ # 90-11-3-08301)
      P.O. Box 7611
      Washington, D.C.  20044-7611

      Andrew S. Goldman (3RC41)
      Sr. Assistant Regional Counsel
      US EPA Region III
      1650 Arch Street
      Philadelphia, PA 19103-2029

As to Settling Defendant:

      Executive Director
      Wilmington Economic Development Corporation
      100 West 10th Street, Suite 706
      Wilmington,   DE   19801

      Robert W. Whetzel, Esquire
      Richards, Layton & Finger
      P.O. Box 551
      One Rodney Square
      920 North King Street
      Wilmington,   DE   19801

*Consent Decree between the United States and WEDCO*
*The 12ᵗʰ Street Dump Superfund Site, Wilmington, Delaware*
*Civil Action No. 06-409-GMS*

## XIV.  RETENTION OF JURISDICTION

38.  This Court shall retain jurisdiction over this matter for the purpose of interpreting and enforcing the terms of this Consent Decree.

## XV.  INTEGRATION / APPENDICES

39.   This Consent Decree and its appendices constitute the final, complete and exclusive agreement and understanding between the Parties with respect to the settlement embodied in this Consent Decree.  The Parties acknowledge that there are no representations, agreements or understandings relating to the settlement other than those expressly contained in this Consent Decree.  Appendix A (parcel description) and B (a map of the Site) are attached to and incorporated into this Consent Decree.

## XVI.  LODGING AND OPPORTUNITY FOR PUBLIC COMMENT

40.  This Consent Decree shall be lodged with the Court for a period of not less than 30 days for public notice and comment.  The United States reserves the right to withdraw or withhold its consent for the Consent Decree if it receives comments that disclose facts or considerations indicating that this Consent Decree is inappropriate, improper, or inadequate. Settling Defendant consents to the entry of this Consent Decree without further notice.

41.  If for any reason this Court should decline to approve this Consent Decree in the form presented, this agreement is voidable at the sole discretion of any party and the terms of the agreement may not be used as evidence in any litigation between the Parties.

## XVII.  SIGNATORIES / SERVICE

42.  The undersigned representative of Settling Defendant and the Deputy Chief, Environmental Enforcement Section, of the United States Department of Justice each certify that he or she is authorized to enter into the terms and conditions of this Consent Decree and to execute and bind legally such Party to this document.

43.  Settling Defendant hereby agrees not to oppose entry of this Consent Decree by this Court or to challenge any provision of this Consent Decree, unless the United States has notified Settling Defendant in writing that it no longer supports entry of the Consent Decree.

17

*Consent Decree between the United States and WEDCO*
*The 12th Street Dump Superfund Site, Wilmington, Delaware*
*Civil Action No. 06-409-GMS*

44.  Settling Defendant shall identify, on the attached signature page, the name and address of an agent who is authorized to accept service of process by mail with respect to all matters arising under or relating to this Consent Decree.  Settling Defendant hereby agrees to accept service in that manner and to waive the formal service requirements set forth in Rule 4 of the Federal Rules of Civil Procedure and any applicable local rules of this Court, including but not limited to, service of a summons.

## XVIII.  FINAL JUDGMENT

45.  Upon approval and entry of this Consent Decree by the Court, this Consent Decree shall constitute the final judgment between the United States and the Settling Defendant.  The Court finds that there is no just reason for delay and therefore enters this judgment as a final judgment under Fed. R. Civ. P. 54 and 58.

SO ORDERED THIS _____ DAY OF _____, 20____ .

_____
The Honorable Gregory M. Sleet

*Consent Decree between the United States and WEDCO*
*The 12th Street Dump Superfund Site, Wilmington, Delaware*
*Civil Action No. 06-409-GMS*

THE UNDERSIGNED PARTIES enter into this Consent Decree in the matter of *United States v. M.A. Hanna Plastics, Inc. et al.*, Civil Action No. 06-409-GMS (D. Del.) relating to the 12th Street Dump Superfund Site.

FOR THE UNITED STATES OF AMERICA

RONALD J. TENPAS
Assistant Attorney General
Environment and Natural Resources Division
U.S. Department of Justice

Date: 8/4/08

W. BENJAMIN FISHEROW
Deputy Section Chief
Environmental Enforcement Section

Date: 8/5/08

NANCY FLICKINGER
Senior Attorney
Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice
P.O. Box 7611
Washington, DC 20044-7611
(202) 514-5258

19

*Consent Decree between the United States and WEDCO*
*The 12th Street Dump Superfund Site, Wilmington, Delaware*
*Civil Action No. 06-409-GMS*

COLM F. CONNOLLY
United States Attorney

Date: _8/7/08_

_P. Hannigan_

PATRICIA C. HANNIGAN
Assistant United States Attorney
The Nemours Building
1007 Orange Street, Suite 700
P.O. Box 2046
Wilmington, DE 19899-2046
302-573-6277
patricia.hannigan@usdoj.gov

20

*Consent Decree between the United States and WEDCO*
*The 12ᵗʰ Street Dump Superfund Site, Wilmington, Delaware*
*Civil Action No. 06-409-GMS*

Date: 7/30/08

DONALD S. WELSH
Regional Administrator, Region III
U.S. Environmental Protection Agency
1650 Arch Street
Philadelphia, PA 19103-2029

Date: 7/24/08

WILLIAM C. EARLY
Regional Counsel, Region III
U.S. Environmental Protection Agency
1650 Arch Street
Philadelphia, PA 19103-2029

Date: 7/23/08

ANDREW S. GOLDMAN
Senior Assistant Regional Counsel
Region III
U.S. Environmental Protection Agency
1650 Arch Street
Philadelphia, PA 19103-2029

21

*Consent Decree between the United States and WEDCO*
*The 12th Street Dump Superfund Site, Wilmington, Delaware*
*Civil Action No. 06-409-GMS*

For the Wilmington Economic Development
Corporation

Date: 7/8/08

WILLIAM C. ABERNETHY.
Executive Director, WEDCO

Date: 7/7/08

ROBERT W. WHETZEL, ESQUIRE
Richards, Layton & Finger
One Rodney Square
920 North King Street
Wilmington, DE 19801


Agent Authorized to Accept Service on Behalf of Above-signed Party:

Name:        Robert W. Whetzel, Esquire

Title:        Attorney for Wilmington Economic Development Corporation

Address:      Richards, Layton & Finger

              One Rodney Square

              920 N. King Street

              Wilmington, DE 19801

22

# APPENDIX A



