

**U.S. Department of Justice**

*United States Attorney's Office*
*District of Delaware*

---

*The Nemours Building*         *(302) 573-6277 x 156*
*1007 Orange Street, Suite 700*    *FAX (302) 573-6220*
*P.O. Box 2046*             *TTY (302) 573- 6274*
*Wilmington, Delaware 19899-2046*  *Toll Free (888) 293-8162*
*Patricia.Hannigan@usdoj.gov*

August 14, 2008

**VIA CM/ECF**

Honorable Gregory M. Sleet
U.S. District Judge
J. Caleb Boggs Federal Bldg
844 N. King Street, Room 4324
Lockbox 19
Wilmington, DE 19801

      **RE:**   **United States v. M.A. Hanna Plastics Groups, Inc., et al.**
              **Civil Action No. 06-409-GMS**                        

Dear Chief Judge Sleet:

      It has come to my attention that an attachment to the Notice of Lodging Consent Decrees (D.I.-131) was inadvertently omitted when the document was filed.  The Notice of Lodging specifies that two proposed consent decrees were being lodged; however only one of the two proposed Consent Decrees was actually attached.  The proposed Consent Decree between the United States and M.A. Hanna Plastics Group, Inc. ("the Hanna CD")was erroneously not attached.

      With apologies to the court and counsel for any inconvenience, I am now submitting the proposed Hanna CD under cover of this correspondence.  As recited in the previously filed Notice of Lodging, the two Consent Decrees are subject to a period of public comment after notice of the lodging of the two consent decrees is published in the federal register.  Accordingly, no action is required by the Court at this time.

I appreciate the Court's consideration and I am, of course, available if Your Honor has questions or comments.

Respectfully,

COLM F. CONNOLLY
United States Attorney

By: /s/Patricia C. Hannigan
Patricia C. Hannigan
Assistant United States Attorney

PCH:md
Attachment

cc:  Robert W. Whetzel, Esquire/VIA CM/ECF
Michael W. Arrington, Esquire/VIA CM/ECF
Tracy A. Burleigh, Esquire/VIA CM/ECF
Todd Anthony Coomes, Esquire/VIA CM/ECF
Lila T. Wynne, Esquire/VIA CM/ECF
Andrew Goldman, Esquire/VIA First Class Mail

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 06-409-GMS |
| | ) | |
| v. | ) | The Honorable Gregory M. Sleet |
| | ) | |
| | ) | |
| M.A. HANNA PLASTICS GROUP, INC., | ) | |
| WILMINGTON ECONOMIC | ) | |
| DEVELOPMENT CORPORATION, | ) | |
| AND SIDNEY AND CAROL MAFFETT, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## CONSENT DECREE BETWEEN THE UNITED STATES AND
## M.A. HANNA PLASTICS GROUP, INC.

# TABLE OF CONTENTS

I.      BACKGROUND . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II.     JURISDICTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

III.    PARTIES BOUND . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

IV.     DEFINITIONS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

V.      PAYMENT OF RESPONSE COSTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

VI.     FAILURE TO COMPLY WITH CONSENT DECREE . . . . . . . . . . . . . . . . . . . . . . . . 5

VII.    COVENANT NOT TO SUE BY PLAINTIFF . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

VIII.   RESERVATIONS OF RIGHTS BY UNITED STATES . . . . . . . . . . . . . . . . . . . . . . . . 7

IX.     COVENANT NOT TO SUE BY SETTLING DEFENDANT . . . . . . . . . . . . . . . . . . . . 7

X.      EFFECT OF SETTLEMENT/CONTRIBUTION PROTECTION . . . . . . . . . . . . . . . . 9

XI.     RETENTION OF RECORDS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

XII.    NOTICES AND SUBMISSIONS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

XIII.   RETENTION OF JURISDICTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

XIV.    INTEGRATION / APPENDIX . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

XV.     LODGING AND OPPORTUNITY FOR PUBLIC COMMENT . . . . . . . . . . . . . . . . . 12

XVI.    SIGNATORIES / SERVICE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

XVII.   FINAL JUDGMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Consent Decree between the United States and M.A. Hanna Plastics Group, Inc.*
*The 12th Street Dump Superfund Site, Wilmington, Delaware*
*Civil Action No. 06-409-GMS*
*Page 1*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Civil Action No. 06-00409-GMS** |
| | ) | |
| **v.** | ) | **The Honorable Gregory M. Sleet** |
| | ) | |
| | ) | |
| **M.A. HANNA PLASTICS GROUP, INC.,** | ) | |
| **WILMINGTON ECONOMIC** | ) | |
| **DEVELOPMENT CORPORATION,** | ) | |
| **AND SIDNEY AND CAROL MAFFETT,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

## CONSENT DECREE BETWEEN THE UNITED STATES AND
## M.A. HANNA PLASTICS GROUP, INC.

## I.    BACKGROUND

A.  The United States of America ("United States"), on behalf of the Administrator of the United States Environmental Protection Agency ("EPA"), filed a complaint in this matter pursuant to Section 107 of the Comprehensive Environmental Response, Compensation, and Liability Act of 1980, 42 U.S.C. § 9607, as amended ("CERCLA"), seeking reimbursement of response costs incurred or to be incurred for response actions taken at or in connection with the release or threatened release of hazardous substances at the 12th Street Dump Superfund Site in Wilmington, Delaware ("the Site").

*Consent Decree between the United States and M.A. Hanna Plastics Group, Inc.*
*The 12th Street Dump Superfund Site, Wilmington, Delaware*
*Civil Action No. 06-409-GMS*
*Page 2*

B. The defendant that has entered into this Consent Decree ("Settling Defendant") does not admit any liability to Plaintiff arising out of the transactions or occurrences alleged in the complaint.

C. The United States and Settling Defendant agree, and this Court by entering this Consent Decree finds, that this Consent Decree has been negotiated by the Parties in good faith, that settlement of this matter will avoid prolonged and complicated litigation between the Parties, and that this Consent Decree is fair, reasonable, and in the public interest.

THEREFORE, with the consent of the Parties to this Decree, it is ORDERED, ADJUDGED, AND DECREED:

## II.   JURISDICTION

1. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1345 and 42 U.S.C. §§ 9607 and 9613(b) and also has personal jurisdiction over Settling Defendant. Solely for the purposes of this Consent Decree and the underlying complaint, Settling Defendant waives all objections and defenses that it may have to jurisdiction of the Court or to venue in this District. Settling Defendant shall not challenge the terms of this Consent Decree or this Court's jurisdiction to enter and enforce this Consent Decree.

## III.   PARTIES BOUND

2. This Consent Decree is binding upon the United States and upon Settling Defendant and its successors and assigns. Any change in ownership or corporate or other legal status, including but not limited to, any transfer of assets or real or personal property, shall in no way alter the status or responsibilities of Settling Defendant under this Consent Decree.

## IV.   DEFINITIONS

3. Unless otherwise expressly provided herein, terms used in this Consent Decree that are defined in CERCLA or in regulations promulgated under CERCLA shall have the meanings assigned to them in CERCLA or in such regulations. Whenever terms listed below are used in this Consent Decree or in any appendix attached hereto, the following definitions shall apply:

a. "CERCLA" shall mean the Comprehensive Environmental Response,

2

*Consent Decree between the United States and M.A. Hanna Plastics Group, Inc.*
*The 12th Street Dump Superfund Site, Wilmington, Delaware*
*Civil Action No. 06-409-GMS*
*Page 3*

Compensation, and Liability Act of 1980, as amended, 42 U.S.C. § 9601, *et seq.*

  b. "Consent Decree" shall mean this Consent Decree and all appendices attached hereto. In the event of conflict between this Consent Decree and any appendix, the Consent Decree shall control.

  c. "Date of Lodging" shall mean the date this Consent Decree is lodged with the United States District Court for the District of Delaware.

  d. "Day" shall mean a calendar day. In computing any period of time under this Consent Decree, where the last day would fall on a Saturday, Sunday, or federal holiday, the period shall run until the close of business of the next working day.

  e. "DOJ" shall mean the United States Department of Justice and any successor departments, agencies or instrumentalities of the United States.

  f. "EPA" shall mean the United States Environmental Protection Agency and any successor departments, agencies or instrumentalities of the United States.

  g. "EPA Hazardous Substance Superfund" shall mean the Hazardous Substance Superfund established by the Internal Revenue Code, 26 U.S.C. § 9507.

  h. "Interest" shall mean interest at the rate specified for interest on investments of the EPA Hazardous Substance Superfund established by 26 U.S.C. § 9507, compounded annually on October 1 of each year, in accordance with 42 U.S.C. § 9607(a). The applicable rate of interest shall be the rate in effect at the time the interest accrues. The rate of interest is subject to change on October 1 of each year.

  i. "Paragraph" shall mean a portion of this Consent Decree identified by an Arabic numeral or an upper or lower case letter.

  j. "Parties" shall mean the United States and Settling Defendant.

  k. "Past Response Costs" shall mean all costs, including but not limited to interest and direct and indirect costs, that EPA, or DOJ on behalf of EPA, has paid at or in connection with the Site through the Date of Lodging of this Consent Decree.

  l. "Plaintiff" shall mean the United States.

*Consent Decree between the United States and M.A. Hanna Plastics Group, Inc.*
*The 12th Street Dump Superfund Site, Wilmington, Delaware*
*Civil Action No. 06-409-GMS*
*Page 4*

m. "Section" shall mean a portion of this Consent Decree identified by a Roman numeral.

n. "Settling Defendant" shall mean M.A. Hanna Plastics Group, Inc., a Michigan Corporation, formerly named Dayco Corporation, Day International Corporation, and Cadillac Plastic Group, Inc., and its alleged predecessor in interest, Electric Hose & Rubber Company.

o. "Site" shall mean the 12th Street Dump Site located along the eastern bank of the Brandywine Creek in Wilmington, Delaware, near the 12th Street ramp to Interstate 495, and which consists of Parcel Numbers 14, 17, and 19 depicted on the map included as Appendix A to this Consent Decree, and which includes properties owned on the south side of 12th Street by the Wilmington Economic Development Corporation and the Delaware Department of Transportation, and approximately 0.2 acres of land owned by Sidney and Carol Maffett, and adjacent land owned by the Norfolk Southern Railway Company to the north and east of such parcels.

p. "United States" shall mean the United States of America, including its departments, agencies and instrumentalities.

## V.    PAYMENT OF RESPONSE COSTS

4. <u>Payment of Past Response Costs to EPA</u>.  Within 30 days of entry of this Consent Decree, Settling Defendant shall pay to EPA $3,597,877.20.

5. Payment shall be made by FedWire Electronic Funds Transfer ("EFT") to the U.S. Department of Justice account in accordance with EFT instructions provided to Settling Defendant by the Financial Litigation Unit of the U.S. Attorney's Office in the District of Delaware following lodging of the Consent Decree.

6. At the time of payment, Settling Defendant shall send notice that payment has been made to EPA and DOJ in accordance with Section XII (Notices and Submissions) and to:

Docket Clerk (3RC00)
U.S. EPA Region III
1650 Arch Street
Philadelphia, PA 19103-2029

and

4

*Consent Decree between the United States and M.A. Hanna Plastics Group, Inc.*
*The 12th Street Dump Superfund Site, Wilmington, Delaware*
*Civil Action No. 06-409-GMS*
*Page 5*

Barbara Borden (3PM30)
U.S. EPA Region III
1650 Arch Street
Philadelphia, PA 19103-2029.

Such notice shall reference EPA Region III Site/Spill Identification Number D330, DOJ case number 90-11-3-08301, and Civil Action Number 06-00409-GMS.

7. The total amount to be paid pursuant to Paragraph 4 shall be deposited in the EPA Hazardous Substance Superfund.

## VI.    FAILURE TO COMPLY WITH CONSENT DECREE

8. <u>Interest on Late Payments</u>. If Settling Defendant fails to make the payment required under Paragraph 4 (Payment of Response Costs) by the required due date, Interest shall accrue on the unpaid balance through the date of payment.

9. <u>Stipulated Penalty</u>.

a. If the amount due under Paragraph 4 is not paid by the required date, Settling Defendant shall be in violation of this Consent Decree and shall pay to EPA, as a stipulated penalty, in addition to the Interest required by Paragraph 8, $5000 per violation per day that such payment is late.

b. Any stipulated penalty is due and payable within 30 days of the date of the demand for payment of the penalty by EPA. All payments to EPA under this Paragraph shall be identified as "stipulated penalties" and shall be made by certified or cashier's check made payable to "EPA Hazardous Substance Superfund." The check, or a letter accompanying the check, shall reference the name and address of the party making payment, 12th Street Dump Superfund Site, EPA Region III Site Spill ID Number D330, DOJ Case Number 90-11-3-08301, and Civil Action Number 06-00409-GMS. The check (and any accompanying letter) shall be sent to

Environmental Protection Agency
Superfund Payments
Cincinnati Finance Center
P.O. Box 979076
St. Louis, MO 63197-9000

5

*Consent Decree between the United States and M.A. Hanna Plastics Group, Inc.*
*The 12th Street Dump Superfund Site, Wilmington, Delaware*
*Civil Action No. 06-409-GMS*
*Page 6*

      c. At the time of each payment, Settling Defendant shall send notice that payment has been made to EPA and DOJ in accordance with Section XII (Notices and Submissions) and to

> Docket Clerk (3RC00)
> U.S. EPA Region III
> 1650 Arch Street
> Philadelphia, PA 19103-2029

> and

> Barbara Borden (3PM30)
> U.S. EPA Region III
> 1650 Arch Street
> Philadelphia, PA 19103-2029.

Such notice shall reference EPA Region III Site/Spill Identification Number D330, DOJ case number 90-11-3-08301, and Civil Action Number 06-00409-GMS.

      d. Penalties shall accrue as provided in this Paragraph regardless of whether EPA has notified Settling Defendant of the violation or made a demand for payment, but need only be paid upon demand. All penalties shall begin to accrue on the day after payment is due and shall continue to accrue through the date of payment. Nothing herein shall prevent the simultaneous accrual of separate penalties for separate violations of this Consent Decree.

      10. If the United States brings an action to enforce this Consent Decree, Settling Defendant shall reimburse the United States for all costs of such action, including but not limited to costs of attorney time.

      11. Payments made under this Section shall be in addition to any other remedies or sanctions available to Plaintiff by virtue of Settling Defendant's failure to comply with the requirements of this Consent Decree.

      12. Notwithstanding any other provision of this Section, the United States may, in its unreviewable discretion, waive payment of any portion of the stipulated penalties that have accrued pursuant to this Consent Decree.

      13. Payment of stipulated penalties shall not excuse Settling Defendants from payment as required by Section V or from performance of any other requirements of this Consent Decree.

*Consent Decree between the United States and M.A. Hanna Plastics Group, Inc.*
*The 12th Street Dump Superfund Site, Wilmington, Delaware*
*Civil Action No. 06-409-GMS*
*Page 7*

## VII.    COVENANT NOT TO SUE BY PLAINTIFF

14. <u>Covenant Not to Sue by the United States</u>.  Except as specifically provided in Section VIII (Reservation of Rights by United States), the United States covenants not to sue or to take administrative action against Settling Defendant pursuant to Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), to recover Past Response Costs.  This covenant not to sue shall take effect upon receipt by EPA of the payment required by Section V, Paragraph 4 (Payment of Response Costs) and any amount due under Section VI (Failure to Comply with Consent Decree).  This covenant not to sue is conditioned upon the satisfactory performance by Settling Defendant of its obligations under this Consent Decree.  This covenant not to sue extends only to Settling Defendant and does not extend to any other person.

## VIII.   RESERVATIONS OF RIGHTS BY UNITED STATES

15. The United States reserves, and this Consent Decree is without prejudice to, all rights against Settling Defendant with respect to all matters not expressly included within the Covenant Not to Sue by Plaintiff in Paragraph 14.  Notwithstanding any other provision of this Consent Decree, the United States reserves all rights against Setting Defendant with respect to:

a.  liability for failure of Settling Defendant to meet a requirement of this Consent Decree;

b.  liability for costs incurred or to be incurred by the United States that are not within the definition of Past Response Costs;

c.  liability for injunctive relief or administrative order enforcement under Section 106 of CERCLA, 42 U.S.C. § 9606;

d.  criminal liability; and

e.  liability for damages for injury to, destruction of, or loss of natural resources, and for the costs of any natural resource damage assessments.

## IX.    COVENANT NOT TO SUE BY SETTLING DEFENDANT

16. Settling Defendant covenants not to sue and agrees not to assert any claims or causes of action against the United States, or its contractors or employees, with respect to the Site or this

7

*Consent Decree between the United States and M.A. Hanna Plastics Group, Inc.*
*The 12th Street Dump Superfund Site, Wilmington, Delaware*
*Civil Action No. 06-409-GMS*
*Page 8*

Consent Decree, including but not limited to:

      a. any direct or indirect claim for reimbursement from the Hazardous Substance Superfund based on Sections 106(b)(2), 107, 111, 112, or 113 of CERCLA, 42 U.S.C. §§ 9606(b)(2), 9607, 9611, 9612, or 9613, or any other provision of law;

      b. any claim arising out of the response actions at the Site, including any claim under the United States Constitution, the Constitution of the State of Delaware, the Tucker Act, 28 U.S.C. § 1491, the Equal Access to Justice Act, 28 U.S.C. § 2412, as amended, or at common law; or

      c. any claim against the United States pursuant to Sections 107 and 113 of CERCLA, 42 U.S.C. §§ 9607 and 9613, relating to the Site.

    17. Nothing in this Consent Decree shall be deemed to constitute approval or preauthorization of a claim within the meaning of Section 111 of CERCLA, 42 U.S.C. § 9611, or 40 C.F.R. 300.700(d).

    18. Settling Defendant agrees not to assert any claims and to waive all claims or causes of action that it may have for all matters relating to the Site, including for contribution, against any person where the person's liability to Settling Defendant with respect to the Site is based solely on having arranged for disposal or treatment, or for transport for disposal or treatment, of hazardous substances at the Site, or having accepted for transport for disposal or treatment of hazardous substances at the Site, if all or part of the disposal, treatment, or transport occurred before April 1, 2001, and the total amount of material containing hazardous substances contributed by such person to the Site was less than 110 gallons of liquid materials or 200 pounds of solid materials.

    19. The waiver in Paragraph 18 shall not apply with respect to any defense, claim, or cause of action that a Settling Defendant may have against any person meeting the above criteria if such person asserts a claim or cause of action relating to the Site against Settling Defendant. This waiver also shall not apply to any claim or cause of action against any person meeting the above criteria if EPA determines:

      a. that such person has failed to comply with any EPA requests for information or administrative subpoenas issued pursuant to Section 104(e) or 122(e) of CERCLA, 42 U.S.C. §§ 9604(e) or 9622(e), or Section 3007 of the Solid Waste Disposal Act (also known as the Resource Conservation and Recovery Act or "RCRA"), 42 U.S.C. § 6927, or has impeded or is impeding, through action or inaction, the performance of a response action or natural resource restoration with respect to the Site, or has been convicted of a criminal violation for the conduct to which this

*Consent Decree between the United States and M.A. Hanna Plastics Group, Inc.*
*The 12th Street Dump Superfund Site, Wilmington, Delaware*
*Civil Action No. 06-409-GMS*
*Page 9*

waiver would apply and that conviction has not been vitiated on appeal or otherwise; or

       b. that the materials containing hazardous substances contributed to the Site by such person have contributed significantly, or could contribute significantly, either individually or in the aggregate, to the cost of response action or natural resource restoration at the Site.

     20. Settling Defendant agrees not to challenge or otherwise object to any consent decree entered into pursuant to Section 122 of CERCLA, 42 U.S.C. § 9622, between the United States and the Wilmington Economic Development Corporation with respect to the Site that has been or will be lodged in this Court.

## X.    EFFECT OF SETTLEMENT/CONTRIBUTION PROTECTION

     21. Except as provided in Paragraphs 18, 19 and 20,

       a. nothing in this Consent Decree shall be construed to create any rights in, or grant any cause of action to, any person not a Party to this Consent Decree, and

       b. the Parties expressly reserve any and all rights (including, but not limited to, any right to contribution), defenses, claims, demands, and causes of action that they may have with respect to any matter, transaction, or occurrence relating in any way to the Site against any person not a Party hereto.

     22. The Parties agree, and by entering this Consent Decree this Court finds, that Settling Defendant is entitled, as of the date of entry of this Consent Decree, to protection from contribution actions or claims as provided by Section 113(f)(2) of CERCLA, 42 U.S.C. § 9613(f)(2), for "matters addressed" in this Consent Decree. The "matters addressed" in this Consent Decree are Past Response Costs.

     23. Settling Defendant agrees that, with respect to any suit or claim for contribution brought by it for matters related to this Consent Decree, it will notify EPA and DOJ in writing no later than 60 days prior to the initiation of such suit or claim. Settling Defendant also agrees that, with respect to any suit or claim for contribution brought against it for matters related to this Consent Decree, it will notify EPA and DOJ in writing within 10 days of service of the complaint or claim upon it. In addition, Settling Defendant shall notify EPA and DOJ within 10 days of service or receipt of any Motion for Summary Judgment, and within 10 days of receipt of any order from a court setting a case for trial, for matters related to this Consent Decree.

*Consent Decree between the United States and M.A. Hanna Plastics Group, Inc.*
*The 12th Street Dump Superfund Site, Wilmington, Delaware*
*Civil Action No. 06-409-GMS*
*Page 10*

24. In any subsequent administrative or judicial proceeding initiated by the United States for injunctive relief, recovery of response costs, or other relief relating to the Site, Settling Defendant shall not assert, and may not maintain, any defense or claim based upon the principles of waiver, *res judicata*, collateral estoppel, issue preclusion, claim-splitting, or other defenses based upon any contention that the claims raised by the United States in the subsequent proceeding were or should have been brought in the instant case; provided, however, that nothing in this Paragraph affects the enforceability of the Covenant Not to Sue by Plaintiff set forth in Section VII.

## XI.    RETENTION OF RECORDS

25. Until 10 years after entry of this Consent Decree, Settling Defendant shall preserve and retain all records, reports, or information (hereinafter referred to as "records") now in its possession or control, or which come into its possession or control, that relate in any manner to response actions taken at the Site or the liability of any person under CERCLA with respect to the Site, regardless of any corporate retention policy to the contrary.

26. After the conclusion of the 10-year document retention period in the preceding paragraph, Settling Defendant shall notify EPA and DOJ at least 90 days prior to the destruction of any such records, and, upon request by EPA or DOJ, Settling Defendant shall deliver any such records to EPA. Settling Defendant may assert that certain records are privileged under the attorney-client privilege or any other privilege recognized by federal law. If Settling Defendant asserts such a privilege, it shall provide Plaintiff with the following: 1) the title of the record; 2) the date of the record; 3) the name, title, affiliation (*e.g.*, company or firm), and address of the author of the record; 4) the name and title of each addressee and recipient; 5) a description of the subject of the record; and 6) the privilege asserted. If a claim of privilege applies only to a portion of a record, the record shall be provided to Plaintiff in redacted form to mask the privileged information only. Settling Defendant shall retain all records that it claims to be privileged until the United States has had a reasonable opportunity to dispute the privilege claim and any such dispute has been resolved in the Settling Defendant's favor. However, no records created or generated pursuant to the requirements of this or any other settlement with the EPA pertaining to the Site shall be withheld on the grounds that they are privileged.

27. Settling Defendant hereby certifies that to the best of its knowledge and belief, after thorough inquiry, it has not altered, mutilated, discarded, destroyed or otherwise disposed of any records, reports, or information relating to its potential liability regarding the Site since notification of potential liability by the United States or the State or the filing of suit against it regarding the Site and that it has fully complied with any and all EPA requests for information

*Consent Decree between the United States and M.A. Hanna Plastics Group, Inc.*
*The 12th Street Dump Superfund Site, Wilmington, Delaware*
*Civil Action No. 06-409-GMS*
*Page 11*

pursuant to Sections 104(e) and 122(e) of CERCLA, 42 U.S.C. §§ 9604(e) and 9622(e), and Section 3007 of RCRA, 42 U.S.C. § 6972.


## XII.    NOTICES AND SUBMISSIONS

28.  Whenever, under the terms of this Consent Decree, notice is required to be given or a document is required to be sent by one party to another, it shall be directed to the individuals at the addresses specified below, unless those individuals or their successors give notice of a change to the other party in writing.  Unless otherwise specified in this Consent Decree, written notice as specified herein shall constitute complete satisfaction of any written notice requirement of the Consent Decree with respect to the United States, EPA, DOJ, and Settling Defendant, respectively.

> As to the United States:

> > Chief, Environmental Enforcement Section
> > Environment and Natural Resources Division
> > U.S. Department of Justice (DJ # 90-11-3-08301)
> > P.O. Box 7611
> > Washington, D.C.  20044-7611

> > Andrew S. Goldman (3RC41)
> > Sr. Assistant Regional Counsel
> > US EPA Region III
> > 1650 Arch Street
> > Philadelphia, PA 19103-2029

> As to Settling Defendant:

> > Corporate Secretary
> > PolyOne Corporation
> > 33587 Walker Road
> > Avon Lake, Ohio 44012


## XIII.    RETENTION OF JURISDICTION

29.  This Court shall retain jurisdiction over this matter for the purpose of interpreting and

*Consent Decree between the United States and M.A. Hanna Plastics Group, Inc.*
*The 12th Street Dump Superfund Site, Wilmington, Delaware*
*Civil Action No. 06-409-GMS*
*Page 12*

enforcing the terms of this Consent Decree.

## XIV.   INTEGRATION / APPENDIX

30.   This Consent Decree and its appendix constitute the final, complete and exclusive agreement and understanding between the Parties with respect to the settlement embodied in this Consent Decree. The Parties acknowledge that there are no representations, agreements or understandings relating to the settlement other than those expressly contained in this Consent Decree. Appendix A, a map of the Site, is attached to and incorporated into this Consent Decree.

## XV.   LODGING AND OPPORTUNITY FOR PUBLIC COMMENT

31.   This Consent Decree shall be lodged with the Court for a period of not less than 30 days for public notice and comment. The United States reserves the right to withdraw or withhold its consent for the Consent Decree if it receives comments that disclose facts or considerations indicating that this Consent Decree is inappropriate, improper, or inadequate. Settling Defendant consents to the entry of this Consent Decree without further notice.

32.   If for any reason this Court should decline to approve this Consent Decree in the form presented, this agreement is voidable at the sole discretion of any party and the terms of the agreement may not be used as evidence in any litigation between the Parties.

## XVI.   SIGNATORIES / SERVICE

33.   The undersigned representative of Settling Defendant and the Deputy Chief, Environmental Enforcement Section, of the United States Department of Justice each certify that he or she is authorized to enter into the terms and conditions of this Consent Decree and to execute and bind legally such Party to this document.

34.   Settling Defendant hereby agrees not to oppose entry of this Consent Decree by this Court or to challenge any provision of this Consent Decree, unless the United States has notified Settling Defendant in writing that it no longer supports entry of the Consent Decree.

35.   Settling Defendant shall identify, on the attached signature page, the name and address of an agent who is authorized to accept service of process by mail with respect to all matters arising under or relating to this Consent Decree. Settling Defendant hereby agrees to accept

*Consent Decree between the United States and M.A. Hanna Plastics Group, Inc.*
*The 12th Street Dump Superfund Site, Wilmington, Delaware*
*Civil Action No. 06-409-GMS*
*Page 13*

service in that manner and to waive the formal service requirements set forth in Rule 4 of the Federal Rules of Civil Procedure and any applicable local rules of this Court, including but not limited to, service of a summons.


## XVII.  FINAL JUDGMENT

36.  Upon approval and entry of this Consent Decree by the Court, this Consent Decree shall constitute the final judgment between the United States and the Settling Defendant.  The Court finds that there is no just reason for delay and therefore enters this judgment as a final judgment under Fed. R. Civ. P. 54 and 58.


SO ORDERED THIS ___ DAY OF _____, 20__ .


_____
The Honorable Gregory M. Sleet

*Consent Decree between the United States and M.A. Hanna Plastics Group, Inc.*
*The 12th Street Dump Superfund Site, Wilmington, Delaware*
*Civil Action No. 06-409-GMS*
*Page 14*

THE UNDERSIGNED PARTIES enter into this Consent Decree in the matter of *United States v. M.A. Hanna Plastics, Inc. et al.*, Civil Action No. 06-409-GMS (D. Del.) relating to the 12th Street Dump Superfund Site.

FOR THE UNITED STATES OF AMERICA

RONALD J. TENPAS
Assistant Attorney General
Environment and Natural Resources Division
U.S. Department of Justice

Date: 8/1/08

W. BENJAMIN FISHEROW
Deputy Section Chief
Environmental Enforcement Section

Date: 8/5/08

CATHERINE MALININ DUNN
Trial Attorney
Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice
P.O. Box 7611
Washington, DC 20044-7611
202-514-1461
catherine.dunn@usdoj.gov

14

*Consent Decree between the United States and M.A. Hanna Plastics Group, Inc.*
*The 12th Street Dump Superfund Site, Wilmington, Delaware*
*Civil Action No. 06-409-GMS*
*Page 15*

COLM F. CONNOLLY
United States Attorney

Date: _8/7/08_

_P. Hannigan_

PATRICIA C. HANNIGAN
Assistant United States Attorney
The Nemours Building
1007 Orange Street, Suite 700
P.O. Box 2046
Wilmington, DE 19899-2046
302-573-6277
patricia.hannigan@usdoj.gov

15

*Consent Decree between the United States and M.A. Hanna Plastics Group, Inc.*
*The 12th Street Dump Superfund Site, Wilmington, Delaware*
*Civil Action No. 06-409-GMS*
*Page 16*

Date: APR 2 2 2008

Donald S. Welsh

DONALD S. WELSH
Regional Administrator, Region III
U.S. Environmental Protection Agency
1650 Arch Street
Philadelphia, PA 19103-2029


Date: 4/14/08

WILLIAM C. EARLY
Regional Counsel, Region III
U.S. Environmental Protection Agency
1650 Arch Street
Philadelphia, PA 19103-2029


Date: 4/14/08

ANDREW S. GOLDMAN
Senior Assistant Regional Counsel
Region III
U.S. Environmental Protection Agency
1650 Arch Street
Philadelphia, PA 19103-2029

*Consent Decree between the United States and M.A. Hanna Plastics Group, Inc.*
*The 12th Street Dump Superfund Site, Wilmington, Delaware*
*Civil Action No. 06-409-GMS*
*Page 17*

For M.A. Hanna Plastics Group, Inc.

Date: 4/9/2008

Name: _____ Tracy A. Burleigh, Esq.

Title: _____ Local Counsel

Agent Authorized to Accept Service on Behalf of Above-signed Party:

Name: _____ Lila Wynne

Title: _____ Counsel for M.A. Hanna Plastics Group, Inc.

Address: _____ Marshall, Dennehey, Warner, Coleman & Goggin

_____ 200 Lake Drive East, Suite 300

_____ Cherry Hill, New Jersey  08002

17

*Consent Decree between the United States and M.A. Hanna Plastics Group, Inc.*
*The 12ᵗʰ Street Dump Superfund Site, Wilmington, Delaware*
*Civil Action No. 06-409-GMS*
*Page 18*

APPENDIX A – Site Map



